E-filing                                                                                                    ORIGINAL

JS 44 (Rev. 12/07) (cand rev 1-16-08)                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Mark Antoine Foster

**DEFENDANTS**

Morgan Lewis & Bockius LLP and Eric Meckley

**(b)** County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark Antoine Foster, In Pro Per
200 Corpus Christie Road, Apt. A
Alameda, CA  94502
415-756-1611

Attorneys (If Known)

Melinda S. Riechert, SBN 65504
Morgan Lewis & Bockius LLP
2 Palo Alto Square, 3000 El Camino Real, St. 700
Palo Alto, CA  94306 Tel: 650-843-4000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

Transferred from
☐ 5  another district
(specify)

☐ 6  Multidistrict
Litigation

Appeal to District
☐ 7  Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Sections 1341, 1343, 1345, and 1349
Brief description of cause:
Plaintiff alleges claims of mail fraud, conspiracy to commit mail fraud, and wire fraud against Defendants.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".  See attached "Notice of Related Cases"

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE  2/28/08

SIGNATURE OF ATTORNEY OF RECORD
Melinda Riechert

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.4001

5  Attorney for Defendants
   MORGAN LEWIS & BOCKIUS LLP and ERIC
6  MECKLEY

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  MARK ANTOINE FOSTER,                    Case No.

13                Plaintiff,

14         vs.                              **NOTICE OF REMOVAL OF ACTION
                                            28 U.S.C. SECTION 1441(b) – FEDERAL**
15  MORGAN LEWIS & BOCKIUS, LLP, and        **QUESTION**
    ERIC MECKLEY, an individual, and DOES
16  1 through 81,

17                Defendants.

18
           **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**
19
    **NORTHERN DISTRICT OF CALIFORNIA:**
20
           **PLEASE TAKE NOTICE THAT** Defendants MORGAN LEWIS & BOCKIUS LLP
21
    and ERIC MECKLEY (collectively, "Defendants") submit this Notice of Removal and, pursuant
22
    to 28 U.S.C. Section 1441, hereby remove to this Court the state action described below:
23
           1.     On or about February 7, 2008, Plaintiff Mark Antoine Foster commenced this
24
    action in the Superior Court of the State of California in and for the County of San Francisco,
25
    entitled *Mark Antoine Foster v. Morgan Lewis & Bockius, LLP and Eric Meckley, and Does 1-81*,
26
    Case No. CGC-08-471937, alleging causes of action for: (1) fraud and intentional deceit; (2)
27
    intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5)
28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

                              NOTICE OF REMOVAL

1    mail fraud (18 U.S.C. § 1341); (6) conspiracy to mail fraud (18 U.S.C. §§ 1345, 1349); (7) wire

2    fraud (18 U.S.C. § 1343); (8) breach of fiduciary duty; (9) intentional infliction of emotional

3    distress; and (10) negligent infliction of emotional distress. A true and correct copy of the

4    Complaint and Summons, with the accompanying attachments, is attached hereto as **Exhibit 1.**

5    2.    On February 7, 2008, Plaintiff caused the Complaint and Summons to be served

6    on Defendants.

7    3.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. Section 1446(b), in

8    that it is filed within thirty (30) days of receipt of Plaintiff's Complaint. No previous Notice of

9    Removal has been filed or made with this Court for the relief sought.

10    4.    This action is a civil action over which this Court has original jurisdiction pursuant

11    to 28 U.S.C. Section 1331. This entire action is one which may be removed to this Court by

12    Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b), in that it is a civil action

13    arising under the laws of the United States; specifically, Plaintiff has alleged claims for violations

14    of 18 U.S.C. Sections 1341, 1343, 1345, and 1349.

15    5.    Plaintiff's remaining state law causes of action are claims over which this Court

16    may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because

17    they form part of the same case or controversy as the claims over which this Court would have

18    original jurisdiction.

19    6.    The pleadings attached to this Notice as Exhibit 1 constitute all the process,

20    pleadings, and orders filed in this action in San Francisco County Superior Court of which

21    Defendants have served or been served to date.

22    7.    Venue is proper in this district pursuant to 28 U.S.C. Section 1441(a), because this

23    district embraces the county in which the removed action has been pending.

24    8.    Defendants will promptly serve Plaintiff with this Notice of Removal and will

25    promptly file a copy of this Notice of Removal with the clerk of the state court in which the

26    action is pending, as required under 28 U.S.C. Section 1446(d).

27    9.    This removal is being filed on behalf of all Defendants who have been named and

28    served in the state court action.

1    WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

2  in 28 U.S.C. Section 1446, Defendants pray that the above-captioned action pending in the

3  Superior Court of the State of California in and for the County of San Francisco be removed

4  therefrom to this Court.

