1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
4  Fax:  650.843.4001
   E-mail:  mriechert@morganlewis.com
5
   Attorney for Defendants
6  MORGAN, LEWIS & BOCKIUS LLP and
   ERIC MECKLEY
7

8

9             UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11

12 | MARK ANTOINE FOSTER,                          | Case No. C-08-01337 EDL

13 |                     Plaintiff,                | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
14 |         vs.                                   |
15 | MORGAN, LEWIS & BOCKIUS, LLP                  |
   | and ERIC MECKLEY, as an Individual,           | **[FRCP 12(b)(6)]**
16 | and DOES 1-81,                                |
17 |                     Defendants.               | Date:        April 22, 2008
   |                                               | Time:        9 a.m.
18 |                                               | Courtroom:   E, 15th Floor
   |                                               | Judge:       Mag. Judge Elizabeth D. Laporte
19

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3

DEFS.' NOTICE AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MPA IS SUPPORT
THEREOF (CASE NO. C-08-01337 EDL)

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE THAT, on April 22, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom E of the above-captioned Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, the Honorable Elizabeth D. Laporte presiding, Defendants Morgan, Lewis, & Bockius LLP and Eric Meckley will, and hereby do, move to dismiss under the Federal Rules of Civil Procedure, Rule 12(b)(6), all claims and allegations in Plaintiff Mark A. Foster's Complaint.

By way of this Motion, Defendants seek the following relief: Dismissal of Foster's first claim for violation of California Civil Code Sections 1572, 1709, and 1710; second claim for mail fraud pursuant to 18 U.S.C. Section 1341; third claim for conspiracy to defraud pursuant to 18 U.S.C. Sections 1345 and 1349; fourth claim for wire fraud pursuant to 18 U.S.C. Section 1343; fifth claim for breach of fiduciary duty; sixth claim for intentional infliction of emotional distress; and seventh claim for negligent infliction of emotional distress. Dismissal is required under Rule 12(b)(6) because the allegations pled in support of each of Plaintiff's seven claims fail to state a claim upon which relief can be granted as a matter of law.

This Motion is made based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support Thereof, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: March 14, 2008    MORGAN, LEWIS & BOCKIUS LLP

By_____/S/_____
Melinda S. Riechert

Attorney for Defendants
Morgan, Lewis & Bockius LLP and
Eric Meckley

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3         1     DEFS.' NOTICE AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MPA IS SUPPORT
THEREOF (CASE NO. C-08-01337 EDL)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Morgan Lewis & Bockius LLP ("MLB") is a law firm that represents ARAMARK Sports and Entertainment, LLC and ARAMARK Sports, LLC (collectively hereinafter "ARAMARK") in a lawsuit brought by Plaintiff Mark Antoine Foster ("Foster"), a former employee of ARAMARK. Defendant Eric Meckley ("Meckley") is the attorney at MLB who has been primarily responsible for defending ARAMARK in the lawsuit. That case is currently pending before this court, having been removed to this Court by ARAMARK. Foster also has a pending workers compensation claim against ARAMARK. That claim is being administered for ARAMARK by SRS, and ARAMARK's counsel in the workers compensation claim is Gray and Prouty.

During the pendency of his lawsuit against ARAMARK, Foster filed this action against MLB and Meckley in the San Francisco Superior Court. MLB and Meckley removed the action to this Court. Foster claims in this action that he was asked to sign a document in connection with the settlement of his workers compensation claim that had an inaccurate date for his resignation from ARAMARK. Foster admits that he corrected the inaccurate resignation date, and put in the correct date before signing the document. Foster has also filed separate actions in San Francisco Superior Court against ARAMARK (CGC-08-471936) (now since removed to this court (CV-08-01336 PJH)), SRS (CGC-08-471939 also now removed to this court (CV-08-01421 SBA)), and Gray and Prouty (CGC-08-471938), each alleging the same operative set of facts.