5  Dated: February 27, 2008                      MORGAN, LEWIS & BOCKIUS LLP

6

7                                               By  Melinda Riechert

8                                               Melinda S. Riechert
                                                MORGAN LEWIS & BOCKIUS LLP and
9                                               ERIC MECKLEY

10  1-SF/7669874.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3                        NOTICE OF REMOVAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** MorGan Lewis & Bokius LLP
and Eric Meckly as
an Individual and Does
1 through 81

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Mark Antoine Foster

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: (El nombre y dirección de la corte es): | SUPERIOR COURT<br>400 MCALLISTER STREET RM 103<br>SAN FRANCISCO CA 94102 | CASE NUMBER (Número del Caso): **CGC-08-471937** |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Mark Antoine Foster
200 Corpus Cristi rd #A
Alameda CA 94502

D. STEPPE

**DATE:**
**(Fecha)** FEB 0 7 2008    Gordon Park-Li    Clerk, by (Secretario) _____, Deputy (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| | | American LegalNet, Inc.<br>www.USCourtForms.com |

**EXHIBIT 1**

1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, CA 94502
   (415) 756-1611
3

4

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 0 7 2008

GORDON PARK-LI, Clerk
BY:_____DEBORAH STEPPE_____
                              Deputy Clerk

5                                        CASE MANAGEMENT CONFERENCE SET

6                                              JUL 1 1 2008 -9ᵃᵐAM

7
                                                DEPARTMENT 212
8                        SUPERIOR COURT OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF SAN FRANCISCO

10                        CIVIL UNLIMITED JURISDICTION

11                                        CGC-08-471937

12  MARK ANTOINE FOSTER,                  **COMPLAINT FOR DAMAGES FOR**
                                          **CIVIL RIGHTS (related to Employment**
13         Plaintiff,                     discrimination)
                                              1. **Fraud and Intentional Deceit**
14  vs.                                       2. **Intentional Misrepresentation of**
                                                 **Fact**
                                              3. **Negligent Misrepresentation**
15  MORGAN LEWIS & BOCKIUS, LLP              4. **Suppression of Fact**
    AND ERIC MECKLEY, as an                   5. **Mail Fraud (18 U.S.C Sec. §1341)**
16  Individual, and DOES 1 through           6. **Conspiracy to Mail Fraud (18**
    81                                           **U.S.C. Sec. §1345, §1349)**
17         Defendants                         7. **Wire Fraud (18 U.S.C. Sec. §1343)**
                                              8. **Breach of Fiduciary Duty**
18  _____/         9. **Intentional Infliction of Emotional**
                                                 **Distress**
19                                            10. **Negligent Infliction of Emotional**
                                                 **Distress**

20                           INTRODUCTION

21      This case is brought against defendants pursuant to

22  California Codes of Civil Procedure §1709, §1710 and §1572 for

23  committing acts that constitute fraud and intentional deceit,

24  mail fraud and wire fraud and conspiracy to defraud. Defendant

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    1

1  Law Firm Morgan Lewis & Backius and its employee attorney Eric
2  Meckley conspired with their clients Aramark Sports, L.L.C. and
3  Aramark Corporation to defraud plaintiff of his disability
4  discrimination claim against defendant Aramark Corporation. The
5  acts were committed to shield their client from a "would be"
6  claim of disability discrimination claim and deprive plaintiff
7  of any monetary damages that would be awarded to plaintiff as a
8  result. Defendant's acts were related to plaintiff's previous
9  employment with ·ARAMARK,   as defendants committed these
10 acts after plaintiff's employment with the defendants ended.

11 Although the acts were committed after plaintiff's
12 employment ended, the acts were connected to claims plaintiff
13 alleged in a previous complaint plaintiff filed against
14 ARAMARK in San Francisco Superior Court on March 9, 2007.
15 These acts show a continuing pattern of further deprivation of
16 plaintiff's civil rights by defendants.

17 The connected case number 07461178, which alleges acts that
    were committed by defendants while plaintiff was employed with
18 the ARAMARK  has been presently removed to federal court by
19 ARAMARK, on January 30, 2008 which plaintiff believes is an
20 attempt to delay trial and prosecution of the case in state
21 court. Plaintiff will file a motion for remand in federal court
22 to have the case moved back to state court within 30 days of its
23 removal.

24 ARAMARK stated to the court in their case management
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          2

1 conference statement that they would file a motion for summary
2 judgment or as an alternative a motion for summary adjudication
3 but instead, upon discovering that plaintiff has acquired enough
4 evidence to support his claims through his own discovery plan,
5 defendants removed the case to federal court in an attempt to
6 divert plaintiff and gather their thoughts as to how they want
7 and should settle the case.

8   Plaintiff will file also file a second amended complaint
9 adding claims alleging Wrongful Termination, additional
10 retaliation that resulted in Fraud and Intentional Deceit,
11 Suppression of Fact, and to change quid pro quo sexual
12 harassment to hostile work environment sexual harassment.

13   Plaintiff will also file a supplemental complaint alleging
14 continued retaliation after plaintiff filed his complaint on
15 March 9, 2007.

### PARTIES

16   1.   Plaintiff Mark Antoine Foster was an employee of
17 defendant Morgan and Lewis's client Aramark Sports and
18 Entertainment, a subsidiary of Aramark Corporation. He worked
19 for the Carnelian Room located at 555 California Street, San
20 Francisco, California.

21   2.   Defendants does 1 through 81, inclusive, are sued
22 under fictitious names. Their true names and capacities are
23 unknown to plaintiff. When their true names and capacities are
24 ascertained, plaintiff will amend this complaint by inserting
25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              3

1 their true names and capacities herein. Plaintiff is informed

2 and believes and thereon alleges that each of the fictitiously

3 named defendants is responsible in some manner for the

4 occurrences herein alleged, and such defendants caused plaintiff

5 damages as herein alleged.

6     3.   Plaintiff is informed and believes, and thereon

7 alleges, that at all times herein mentioned each and every

8 defendant was the agent, servant, employee and/or representative

9 of each other defendant and was, in doing the things complained

10 of herein, acting within the scope of said agency, service,

11 employment and or representation, and that each and every

12 defendant herein is jointly and severally responsible and liable

13 to plaintiff for the damages hereinafter alleged.