MLB and Meckley now bring this Motion to Dismiss this action on the following grounds:

*First*, Foster's claim under California Civil Code Sections 1572, 1709, and 1710 fails to state a claim because Foster fails to allege that he relied on a misrepresentation. Foster's claim further fails to state a claim because he fails to allege that even if he had relied on a misrepresentation, he suffered any damage as a result.

*Second*, Foster's claim for mail fraud pursuant to 18 U.S.C. Section 1341 fails to state a claim because there is no private right of action for violation of this criminal statute.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3       2       DEFS.' NOTICE AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MPA IS SUPPORT
THEREOF (CASE NO. C-08-01337 EDL)

1  *Third*, Foster's claim for conspiracy pursuant to 18 U.S.C. Sections 1345 and 1349 fails to state a claim because there is no private right of action for violation of this criminal statute, and only the Attorney General can bring an action for violation of this statute.

*Fourth*, Foster's claim for wire fraud pursuant to 18 U.S.C. Section 1343 fails to state a claim because there is no private right of action for violation of this criminal statute.

*Fifth*, Foster's claim for breach of fiduciary duty fails to state a claim because Defendants' owed no fiduciary duty to him.

*Sixth*, Foster's claim for intentional infliction of emotional distress fails to state a claim because Foster fails to allege conduct that was extreme and outrageous.

*Seventh*, Foster's claim for negligent infliction of emotional distress fails to state a claim because Defendants owed no duty to him.

## II.   ALLEGATIONS IN THE COMPLAINT MATERIAL TO DEFENDANTS' MOTION[1]

### A.   March 2006: Foster Requests Medical Leave from ARAMARK.

On or about March 28, 2006, Foster requested a medical leave from ARAMARK, due to work related stress allegedly caused by two of ARAMARK's managers. (Complaint, ¶¶ 1, 10.) On or around March 28, 2006, in connection with his request for medical leave, Foster signed a voluntary resignation agreement stating he would return no later than June 15, 2006, and that if he did not return by June 15, 2006, his absence would be considered a voluntary resignation and he would be terminated as of that date. (Complaint, ¶10.)

### B.   June 2006: Foster Fails to Return to Work at ARAMARK.

On or around June 15, 2006, Foster failed to return to work. (Complaint, ¶ 11.) Foster therefore resigned as of that date, pursuant to the agreement he signed on March 28, 2006. (Complaint, ¶ 12.)

### C.   March 2007: Foster Files Suit Against ARAMARK in San Francisco Superior Court.

On or around March 9, 2007, Foster filed suit against ARAMARK, and Ying Kee

---

[1] Defendants dispute Foster's allegations. For purposes of this Motion, however, Defendants accept Foster's allegations as true.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3691242.3      3      DEFS.' NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MPA IS SUPPORT THEREOF (CASE NO. C-08-01337 EDL)

McVicker and Mathew Lee as individuals, alleging retaliation, harassment, constructive discharge, failure to prevent harassment, and intentional infliction of emotional distress. (Complaint, ¶ 13.) Foster later amended his complaint in December 2007 to add disability discrimination claims. (Complaint, ¶ 16.) MLB represents ARAMARK and the individual defendants in that case. (Complaint ¶1.)

### D.  May 2007: ARAMARK Settles Foster's Worker's Compensation Claim.

Foster alleges that on or around May 2, 2007, Defendants, ARAMARK, and ARAMARK's worker's compensation attorneys requested he sign a document stating he voluntarily resigned on May 1, 2007, as a condition to him receiving his worker's compensation settlement of $5,500.00. (Complaint, ¶ 18, 20.) Foster changed the date and signed the agreement confirming that he had voluntarily resigned on June 15, 2006. (Complaint, ¶ 20.)

### E.  February 2008: Foster Files His Complaint.

On February 7, 2008, Foster filed this lawsuit which focuses entirely upon the circumstances surrounding his signing the voluntary resignation agreement, in connection with, and in the context of, settling his workers' compensation claim. Defendants now file this Motion as to all seven of the claims alleged by Foster.