### JURISDICTION AND VENUE

14
15     4.      Jurisdiction is proper in this court as the acts
                 complained of occurred in San Francisco,
16               California.

17     5.      The amount in controversy exceeds limited
18               jurisdiction.

19     6.   Plaintiff timely files this complaint, as he
20               discovered the fraudulent acts of the defendants in
21               December 2007.

22     7.   Plaintiff will amend this complaint to allege those
23               causes of action once defendants respond to the claim.

24 **FIRST CAUSE OF ACTION**
   **FRAUD AND INTENTIONAL DECEIT**

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS    4

**(California Civil Codes 1709, 1710 and 1572)**
**FIRST COUNT**
**INTENTIONAL MISREPRESENTATION OF FACT**

8.    Plaintiff realleges and incorporates herein by reference every allegation stated herein.

9.    Plaintiff is informed, believes and therefore alleges that the defendants' acts constituted fraud and intentional deceit due to the defendants attempting to help their client cover-up a possible or "would-be" disability discrimination claim from plaintiff, in the event plaintiff discovered that defendants discriminated against due to his disability.

10.    On or around March 28, 2006, plaintiff requested a medical leave from Aramark due to work related stress allegedly caused by two of the Aramark's supervisor/managers. On or around March 28, 2006, plaintiff signed an voluntary resignation agreement stating he would return no later than June 15, 2006 and that if he did not return by June 15, 2006, his absence would be considered a voluntary quit and he will be terminated on that day.

11.    On or around June 15, 2006, plaintiff did not return to work due to (1) still being disabled and (2) due to fear of further retaliation from ARAMARK, and (3) due to fear of being terminated once he did return to work for the Aramark.

12.    Plaintiff is informed, believes and therefore alleges that he was forced to resign on June 15, 2006 pursuant to the voluntary resignation agreement he signed on March 28, 2006,

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    5

1  absent Aramark offering plaintiff a further reasonable
2  accommodation to his disability before allowing him to "
3  voluntarily quit", as voluntary quit in this case is voluntary
4  termination, which results in its simple form – termination of
5  employment.

6     13.     On or around March 9, 2007, plaintiff filed a
7  complaint against defendants Aramark Sports,LLC, and Ying Kee
8  McVicker and Mathew Lee as individuals, alleging Retaliation,
9  Harassment, Constructive Discharge, Failure to Prevent
10 Harassment, and Intentional Infliction of Emotional Distress.
11 Plaintiff did not in this complaint allege Disability
12 Discrimination due to not knowing his was or had been subject to
13 disability Discrimination at that point in time. Plaintiff
14 discovered in January 2008 that he had been subject to
15 disability discrimination on June 15, 2006.

16    14.     Plaintiff alleges that sometime in Feb.2007, he
17 requested his employee records from Aramark, specifically
18 Aramark's HR Manager, James Chan. Mr. Chan released plaintiff's
19 employee records which contained a copy of the voluntary
20 resignation agreement dated March 28, 2006 plaintiff signed
21 agreeing to return on June 15 2006. On the Face of the Voluntary
22 Resignation Agreement was a notation made by James Chan stating
23 that he communicated with the Executive Chef regarding Plaintiff
24 not returning to work on June 15, 2006. Plaintiff alleges that

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

6

1  this is evidence that he was terminated pursuant to the
2  voluntary resignation agreement, in addition to the fact that
3  the mere existence of the voluntary resignation agreement shows
4  plaintiff was more than likely terminated pursuant to it.

5      15.   On or around August 28, 2007, plaintiff served Aramark
6  a request for documents demanding all documents relevant to his
7  termination; instead of Aramark producing the same documents he
8  received from James Chan before he filed his lawsuit AℓℙℳAℛₖ :
9  presented another version of the voluntary resignation without
10  the notation of James Chan on the face of the agreement. This
11  shows defendants withheld evidence.

12     16.   On or around December 20, 2007, plaintiff realized
13  through research that he had been subject to Disability
14  Discrimination and in December 2007, filed a motion to amend his
15  complaint to add Disability Discrimination under the ADA, UNRUH
16  and FEHA. Defendants stipulated with plaintiff to allow the
17  amendment.

18     17.   On or Around Jan 15, 2008, Plaintiff discovered
19  through his Discovery served on Aramark that he was defrauded by
20  defendants, as defendants conspired with their clients to help
21  cover up or attempt to cover-up the fact that they had
22  discriminated against plaintiff due to his mental disability.

23     18.   On or around May 2, 2007, defendants with their client
24  Aramark and their clients' Worker's compensation Attorneys Gray

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS

7

1  and Prouty, requested from plaintiff that he agree and sign a

2  document stating that he voluntarily resigned on May 1, 2007.

3  The purpose for defendants' request was to allow the proposed

4  agreement to void out the agreement signed on March 28, 2006, as

5  this agreement is the initial and actual reason why plaintiff

6  was terminated: which was when plaintiff was forced to resign

7  due to his disability violating ADA, the Unruh and FEHA.