## III.  ARGUMENT

### A.  Legal Standard For A Motion To Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Two rationales support dismissal: (1) the failure to present a cognizable legal theory, or (2) the failure to plead sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds*, *Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). Conclusory allegations are insufficient to overcome a motion to dismiss. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Because Foster's claims arise under California State law, this Court applies the substantive law of California. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3                4                DEFS.' NOTICE AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT; MPA IS SUPPORT
THEREOF (CASE NO. C-08-01337 EDL)

**B.   Foster's First Claim For Fraud Pursuant to California Civil Code Sections 1572, 1709, and 1710 Fails To State A Claim Upon Which Relief Can Be Granted Because He Fails To Show That He Relied On A Misrepresentation Or That He Was Damaged.**

Foster's first claim alleges the violation of California Civil Code Sections 1572, 1709, and 1710. (Complaint, ¶¶ 8-40.) Section 1709 provides in pertinent part that "one who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. Sections 1572 and 1710 define the terms "actual fraud"[2] and "deceit."[3] Cal. Civ. Code §§ 1572, 1710.

To proceed with a claim of fraud under California law, Foster must establish: (1) misrepresentation; (2) scienter or knowledge of falsity; (3) intent to induce reliance; (4) actual, detrimental, and justifiable reliance, and (5) resulting damages. *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965 (C.D. Cal. 2006).

Here, Foster claims that Defendants made false representations by requesting that he sign an agreement confirming his voluntary resignation as of May 1, 2007. (Complaint, ¶ 21.) However, Foster acknowledges that he refused to agree that he resigned on May 1, 2007. (Complaint, ¶ 19.) Foster does not claim that he actually relied on Defendants' alleged misrepresentation. Foster instead chose to change the date of the resignation to its correct date and sign the agreement stating he voluntarily resigned on June 15, 2006, and not May 1, 2007. (Complaint, ¶ 20.) Thus, even if there was a misrepresentation concerning the date of resignation, Foster did not rely on such misrepresentation when he signed the agreement.

Moreover, even if Foster had actually relied on a misrepresentation, he fails to allege there

---

[2] Actual fraud consists of any of the following acts: (1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; (3) the suppression of that which is true, by one having knowledge or belief of the fact; (4) a promise made without any intention of performing it; or (5) any other act fitted to deceive. Cal. Civ. Code § 1572.

[3] Deceit is either: (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) a promise, made without any intention of performing it. Cal. Civ. Code § 1710.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3     5     DEFS.' NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MPA IS SUPPORT THEREOF (CASE NO. C-08-01337 EDL)

1 was any damage resulting from such reliance, or how he has suffered any injury as a result of Defendants' actions. Foster merely offers a conclusory statement that Defendants' actions were an attempt to cover up his disability discrimination claim, yet he fails to allege how this is so, or what damages he has suffered as a result. Because Foster's Complaint lacks such allegations, his first claim fails to state a claim and must be dismissed.

### C. Foster's Second Claim For Mail Fraud Pursuant To 18 U.S.C. Section 1341 Fails To State A Claim Upon Which Relief Can Be Granted Because There Is No Private Right Of Action For Violation Of This Criminal Statute.

Foster's second claim alleges mail fraud under 18 U.S.C. Section 1341. (Complaint, ¶¶ 41-53.) 18 U.S.C. Section 1341 provides in pertinent part, "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . shall be fined under this title or imprisoned . . . or both." 18 U.S.C. § 1341. Foster fails to state a claim pursuant to this criminal statute because there is no private right of action for violation of this criminal statute. "Though a bare criminal statute does not necessarily preclude an implied private right of action, there should "at least [be] a statutory basis for inferring that a civil claim of some sort lays in favor of someone.'" *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999), citing *Cort v. Ash*, 422 U.S. 66, 79 (1975). "Neither the mail fraud statute nor its legislative history provides for any remedy other than criminal sanctions." *Wisdom*, 167 F.3d at 408; see also *Ryan v. Ohio Edison Co.,* 611 F.2d 1170, 1178 (6th Cir. 1979) (finding the scant legislative history of the mail fraud statute to indicate an intent to punish dealers of fraudulent devices for using the United States mails but not an intent to create a private right of action); *Bell v. Health-Mor, Inc.,* 549 F.2d 342, 346 (5th Cir. 1977) (finding no implied private remedy under mail fraud statute). Thus, "Congress did not intend to create a private right of action in enacting either the wire or mail fraud statutes." *Wisdom*, 167 F.3d at 408. Foster has no private right of action for mail fraud. Thus his claim for mail fraud must be dismissed.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3691242.3         6         DEFS.' NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MPA IS SUPPORT THEREOF (CASE NO. C-08-01337 EDL)