8      19.    Defendants and their client Aramark submitted the

9  agreement to plaintiff for his signature. Plaintiff then refused

10  to agree that he resigned on May 1, 2007, knowing that he

11  resigned on June 15, 2006, pursuant to the agreement signed on

12  March 28, 2006.

13     20.    Defendants insisted that plaintiff sign the agreement

14  prior to releasing his already agreed upon Worker's Compensation

15  settlement of $5,500. Plaintiff altered the date and signed the

16  agreement as voluntarily resigning on June 15, 2006, not May 1,

17  2007 as Defendants requested he do. Although plaintiff did not

18  sign the agreement as voluntarily resigning on May 1, 2007, he

19  did sign agreeing that he *voluntarily resigned* on June 15, 2006.

20  Even though defendants were not successful in getting plaintiff

21  to agree that he resigned on May 1, 2007, they planned to use

22  the agreement anyway to void out the original agreement signed

23  on March 28, 2006. Defendant planned to use the new agreement to

24  say that plaintiff resigned on June 15, 2006 to give the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                      8

1  impression that he voluntarily resigned on his own on June 15,
2  2006 and not pursuant to the agreement he signed on March 28,
3  2006, to shield themselves from disability discrimination.
4  Although the mere existence of any voluntary agreement plaintiff
5  signed in May 2007, or anytime therafter is a fraud.

6    21.   Plaintiff is informed believes and therefore alleges
7  that the defendants made a false representation offering the
8  voluntary resignation agreement. The true facts being; Aramark
9  forced plaintiff to resign pursuant to the voluntary resignation
10 agreement he signed on March 28, 2006,and defendants and Aramark
11 were attempting to suppress this material fact. Defendants
12 requesting plaintiff to sign the agreement presented on May 2,
13 2007.This act was FRAUD in its purest Form. Defendants abused
14 their position of attorneys and held back the agreed upon
15 settlement to coerce plaintiff to sign the agreement, causing
16 plaintiff to defraud his own self. Plaintiff signed the
17 agreement and returned it, as this proves that the FRAUD reached
18 its full Fruition or Justifiable reliance, damaging plaintiff
19 even further.

20   22.   Plaintiff alleges that it was a misrepresentation of
21 Material Fact by Defendants to request plaintiff to agree and
22 sign an agreement stating that his voluntary resignation was on
23 a date after he had already voluntarily resigned in an attempt
24 to cover up a possible disability discrimination claim against
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              9

1 | their clients.

2 | 23.    Defendants attempt to use the document to void out his
3 | original resignation agreement signed on March 28, 2006 was
4 | despicable conduct done with malice. Defendants attempted to
5 | help their clients defraud Plaintiff of his rightful claim of
6 | disability discrimination and the tangible and intangible
7 | benefits representing monetary and other remedy for damages that
8 | could be awarded due to the disability claim. This act is
9 | clearly an intentional misrepresentation of Material Fact.

10 | 24.    When the Defendants made the representations, they
11 | knew then to be false or were based on false pretenses or
12 | misrepresentations, as the defendants made these representations
13 | with the intention to deceive and defraud plaintiff and to
14 | induce plaintiff to act in reliance on these representations in
15 | the manner alleged, or with the expectation that plaintiff would
16 | so act. Defendants expected plaintiff to sign the agreement so
17 | he could receive his WC Settlement of $5,500 and coerced him to
18 | sign the agreement before agreeing to release payment of the
19 | $5,500 to him.

20 | 25.    Plaintiff at the time these representations were made
21 | by Defendants, believed that that the Defendants representations
22 | were true. Due to believing, plaintiff thought it was acceptable
23 | or all right to sign the document, and that it was not depriving
24 | him of any further rights and that there was a legal forthright

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

10

1  reason for defendants requesting him to sign the voluntary
2  agreement. Aramark and the defendants used their positions as
3  attorneys to help present the document to trick plaintiff, as if
4  it was legal when actually it was not, as this shows that
5  plaintiff's reliance on defendant representation was justified.

6     26.    Plaintiff alleges that he has satisfied all the
7  elements for intentional misrepresentations, which includes: (1)
8  misrepresentations (2) Material Fact (3) Knowledge of Falsity
9  (4) Intent to induce reliance (5) Justifiable reliance and (6)
10 Causation and Damages

11    27.    Defendants attempt to defraud Plaintiff violated
12 California Civil Codes 1709, 1710, and 1572

13    28.    As a proximate result of the fraudulent conduct or the
14 defendants as herein alleged, plaintiff was subjected to Fraud
15 and Intentional Deceit that subject or caused him emotional
16 distress and mental anguish.

17    29.    The aforementioned conduct of defendants was an
18 intentional misrepresentation, deceit, or concealment of a
19 material fact know to the defendants with the intention on the
20 part of the defendants to deprive the plaintiff of property or
21 legal rights, causing injury, and was despicable conduct that
22 subjected plaintiff to a cruel unjust hardship in conscious
23 disregard of the plaintiff's rights, so as to justify an award
24 of exemplary and punitive damages.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          11

1

2                                SECOND COUNT

3                          Negligent Misrepresentation

4        30.   When the defendants made the representation they had

5   no reasonable grounds for believing them to be true. Defendants

6   knew that (1) it was not necessary for Plaintiff to sign the

7   Agreement at all (2) it was not necessary for plaintiff to sign

8   the agreement as a condition to him receiving or defendants

9   releasing plaintiff's already agreed upon worker's compensation

10  settlement of $5,500.

11       31.   Plaintiff alleges that the defendants made the

12  representation with intent to induce plaintiff to rely upon it.