**D.   Foster's Third Claim For Conspiracy to Commit Mail Fraud Pursuant to 18 U.S.C. Sections 1345 and 1349 Fails To State A Claim Upon Which Relief Can Be Granted Because Only The Attorney General Can Bring Such An Action And Because There Is No Private Right Of Action For Violation Of This Criminal Statute.**

Foster's third claim alleges conspiracy to commit mail fraud under 18 U.S.C. Sections 1345 and 1349.  (Complaint, ¶¶ 54–59.)  18 U.S.C. Section 1345 provides that if a person is "violating or about to violate this chapter . . . (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof) . . . the Attorney General may commence a civil action in any Federal court to enjoin such violation."  18 U.S.C. § 1345(a)(1).  Section 1345 thus provides that only the United States, and not a private individual (such as Foster), acts as plaintiff.  18 U.S.C. § 1345.  Because Foster is not a proper plaintiff under Section 1345 and has no private right of action, Foster's third claim for conspiracy pursuant to 18 U.S.C. § 1345 fails to state a claim upon which relief can be granted and must be dismissed.

18 U.S.C. Section 1349 provides, "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  18 U.S.C. § 1349.  As discussed above, Foster's underlying mail fraud claim fails to state a claim because there is no private right of action for violation of this criminal mail fraud statute.  Accordingly, Foster's conspiracy to commit mail fraud claim must also be dismissed.

**E.   Foster's Fourth Claim For Wire Fraud Fails To State A Claim Upon Which Relief Can Be Granted Because There Is No Private Right Of Action For Violation Of This Criminal Statute.**

Foster's fourth claim alleges wire fraud pursuant to 18 U.S.C. Section 1343.  (Complaint, ¶¶ 60-65.)  18 U.S.C. Section 1343 provides that, "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned . . . or both."  Foster fails to state a claim based on this criminal statute because there is no private right of action for violation of this statute.  As discussed above, there must be a statutory basis for inferring that Congress intended to create a private right of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3                    7         DEFS.' NOTICE AND MOTION TO DISMISS
                                             PLAINTIFF'S COMPLAINT; MPA IS SUPPORT
                                             THEREOF (CASE NO. C-08-01337 EDL)

action. Because the sole remedy under the wire fraud statute is criminal sanctions, there is no such basis to infer that Congress intended to create a private right of action pursuant to the wire fraud statute. *See Napper v. Anderson, Henley, Shields, Bradford and Pritchard,* 500 F.2d 634, 636 (5th Cir. 1974) (finding no implied private remedy under wire fraud statute). Foster has no private right of action. Thus his claim for wire fraud must be dismissed.

### F. Foster's Fifth Claim for Breach of Fiduciary Duty Fails to State A Claim Upon Which Relief Can Be Granted Because Defendants Owed Him No Fiduciary Duty.

Foster's fifth claim alleges breach of fiduciary duty. (Complaint ¶¶ 66-72.) The elements of a claim for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. *Stanley v. Richmond*, 35 Cal. App. 4th 1070 (1995). Foster fails to allege – and cannot allege – that Defendants owed any fiduciary duty to him. Foster was not Defendants' client, nor did they have any other fiduciary relationship. Rather, Defendants were and are opposing counsel litigating *against* Foster. Because Defendants owed no fiduciary duty to Foster, this claim fails to state a claim and must be dismissed.