13       32.   Plaintiff alleges that he was unaware of the falsity

14  of the representation; in that he did not know that the purpose

15  or the agreement was to shield Aramark from a possible

16  discrimination disability claim from plaintiff, depriving

17  plaintiff of any possible monetary damages from the claim.

18       33.   Plaintiff alleges that he acted in reliance upon the

19  truth of the representation; as in him thinking it was necessary

20  to sign the agreement, as he believed it to be safe or true

21  because it was presented to him by Aramark's worker's

22  compensation attorney. Plaintiff believed it to be true because

23  he knew Defendants and Aramark's Worker's Compensation Attorneys

24  knew exactly when he actually resigned or knew Plaintiff

25
                                                                      12
COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1 | resigned on June 15, 2006 pursuant to the March 28, 2006
2 | agreement.

3 |     34.  Defendants initiating these actions in an attempt to
4 | DEFRAUD plaintiff of his claim of disability discrimination and
5 | any possible monetary damages that would be awarded in lieu of
6 | the disability discrimination claim, violated California Codes
7 | §1572, §1709 and §1710, Therefore Plaintiff is entitled to
8 | Statutory Damages, Costs and awards of Attorney Fees.

9 | THIRD COUNT

10 | Suppression of Fact

11 |     35.  Defendants suppressed the fact that if was not
12 | necessary for plaintiff to agree and sign the voluntary
13 | resignation agreement to receive his worker's compensation
14 | settlement of $5,500.

15 |     36.  In addition on or around July 2,2007, Aramark's
16 | worker's compensation Attorney Dana Mitchell filed an opposition
17 | to plaintiff's Readiness to Proceed. In the opposition,
18 | Defendants state or implied that the reason plaintiff's
19 | settlement of $5,500 had not been paid was due to plaintiff
20 | filing an EEOC Claim subsequent to agreeing to the settlement of
21 | $5,500 with defendants. Defendants lied to the Worker's
22 | Compensation Appeals Board to create a "Smoke screen" or cover
23 | up as to the actual reason plaintiff's settlement was held up,
24 | which was defendants wanting to force plaintiff to sign the

25 | 

COMPLAINT FOR DAMAGES, CIVIL RIGHTS         13

1  agreement to shield them from the disability discrimination
2  claim. Defendants concealed from the Worker's Compensation
3  Appeals Board that there was no EEOC Claim filed by plaintiff
4  subsequent to the agreement of the worker's compensation
5  Settlement.

6      37.  The defendants made the failure to disclose and
7  suppressed and/or concealed the information mentioned herein
8  alleged, with the intent to induce the plaintiff to act in the
9  manner herein alleged in reliance thereupon, with the intent to
10  cause plaintiff to sign the agreement.

11      38.  As a proximate result of the fraudulent conduct or the
12  defendants as herein alleged, plaintiff was subjected to Fraud
13  and Intentional Deceit that subject or caused him emotional
14  distress and mental anguish.

15      39.  The aforementioned conduct of defendants was an
16  intentional misrepresentation, deceit, or concealment of a
17  material fact known to the defendants with the intention on the
18  part of the defendants of to deprive the plaintiff of property
19  or legal rights, causing injury, and was despicable conduct that
20  subjected plaintiff to a cruel unjust hardship in conscious
21  disregard of the plaintiff's rights, so as to justify an award
22  of exemplary and punitive damages.

23      40.  Defendants' attempt to defraud plaintiff violated
24  section 1572 of the California Civil Code. Plaintiff is

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                        14

1  therefore entitled to Statutory Damages, Costs and award of

2  Attorney fees.

3      Wherefore Plaintiff prays for judgment against Defendants

4  as more fully set forth below.

5                      SECOND CAUSE OF ACTION

6                Mail Fraud (18 U.S.C. Section 1341)

7      41. Plaintiff realleges and incorporates therein by

8  reference every allegation stated herein.

9      42. On or around May 2, 2007 Defendants mailed to

10 Plaintiff by way of his Worker's Compensation Attorney Mary Lou

11 Williams, the voluntary agreement, which was the execution of a

12 scheme to defraud plaintiff.

13     43. Title 18 - Crimes and Criminal Procedures, Part 1 -

14 Crimes Chapter 63 section 1341 Frauds and Swindles States:

15 Whoever, having devised or intending to devise any scheme or

16 artifice to defraud, or for obtaining money or property by means

17 of false or fraudulent pretenses, representations, or promises,

18 or to sell, dispose of, loan, exchange, alter, give away,

19 distribute, supply, or furnish or procure for unlawful use any

20 counterfeit or spurious coin, obligation, security, or other

21 article, or other article, or anything represented to be or

22 intimated or held out to be such counterfeit or spurious

23 article, for the purpose of executing such scheme or artifice or

24 attempting so to do, places in any post office or authorized

25                                                          15
COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  depository for mail matter, any matter or thing whatever to sent

2  or delivered by the Postal Service, or Deposits or causes to be

3  deposited any matter or thing whatever to sent or delivered by

4  any private or commercial interstate carrier, or takes or

5  receives therefrom, any such matter or thing, or knowingly

6  causes to be delivered by mail or such carrier according to the

7  direction thereon, or at the place at which it is directed to be

8  delivered by the person to whom it is addressed, any such matter

9  or thing shall be fined under this title or shall be fined under

10  this title or imprisoned not more than 20 years, or both.