### G. Foster's Sixth Claim for Intentional Infliction of Emotional Distress Fails to State A Claim Upon Which Relief Can Be Granted Because Foster Fails To Allege Conduct That Was Extreme And Outrageous

Foster's sixth claim alleges intentional infliction of emotional distress. (Complaint ¶¶ 73-78.) The essential elements of a *prima facie* case of intentional infliction of emotional distress under California law are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Tekle ex rel. Tekle v. U.S.*, 457 F.3d 1088, 1103 (9th Cir. 2006).

Foster's complaint fails to allege any conduct by Defendants that was "extreme and outrageous." In order to recover damages, the defendant's conduct must be characterized as involving an "extreme and outrageous" invasion of another's mental and emotional tranquility, or as going beyond "all reasonable bounds of decency." *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.

3d 493, 498 (1970); *Agostini v. Strycula*, 231 Cal. App. 2d 804, 808 (1965); *Perati v. Atkinson*, 213 Cal. App. 2d 472, 474 (1963). To be outrageous, conduct must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Alcorn*, 2 Cal. 3d at 499, n.5; *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (1979); *Angie M. v. Superior Court*, 37 Cal. App. 4th 1217, 1226 (1995).

Here, the only conduct alleged in support of this claim consists of ARAMARK's workers compensation attorneys allegedly asking Foster to sign an agreement with an incorrect resignation date in the context of negotiating the settlement of his workers' compensation claim – which he refused to do and wrote in the correct date. Assuming this allegation to be true, it falls far short of "extreme outrage," and is insufficient as a matter of law to state a claim. This alleged conduct indisputably does not "exceed all bounds of that usually tolerated in a civilized community," particularly in light of the fact that Foster does not dispute the resignation itself, but merely claims that the resignation date was incorrect, and he promptly corrected it. Accordingly, Foster's claim for intentional infliction of emotional distress fails to state a claim and must be dismissed.

### H. **Foster's Seventh Claim for Negligent Infliction of Emotional Distress Fails to State A Claim Upon Which Relief Can Be Granted Because Defendants Owed No Duty To Foster.**

Foster's seventh claim alleges negligent infliction of emotional distress. (Complaint ¶¶ 79-81.) Negligent infliction of emotional distress under California law is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply. *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 126 (2002). Courts have long wrestled with the circumstances in which a plaintiff should be permitted to maintain an action for the negligent infliction of emotional distress when emotional distress is the only injury alleged. *Id.* at 126. The primary means of resolving this question has been through the determination of whether the defendant owed the Plaintiff a duty. *Id.* at 126. There is no duty to avoid negligently causing emotional distress to another. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). Thus, "unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional

1  distress arises out of the defendant's breach of some other legal duty . . ." *Id.* at 985.

2  Foster has not alleged any breach of duty owed to him by Defendants, nor does such a duty exist between opposing counsel and an adverse party in a pending lawsuit, as is the case here. *See, e.g.*, *Schick v. Lerner*, 193 Cal. App. 3d 1321, 1329-30 (1987) ("An attorney generally will not be held liable to a third person not in privity of contract with him since he owes no duty to anyone other than his client."); *Omega Video Inc. v. Superior Court*, 146 Cal. App. 3d 470, 480-81 (1983) (holding that an attorney has no duty to protect the interests of an adverse party). Foster has therefore failed to state a claim for negligent infliction of emotional distress and this claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss.

Dated: March 14, 2008                                   MORGAN, LEWIS & BOCKIUS LLP


By _____/S/_____
    Melinda S. Riechert

    Attorney for Defendants
    Morgan, Lewis & Bockius LLP and
    Eric Meckley

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3691242.3     10     DEFS.' NOTICE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MPA IS SUPPORT THEREOF (CASE NO. C-08-01337 EDL)