11       44. Upon Defendants placing the Voluntary Resignation

12  Agreement in the Post Office for Mail matter to be sent by the

13  Postal Service, the Defendants committed Mail Fraud.

14                    FIRST COUNT OF MAIL FRAUD

15       45. On or around May 2,2007 upon Defendants mailing the

16  Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th

17  Street, San Francisco, CA 94104 constitutes first count of mail

18  fraud.

19                   SECOND COUNT OF MAIL FRAUD

20       46. On or around May 2,2007 upon Defendants mailing a copy

21  of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,

22  at P.O. Box 591, Burbank, CA constitutes second count of mail

23  fraud, as it was initiated to further the Scheme.

24                    THIRD COUNT OF MAIL FRAUD

25                                                              16
COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1    47. On or around May 2,2007 upon Defendants mailing a copy

2   of the Voluntary Resignation Agreement to Mark Antoine Foster at

3   725 Ellis Street, San Francisco, CA., constitutes a third count

4   of mail fraud, as it was initiated to further the Scheme.

5                    FOURTH COUNT OF MAIL FRAUD

6    48. On or around July 3,2007 upon Defendants mailing a

7   copy of the opposition to Plaintiff's Declaration of Readiness

8   to Proceed to the Worker's Compensation Appeals Board

9   constitutes a Fourth Count of MAIL FRAUD, as it was initiated to

10   further the Scheme.

11                    FIFTH COUNT OF MAIL FRAUD

12    49.   On or around July 3,2007 upon Defendants mailing a

13   copy of the opposition to Plaintiff's Declaration of Readiness

14   to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,

15   CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was

16   initiated to further the Scheme.

17                    SIXTH COUNT OF MAIL FRAUD

18    50. On or around July 3,2007 upon Defendants mailing a

19   copy of the opposition to Plaintiff's Declaration of Readiness

20   to Proceed Gretchen Devine at Specialty Risk Services at P.O.

21   Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,

22   as it was initiated to further the Scheme.

23    51.   As a proximate result of the fraudulent conduct or the

24   defendants as herein alleged, plaintiff was subjected to Fraud

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              17

1  and Intentional Deceit and Mail Fraud that or caused him
2  emotional distress and mental anguish.

3       52.    The aforementioned conduct of defendants was an
4  intentional misrepresentation, deceit, or concealment of a
5  material fact know to the defendants with the intention on the
6  part of the defendants of to deprive the plaintiff of property
7  or legal rights, causing injury, and was despicable conduct that
8  subjected plaintiff to a cruel unjust hardship in conscious
9  disregard of the plaintiff's rights, so as to justify an award
10 of exemplary and punitive damages.

11      53.    Defendants' attempt to defraud plaintiff violated
12 section 1572 of the California Civil Code. Plaintiff is
13 therefore entitled to Statutory Damages, Costs and award of
14 Attorney fees.

15      Wherefore Plaintiff prays for judgment against Defendants
16 as more fully set forth below.

17                     THIRD CAUSE OF ACTION

18                     CONSPIRACY TO DEFRAUD

19                  (18 U.S.C. SECTION §1345,§1349)

20      54.    Plaintiff realleges and incorporates therein by
21 reference every allegation stated herein.

22      55.    Plaintiff is informed, believes and therefore alleges
23 that between March 9,2007 and May 1, 2007 Defendants and members
24 of Aramark's Management conspired to defraud plaintiff by

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              18

1  attempting to cover-up a "would be" Disability Discrimination
2  Claim and wrongful termination Claim pursuant to the ADA, the
3  UNRUH and FEHA.

4      56.  Plaintiff is informed, believes and therefore alleges
5  that Aramark's managers conspired and with their council, both
6  Gray & Prouty and Morgan & Lewis to submit and offer the
7  Voluntary Resignation Agreement to plaintiff, on May 2,2007,
8  knowing it was being submitted for fraudulent reasons.

9      57.  Defendants conspiring to defraud plaintiff violated
10 California Civil Codes 1709, 1710 and 1572 and 18 U.S.C. Section
11 1345, and 1349.

12     58.  As a proximate result of the fraudulent conduct of the
13 defendants as herein alleged, plaintiff was subjected to fraud
14 and intentional deceit and MAIL FRAUD, causing plaintiff to
15 suffer emotional stress.

16     59.  The aforementioned conduct of defendants was an
17 intentional misrepresentation deceit, or concealment of a
18 material fact know to the defendants with the intention on the
19 part of the defendants of thereby depriving the plaintiff of
20 property or legal rights causing injury, and was despicable
21 conduct that subjected plaintiff to a cruel unjust hardship in
22 conscious disregard of the plaintiff's rights, so as to justify
23 an award of exemplary and punitive damages.

24     Wherefore Plaintiff prays for judgment against Defendants

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              19

1   as more fully set forth below.

2                         FOURTH CAUSE OF ACTION

3                               WIRE FRAUD

4                       18 U.S.C. SECTION 1343

5       60.   Plaintiff realleges and incorporates therein by
6   reference every allegation stated herein.

7       61.   Plaintiff is informed, believes and therefore alleges
8   that between March 9,2007 and May 2,2007, Defendants and members
9   of Aramark Management utilized emails, the telephone or by fax
10   to further their Scheme to defraud Plaintiff by attempting to
11   cover-up a "would be" disability discrimination claim and
12   wrongful termination Claim pursuant to the ADA, the UNRUH and
13   FEHA.

14       62.   Plaintiff is informed, believes and therefore alleges
15   that between March 9,2007 and May 2,2007, Defendants and members
16   of Management of Aramark conspired with their council Gray &
17   Prouty and Morgan & Lewis to submit the offer to plaintiff in
18   the form of the agreement.

19       63.   Defendant's use of the above mentions methods of
20   Communication to defraud plaintiff violated Section California
21   Civil Codes 1709, 1710 and 18 U.S.C. Section 1343.

22       64.   As a proximate result of the Fraudulent conduct or the
23   defendants as herein alleged, Plaintiff was subjected to Fraud
24   and Intentional Deceit and MAIL FRAUD, causing plaintiff

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                 **20**

1 | emotional stress.

2 |     65. The aforementioned conduct of defendants was an
3 | intentional misrepresentation, deceit, or concealment of a
4 | material fact know to the defendants with the intention on the
5 | part of the defendants, thereby depriving the plaintiff of
6 | property or legal rights causing injury to plaintiff, and was
7 | despicable conduct that subjected plaintiff to a cruel unjust
8 | hardship in conscious disregard of the plaintiff's rights, so as
9 | to justify an award of exemplary and punitive damages.

10 |     Wherefore Plaintiff prays for judgment against Defendants
11 | as more fully set forth below.

12 |                FIFTH CAUSE OF ACTION

13 |               BREACH OF FUDICIARY DUTY

14 |     66. Plaintiff realleges and incorporates therein by
15 | reference every allegation stated herein.

16 |     67. Defendants, as attorneys, breached their fiduciary
17 | duty, as attorneys, they were negligent in their duties and
18 | behaved in a way that was despicable due to them being attorneys
19 | having a duty of care to uphold the law, knowing they were
20 | helping break the law. Defendants knew the acts being committed
21 | were being done for fraudulent reasons and still allowed
22 | themselves to conspire with their clients to help defraud
23 | plaintiff. Defendants recognized the risks created by their
24 | actions and Aramark actions and understood what could happen

25 | COMPLAINT FOR DAMAGES, CIVIL RIGHTS               **21**

1  from those risks taken.

2  68. Plaintiff alleges that defendants knew all details
3  regarding plaintiff's employment with their client Aramark,
4  including knowing when plaintiff actually resigned and why.
5  Defendants knew requesting and coercing plaintiff to sign the
6  agreement presented on May 2, 2007 was to void out the original
7  agreement plaintiff signed on March 28, 2006 to help shield
8  their client Aramark from a possible discrimination claim from
9  plaintiff.

10  69. Plaintiff alleges that professional attorneys are held
11  to a higher standard of care than an ordinary reasonable person
12  would be. Attorneys must behave as a reasonable attorney would
13  do so rather than a reasonable person. The perspective of an
14  attorney would be different matters in the court. Defendants
15  Morgan and Lewis, and Eric Meckley owe plaintiff a reasonable
16  standard of care.

17  70. Plaintiff alleges that the defendants' acts breached
18  their fiduciary duty violating section §3300 of the California
19  Civil Code.

20  71. As a direct and proximate result of said breach,
21  plaintiff has suffered the actual and special and general
22  damages as alleged, and which are incorporated herein by this
23  reference, and seek recovery of the same, and for an award of
24  costs and reasonable attorney fees.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                           22

1    72. Plaintiff alleges that the defendants' breach was

2   committed to defraud plaintiff and was in conscious disregard of

3   plaintiff's rights and was willful, oppressive and malicious;

4   and designed to cause plaintiff to suffer economic and emotional

5   injury. Plaintiff is therefore entitled to an award of exemplary

6   and punitive damages against defendants, in an amount to be

7   determined at trial.

8        Wherefore Plaintiff prays for judgment against Defendants

9   as more fully set forth below.

10            INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11    73. Plaintiff realleges and incorporates therein by

12   reference every allegation stated herein.

13    74. The fraudulent actions of defendants were outrageous,

14   intentional and malicious and done with reckless disregard of

15   the fact that they would certainly cause plaintiff to suffer

16   severe emotional and physical distress. Defendants knew that

17   defrauding plaintiff in an attempt to deprive from his "would

18   be" Disability Discrimination Claim would certainly cause him to

19   suffer severe emotional and physical distress. Defendants also

20   knew Plaintiff had already suffered psychological injury due to

21   the previous acts of the Aramark while Plaintiff was employed at

22   the Carnelian Room, but still proceeded with their Fraudulent

23   acts after Plaintiff resigned or was constructively Discharged.

24        75. As a proximate result of the acts of defendants,

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              23

1 │ Plaintiff has and will more than likely continue to suffer
2 │ emotional distress in the form of fear, anxiety, worry, and
3 │ mental suffering as the injury will have an effect on
4 │ Plaintiff's future capacity to work and earn income.

5 │    76. Plaintiff will seek more psychological counseling as a
6 │ result of the defendants conduct.

7 │    77. As a proximate result of Defendants conduct, Plaintiff
8 │ has suffered general Damages in an amount to be determined by
9 │ Proof at Trial.

10 │    78. Defendants conduct was done knowingly, willfully and
11 │ with malicious intent and Plaintiff can prove the fraudulent
12 │ acts of Defendants by "clear and convincing" evidences and
13 │ therefore Plaintiff is entitled o Punitive Damages in an amount
14 │ to be determined by Proof at trial.

15 │    Wherefore Plaintiff prays for judgment against Defendants
16 │ as more fully set forth below.

17 │              NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
18 │    79. Plaintiff realleges and incorporates therein by
19 │ reference every allegation stated herein.

20 │    80.  Plaintiff is informed, believes and therefore alleges
21 │ that Defendant Morgan and Lewis is negligent in causing
22 │ plaintiff Emotional Distress, in that Defendant Morgan and Lewis
23 │ has breached their duty of care by allowing themselves as
24 │ attorneys and their client Aramark to intentionally inflict

25 │
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                   24

1 │ Plaintiff with Emotional Distress causing Plaintiff injury

2 │ resulting in damages. Defendants' negligence causing of

3 │ Emotional Distress is not an independent Tort: it is a Tort of

4 │ Negligence.

5 │     81.    As a proximate result of the fraudulent conduct of

6 │ the defendants as herein alleged, plaintiff was injured

7 │ emotionally and mentally suffering damage

8 │     Wherefore Plaintiff prays for judgment against Defendants

9 │ as more fully set forth below.

10 │                     PRAYER FOR RELEIF

11 │     WHEREFORE, Plaintiff FOSTER prays for judgment against

12 │ defendants, and each of them, as more fully set forth below:

13 │     1. For general damages, including emotional distress,

14 │         according to proof;

15 │     2. For statutory penalties and all relief allowed by

16 │         statute according to proof;

17 │     3. For punitive damages;

18 │     4. For an award of attorney's fees;

19 │     5. For pre-judgment interest at the legal rate according to

20 │         proof;

21 │     6. For costs of suit incurred;

22 │     7. For such other and further relief as the court may deem

23 │         proper.

24 │ Dated:

25 │ COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          25

February 7, 2008          Mark A. Foster

1                                        Mark Antoine Foster, In Pro Per

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    26

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**



# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.



# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties



voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.



A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### *Operation*

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### *Private Mediation*

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

 

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.



If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672



# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA   94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐   **Private Mediation**          ☐   **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐   **Binding arbitration**                                                                     Judge _____
☐   **Non-binding judicial arbitration**                                          Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____          _____          _____
Name of Party Stipulating                Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐   Plaintiff      ☐   Defendant      ☐   Cross-defendant                Dated: _____


_____          _____          _____
Name of Party Stipulating                Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐   Plaintiff      ☐   Defendant      ☐   Cross-defendant                Dated: _____


_____          _____          _____
Name of Party Stipulating                Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐   Plaintiff      ☐   Defendant      ☐   Cross-defendant                Dated: _____


☐   *Additional signature(s) attached*

ADR-2  3/06                        **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**



CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE     ☐ LIMITED CASE <br> (Amount demanded      (Amount demanded is $25,000 <br> exceeds $25,000)       or less) | |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:          Time:         Dept.:         Div.:         Room: |
| Address of court *(if different from the address above):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** *(answer one):*
    a.  ☐ This statement is submitted by party *(name):*
    b.  ☐ This statement is submitted jointly by parties *(names):*

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date):*
    b.  ☐ The cross-complaint, if any, was filed on *(date):*

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  ☐ The following parties named in the complaint or cross-complaint
        (1)  ☐ have not been served *(specify names and explain why not):*

        (2)  ☐ have been served but have not appeared and have not been dismissed *(specify names):*

        (3)  ☐ have had a default entered against them *(specify names):*

    c.  ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4.  **Description of case**
    a.  Type of case in  ☐ complaint  ☐ cross-complaint  *(describe, including causes of action):*

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov

American LegalNet, Inc. <br> www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐ days *(specify number):*
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]                    **CASE MANAGEMENT STATEMENT**                    Page 2 of 4




 

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**14. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
    ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

       <u>Party</u>                      <u>Description</u>                      <u>Date</u>

   c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
   Previous case management orders in this case are *(check one):*   ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ► _____
        (TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY)

_____     ► _____
        (TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY)
                                                  ☐ Additional signatures are attached








# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

     The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David J. Ballati | The Honorable James J. McBride |
| The Honorable Anne Bouliane | The Honorable Kevin M. McCarthy |
| The Honorable Ellen Chaitin | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Patrick J. Mahoney | The Honorable Mary E. Wiss |
| The Honorable Tomar Mason | |

     Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>MARK ANTOINE M FOSTER<br>200 CURPUS CRUSTIE RORD #A<br>ALAMEDA, CA. 94502<br>TELEPHONE NO. 415 756 1611    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: 619 646 3564<br>ATTORNEY FOR *(Name)*: | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 400 McAllSTER<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: CiViC CenTeR | |
| PLAINTIFF/PETITIONER: MARK ANTOINE FOSTER | CASE NUMBER: |
| DEFENDANT/RESPONDENT: MOrGAN hewis & Bockius and EKK Meckley | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:         (2) at *(time)*:
   b. ☐ **by substituted service.** On *(date)*:         at *(time)*:         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:         from *(city)*:         or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: MARK ANTOINE FOSTER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MORGAN Lewis & Bokias | |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant
  d. [ ] On behalf of *(specify):*
    under the following Code of Civil Procedure section:

      [ ] 416.10 (corporation)            [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership)    [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)             [ ] 415.46 (occupant)
                                          [ ] other:

7. **Person who served papers**
  a. Name: Thom McMullen
  b. Address: 725 Eddis ST #408, SFCA, 94109
  c. Telephone number: 619 646 0845
  d. The fee for service was: $ 0
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: February 7 2008

Thom McMullen                              RMSmh
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)           (SIGNATURE )