1  **Mark Antoine Foster, In Pro Per**
   **200 Corpus Cristie Road #A**
2  **Alameda, California 94502**
   **(415) 756-1611**
3  **(619) 646-3564**

**FILED**

MAR 2 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISCO DIVISION**

12                                    Case No.  **C-08-01337 MHP**

   **MARK ANTOINE FOSTER,**        **DECLARATION OF MARK**
13                                   **ANTOINE FOSTER IN SUPPORT**
                  **Plaintiff,**     **THEREOF AND EXHIBITS 1 THRU 3**
14                                   **ATTACHED THERETO**
        **vs.**

15  **MORGAN LEWIS & BOKIUS, LLP, and**   **Date:  April 29, 2008**
    **ERIC MECKLEY, an individual,**      **Time:  2:00 p.m**
16   **and DOES 1 Through 81**
                  **Defendants**

17
                                              /
18

19        I MARK ANTOINE FOSTER declare that:

20        1.    I am the plaintiff in this action and have personal knowledge of each fact stated in

21              the complaint filed against Morgan Lewis and Bokius and Eric Meckley, an

22              individual, a parties to this action.

          2.    Attached hereto as Exhibit 1 and incorporated herein by reference is Plaintiff's
23
                original complaint and summons filed by plaintiff on February 7, 2008.
24

25  DECLARATION OF MARK ANTOINE FOSTER                                              1

                                              C- 08-01337

3.    Attached hereto as Exhibit 2 and incorporated herein by reference are Plaintiff's

original complaints and summons filed against Specialty Risk Services, and

Gretchen Devine, an individual, and Aramark Sports LLC, and Aramark

Corporation filed on February 7, 2008.

4.    Attached hereto as Exhibit 3 and incorporated herein by reference is the notice

showing it was not filed until March 12, 2008.

I declare under penalty under the laws of the state of California that the foregoing is true

and correct and that this declaration was executed this day on the 21st of March 2008, at

San Francisco, California.

Mark A. Foster

Mark Antoine Foster, In Pro Per

DECLARATION OF MARK ANTOINE FOSTER

C- 08-01337

EXHIBIT 1

Mark Antoine Foster, In Pro Per
200 Corpus Cristie Road #A
Alameda, CA 94502
(415) 756-1611

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 07 2008

GORDON PARK-LI, Clerk
BY: _____ DEBORAH STEPPE _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUL 1 1 2008 -9ᵒᵒAM

DEPARTMENT 212

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

CIVIL UNLIMITED JURISDICTION

CGC-08-471937

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>        Plaintiff,<br><br>    vs.<br><br>MORGAN LEWIS & BOCKIUS, LLP<br>AND ERIC MECKLEY, as an<br>Individual, and DOES 1 through<br>81<br><br>        Defendants<br>_____/ | **COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS (related to Employment discrimination)**<br>1. **Fraud and Intentional Deceit**<br>2. **Intentional Misrepresentation of Fact**<br>3. **Negligent Misrepresentation**<br>4. **Suppression of Fact**<br>5. **Mail Fraud (18 U.S.C Sec. §1341)**<br>6. **Conspiracy to Mail Fraud (18 U.S.C. Sec. §1345, §1349)**<br>7. **Wire Fraud (18 U.S.C. Sec. §1343)**<br>8. **Breach of Fiduciary Duty**<br>9. **Intentional Infliction of Emotional Distress**<br>10. **Negligent Infliction of Emotional Distress** |

INTRODUCTION

This case is brought against defendants pursuant to

California Codes of Civil Procedure §1709, §1710 and §1572 for

committing acts that constitute fraud and intentional deceit,

mail fraud and wire fraud and conspiracy to defraud. Defendant

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                          1

1  Law Firm Morgan Lewis & Backius and its employee attorney Eric

2  Meckley conspired with their clients Aramark Sports, L.L.C. and

3  Aramark Corporation to defraud plaintiff of his disability

4  discrimination claim against defendant Aramark Corporation. The

5  acts were committed to shield their client from a "would be"

6  claim of disability discrimination claim and deprive plaintiff

7  of any monetary damages that would be awarded to plaintiff as a

8  result. Defendant's acts were related to plaintiff's previous

9  employment with ·ARAMARK,   as defendants committed these

10  acts after plaintiff's employment with the defendants ended.

11  Although the acts were committed after plaintiff's

12  employment ended, the acts were connected to claims plaintiff

13  alleged in a previous complaint plaintiff filed against

14  ᴄARAMARK in San Francisco Superior Court on March 9, 2007.

15  These acts show a continuing pattern of further deprivation of

   plaintiff's civil rights by defendants.

16

17  The connected case number 07461178, which alleges acts that

   were committed by defendants while plaintiff was employed with

18  the ᴀᴃᴀᴍᴀ ᴋᴋ   has been presently removed to federal court by

19  ᴀᴦ𝒽ᴍᴀʀᴋ. on January 30, 2008 which plaintiff believes is an

20  attempt to delay trial and prosecution of the case in state

21  court. Plaintiff will file a motion for remand in federal court

22  to have the case moved back to state court within 30 days of its

23  removal.

24  ᴀʀᴀᴍᴀʀᴋ stated to the court in their case management

25

   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                           2

1  conference statement that they would file a motion for summary

2  judgment or as an alternative a motion for summary adjudication

3  but instead, upon discovering that plaintiff has acquired enough

4  evidence to support his claims through his own discovery plan,

5  defendants removed the case to federal court in an attempt to

6  divert plaintiff and gather their thoughts as to how they want

7  and should settle the case.

8  Plaintiff will ~~file~~ also file a second amended complaint

9  adding claims alleging Wrongful Termination, additional

10 retaliation that resulted in Fraud and Intentional Deceit,

11 Suppression of Fact, and to change quid pro quo sexual

12 harassment to hostile work environment sexual harassment.

13 Plaintiff will also file a supplemental complaint alleging

14 continued retaliation after plaintiff filed his complaint on

   March 9, 2007.

15                              PARTIES

16 1.    Plaintiff Mark Antoine Foster was an employee of

17 defendant Morgan and Lewis's client Aramark Sports and

18 Entertainment, a subsidiary of Aramark Corporation. He worked

19 for the Carnelian Room located at 555 California Street, San

20 Francisco, California.

21 2.    Defendants does 1 through 81, inclusive, are sued

22 under fictitious names.   Their true names and capacities are

23 unknown to plaintiff. When their true names and capacities are

24 ascertained, plaintiff will amend this complaint by inserting

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              3

1  their true names and capacities herein. Plaintiff is informed

2  and believes and thereon alleges that each of the fictitiously

3  named defendants is responsible in some manner for the

4  occurrences herein alleged, and such defendants caused plaintiff

5  damages as herein alleged.

6  　3.　Plaintiff is informed and believes, and thereon

7  alleges, that at all times herein mentioned each and every

8  defendant was the agent, servant, employee and/or representative

9  of each other defendant and was, in doing the things complained

10  of herein, acting within the scope of said agency, service,

11  employment and or representation, and that each and every

12  defendant herein is jointly and severally responsible and liable

13  to plaintiff for the damages hereinafter alleged.

14  　　　　　　　　　　JURISDICTION AND VENUE

15  　4.　　Jurisdiction is proper in this court as the acts

16  　　　　complained of occurred in San Francisco,

17  　　　　California.

18  　5.　　The amount in controversy exceeds limited

19  　　　　jurisdiction.

20  　6.　Plaintiff   timely   files   this   complaint,   as   he

21  　　　　discovered  the  fraudulent  acts  of  the  defendants  in

22  　　　　December 2007.

23  　7.　Plaintiff will  amend  this  complaint  to  allege  those

24  　　　　causes of action once defendants respond to the claim.

25  　　　　　　　　　　**FIRST CAUSE OF ACTION**
　　　　　　　　　　**FRAUD AND INTENTIONAL DECEIT**

COMPLAINT FOR DAMAGES, CIVIL RIGHTS　　　　　　　　　　　4

**(California Civil Codes 1709, 1710 and 1572)**
**FIRST COUNT**
**INTENTIONAL MISREPRESENTATION OF FACT**

8.    Plaintiff realleges and incorporates herein by reference every allegation stated herein.

9.    Plaintiff is informed, believes and therefore alleges that the defendants' acts constituted fraud and intentional deceit due to the defendants attempting to help their client cover-up a possible or "would-be" disability discrimination claim from plaintiff, in the event plaintiff discovered that defendants discriminated against due to his disability.

10.    On or around March 28, 2006, plaintiff requested a medical leave from Aramark due to work related stress allegedly caused by two of the Aramark's supervisor/managers. On or around March 28, 2006, plaintiff signed an voluntary resignation agreement stating he would return no later than June 15, 2006 and that if he did not return by June 15, 2006, his absence would be considered a voluntary quit and he will be terminated on that day.

11.    On or around June 15, 2006, plaintiff did not return to work due to (1) still being disabled and (2) due to fear of further retaliation from ARAMARK, and (3) due to fear of being terminated once he did return to work for the Aramark.

12.    Plaintiff is informed, believes and therefore alleges that he was forced to resign on June 15, 2006 pursuant to the voluntary resignation agreement he signed on March 28, 2006,

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

5

1  absent Aramark offering plaintiff a further reasonable

2  accommodation to his disability before allowing him to "

3  voluntarily quit", as voluntary quit in this case is voluntary

4  termination, which results in its simple form - termination of

5  employment.

6   13.   On or around March 9, 2007, plaintiff filed a

7  complaint against defendants Aramark Sports,LLC, and Ying Kee

8  McVicker and Mathew Lee as individuals, alleging Retaliation,

9  Harassment, Constructive Discharge, Failure to Prevent

10  Harassment, and Intentional Infliction of Emotional Distress.

11  Plaintiff did not in this complaint allege Disability

12  Discrimination due to not knowing his was or had been subject to

13  disability Discrimination at that point in time. Plaintiff

14  discovered in January 2008 that he had been subject to

15  disability discrimination on June 15, 2006.

16   14.   Plaintiff alleges that sometime in Feb.2007, he

17  requested his employee records from Aramark, specifically

18  Aramark's HR Manager, James Chan. Mr. Chan released plaintiff's

19  employee records which contained a copy of the voluntary

20  resignation agreement dated March 28, 2006 plaintiff signed

21  agreeing to return on June 15 2006. On the Face of the Voluntary

22  Resignation Agreement was a notation made by James Chan stating

23  that he communicated with the Executive Chef regarding Plaintiff

24  not returning to work on June 15, 2006. Plaintiff alleges that

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                        6

1  this is evidence that he was terminated pursuant to the

2  voluntary resignation agreement, in addition to the fact that

3  the mere existence of the voluntary resignation agreement shows

4  plaintiff was more than likely terminated pursuant to it.

5      15.    On or around August 28, 2007, plaintiff served Aramark

6  a request for documents demanding all documents relevant to his

7  termination; instead of Aramark producing the same documents he

8  received from James Chan before he filed his lawsuit ARAMARK :

9  presented another version of the voluntary resignation without

10  the notation of James Chan on the face of the agreement. This

11  shows defendants withheld evidence.

12      16.    On or around December 20, 2007, plaintiff realized

13  through research that he had been subject to Disability

14  Discrimination and in December 2007, filed a motion to amend his

15  complaint to add Disability Discrimination under the ADA, UNRUH

16  and FEHA. Defendants stipulated with plaintiff to allow the

17  amendment.

18      17.    On or Around Jan 15, 2008, Plaintiff discovered

19  through his Discovery served on Aramark that he was defrauded by

20  defendants, as defendants conspired with their clients to help

21  cover up or attempt to cover-up the fact that they had

22  discriminated against plaintiff due to his mental disability.

23      18.    On or around May 2, 2007, defendants with their client

24  Aramark and their clients' Worker's compensation Attorneys Gray

25

1  and Prouty, requested from plaintiff that he agree and sign a

2  document stating that he voluntarily resigned on May 1, 2007.

3  The purpose for defendants' request was to allow the proposed

4  agreement to void out the agreement signed on March 28, 2006, as

5  this agreement is the initial and actual reason why plaintiff

6  was terminated: which was when plaintiff was forced to resign

7  due to his disability violating ADA, the Unruh and FEHA.

8      19.    Defendants and their client Aramark submitted the

9  agreement to plaintiff for his signature. Plaintiff then refused

10  to agree that he resigned on May 1, 2007, knowing that he

11  resigned on June 15, 2006, pursuant to the agreement signed on

12  March 28, 2006.

13      20.    Defendants insisted that plaintiff sign the agreement

14  prior to releasing his already agreed upon Worker's Compensation

15  settlement of $5,500. Plaintiff altered the date and signed the

16  agreement as voluntarily resigning on June 15, 2006, not May 1,

17  2007 as Defendants requested he do. Although plaintiff did not

18  sign the agreement as voluntarily resigning on May 1, 2007, he

19  did sign agreeing that he *voluntarily resigned* on June 15, 2006.

20  Even though defendants were not successful in getting plaintiff

21  to agree that he resigned on May 1, 2007, they planned to use

22  the agreement anyway to void out the original agreement signed

23  on March 28, 2006. Defendant planned to use the new agreement to

24  say that plaintiff resigned on June 15, 2006 to give the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                8

1 impression that he voluntarily resigned on his own on June 15,

2 2006 and not pursuant to the agreement he signed on March 28,

3 2006, to shield themselves from disability discrimination.

4 Although the mere existence of any voluntary agreement plaintiff

5 signed in May 2007, or anytime therafter is a fraud.

6    21.    Plaintiff is informed believes and therefore alleges

7 that the defendants made a false representation offering the

8 voluntary resignation agreement. The true facts being; Aramark

9 forced plaintiff to resign pursuant to the voluntary resignation

10 agreement he signed on March 28, 2006,and defendants and Aramark

11 were attempting to suppress this material fact. Defendants

12 requesting plaintiff to sign the agreement presented on May 2,

13 2007.This act was FRAUD in its purest Form. Defendants abused

14 their position of attorneys and held back the agreed upon

15 settlement to coerce plaintiff to sign the agreement, causing

16 plaintiff to defraud his own self. Plaintiff signed the

17 agreement and returned it, as this proves that the FRAUD reached

18 its full Fruition or Justifiable reliance, damaging plaintiff

19 even further.

20    22.    Plaintiff alleges that it was a misrepresentation of

21 Material Fact by Defendants to request plaintiff to agree and

22 sign an agreement stating that his voluntary resignation was on

23 a date after he had already voluntarily resigned in an attempt

24 to cover up a possible disability discrimination claim against

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

9

1    their clients.

2    23.    Defendants attempt to use the document to void out his

3    original resignation agreement signed on March 28, 2006 was

4    despicable conduct done with malice. Defendants attempted to

5    help their clients defraud Plaintiff of his rightful claim of

6    disability discrimination and the tangible and intangible

7    benefits representing monetary and other remedy for damages that

8    could be awarded due to the disability claim. This act is

9    clearly an intentional misrepresentation of Material Fact.

10    24.    When the Defendants made the representations, they

11    knew then to be false or were based on false pretenses or

12    misrepresentations, as the defendants made these representations

13    with the intention to deceive and defraud plaintiff and to

14    induce plaintiff to act in reliance on these representations in

15    the manner alleged, or with the expectation that plaintiff would

16    so act. Defendants expected plaintiff to sign the agreement so

17    he could receive his WC Settlement of $5,500 and coerced him to

18    sign the agreement before agreeing to release payment of the

19    $5,500 to him.

20    25.    Plaintiff at the time these representations were made

21    by Defendants, believed that that the Defendants representations

22    were true. Due to believing, plaintiff thought it was acceptable

23    or all right to sign the document, and that it was not depriving

24    him of any further rights and that there was a legal forthright

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                  10

1  reason for defendants requesting him to sign the voluntary

2  agreement. Aramark and the defendants used their positions as

3  attorneys to help present the document to trick plaintiff, as if

4  it was legal when actually it was not, as this shows that

5  plaintiff's reliance on defendant representation was justified.

6     26.     Plaintiff alleges that he has satisfied all the

7  elements for intentional misrepresentations, which includes: (1)

8  misrepresentations (2) Material Fact (3) Knowledge of Falsity

9  (4) Intent to induce reliance (5) Justifiable reliance and (6)

10 Causation and Damages

11    27.     Defendants attempt to defraud Plaintiff violated

12 California Civil Codes 1709, 1710, and 1572

13    28.     As a proximate result of the fraudulent conduct or the

14 defendants as herein alleged, plaintiff was subjected to Fraud

15 and Intentional Deceit that subject or caused him emotional

16 distress and mental anguish.

17    29.     The aforementioned conduct of defendants was an

18 intentional misrepresentation, deceit, or concealment of a

19 material fact know to the defendants with the intention on the

20 part of the defendants to deprive the plaintiff of property or

21 legal rights, causing injury, and was despicable conduct that

22 subjected plaintiff to a cruel unjust hardship in conscious

23 disregard of the plaintiff's rights, so as to justify an award

24 of exemplary and punitive damages.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              11

1

2                              SECOND COUNT

3                        Negligent Misrepresentation

4        30.   When the defendants made the representation they had

5    no reasonable grounds for believing them to be true. Defendants

6    knew that (1) it was not necessary for Plaintiff to sign the

7    Agreement at all (2) it was not necessary for plaintiff to sign

8    the agreement as a condition to him receiving or defendants

9    releasing plaintiff's already agreed upon worker's compensation

10   settlement of $5,500.

11       31.   Plaintiff alleges that the defendants made the

12   representation with intent to induce plaintiff to rely upon it.

13       32.   Plaintiff alleges that he was unaware of the falsity

14   of the representation; in that he did not know that the purpose

15   or the agreement was to shield Aramark from a possible

16   discrimination disability claim from plaintiff, depriving

17   plaintiff of any possible monetary damages from the claim.

18       33.   Plaintiff alleges that he acted in reliance upon the

19   truth of the representation; as in him thinking it was necessary

20   to sign the agreement, as he believed it to be safe or true

21   because it was presented to him by Aramark's worker's

22   compensation attorney. Plaintiff believed it to be true because

23   he knew Defendants and Aramark's Worker's Compensation Attorneys

24   knew exactly when he actually resigned or knew Plaintiff

25
                                                                    **12**
     COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  resigned on June 15, 2006 pursuant to the March 28, 2006

2  agreement.

3      34.   Defendants initiating these actions in an attempt to

4  DEFRAUD plaintiff of his claim of disability discrimination and

5  any possible monetary damages that would be awarded in lieu of

6  the disability discrimination claim, violated California Codes·

7  §1572, §1709 and §1710, Therefore Plaintiff is entitled to

8  Statutory Damages, Costs and awards of Attorney Fees.

9                          THIRD COUNT

10                       Suppression of Fact

11     35.   Defendants suppressed the fact that if was not

12  necessary for plaintiff to agree and sign the voluntary

13  resignation agreement to receive his worker's compensation

14  settlement of $5,500.

15     36.   In addition on or around July 2,2007, Aramark's

16  worker's compensation Attorney Dana Mitchell filed an opposition

17  to plaintiff's Readiness to Proceed. In the opposition,

18  Defendants state or implied that the reason plaintiff's

19  settlement of $5,500 had not been paid was due to plaintiff

20  filing an EEOC Claim subsequent to agreeing to the settlement of

21  $5,500 with defendants. Defendants lied to the Worker's

22  Compensation Appeals Board to create a "Smoke screen" or cover

23  up as to the actual reason plaintiff's settlement was held up,

24  which was defendants wanting to force plaintiff to sign the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                            13

1  agreement to shield them from the disability discrimination
2  claim. Defendants concealed from the Worker's Compensation
3  Appeals Board that there was no EEOC Claim filed by plaintiff
4  subsequent to the agreement of the worker's compensation
5  Settlement.

6      37.   The defendants made the failure to disclose and
7  suppressed and/or concealed the information mentioned herein
8  alleged, with the intent to induce the plaintiff to act in the
9  manner herein alleged in reliance thereupon, with the intent to
10 cause plaintiff to sign the agreement.

11     38.   As a proximate result of the fraudulent conduct or the
12 defendants as herein alleged, plaintiff was subjected to Fraud
13 and Intentional Deceit that subject or caused him emotional
14 distress and mental anguish.

15     39.   The aforementioned conduct of defendants was an
16 intentional misrepresentation, deceit, or concealment of a
17 material fact known to the defendants with the intention on the
18 part of the defendants of to deprive the plaintiff of property
19 or legal rights, causing injury, and was despicable conduct that
20 subjected plaintiff to a cruel unjust hardship in conscious
21 disregard of the plaintiff's rights, so as to justify an award
22 of exemplary and punitive damages.

23     40.   Defendants' attempt to defraud plaintiff violated
24 section 1572 of the California Civil Code. Plaintiff is

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                           **14**

1 | therefore entitled to Statutory Damages, Costs and award of

2 | Attorney fees.

3 | Wherefore Plaintiff prays for judgment against Defendants

4 | as more fully set forth below.

5 | SECOND CAUSE OF ACTION

6 | Mail Fraud (18 U.S.C. Section 1341)

7 | 41. Plaintiff realleges and incorporates therein by

8 | reference every allegation stated herein.

9 | 42. On or around May 2, 2007 Defendants mailed to

10 | Plaintiff by way of his Worker's Compensation Attorney Mary Lou

11 | Williams, the voluntary agreement, which was the execution of a

12 | scheme to defraud plaintiff.

13 | 43. Title 18 – Crimes and Criminal Procedures, Part 1 –

14 | Crimes Chapter 63 section 1341 Frauds and Swindles States:

15 | Whoever, having devised or intending to devise any scheme or

16 | artifice to defraud, or for obtaining money or property by means

17 | of false or fraudulent pretenses, representations, or promises,

18 | or to sell, dispose of, loan, exchange, alter, give away,

19 | distribute, supply, or furnish or procure for unlawful use any

20 | counterfeit or spurious coin, obligation, security, or other

21 | article, or other article, or anything represented to be or

22 | intimated or held out to be such counterfeit or spurious

23 | article, for the purpose of executing such scheme or artifice or

24 | attempting so to do, places in any post office or authorized

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  depository for mail matter, any matter or thing whatever to sent
2  or delivered by the Postal Service, or Deposits or causes to be
3  deposited any matter or thing whatever to sent or delivered by
4  any private or commercial interstate carrier, or takes or
5  receives therefrom, any such matter or thing, or knowingly
6  causes to be delivered by mail or such carrier according to the
7  direction thereon, or at the place at which it is directed to be
8  delivered by the person to whom it is addressed, any such matter
9  or thing shall be fined under this title or shall be fined under
10  this title or imprisoned not more than 20 years, or both.

11      44. Upon Defendants placing the Voluntary Resignation
12  Agreement in the Post Office for Mail matter to be sent by the
13  Postal Service, the Defendants committed Mail Fraud.

                        FIRST COUNT OF MAIL FRAUD

15      45. On or around May 2,2007 upon Defendants mailing the
16  Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th
17  Street, San Francisco, CA 94104 constitutes first count of mail
18  fraud.

                        SECOND COUNT OF MAIL FRAUD

20      46. On or around May 2,2007 upon Defendants mailing a copy
21  of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,
22  at P.O. Box 591, Burbank, CA constitutes second count of mail
23  fraud, as it was initiated to further the Scheme.

                        THIRD COUNT OF MAIL FRAUD

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              16

1    47. On or around May 2,2007 upon Defendants mailing a copy

2  of the Voluntary Resignation Agreement to Mark Antoine Foster at

3  725 Ellis Street, San Francisco, CA., constitutes a third count

4  of mail fraud, as it was initiated to further the Scheme.

5                    FOURTH COUNT OF MAIL FRAUD

6    48. On or around July 3,2007 upon Defendants mailing a

7  copy of the opposition to Plaintiff's Declaration of Readiness

8  to Proceed to the Worker's Compensation Appeals Board

9  constitutes a Fourth Count of MAIL FRAUD, as it was initiated to

10  further the Scheme.

11                    FIFTH COUNT OF MAIL FRAUD

12    49.  On or around July 3,2007 upon Defendants mailing a

13  copy of the opposition to Plaintiff's Declaration of Readiness

14  to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,

15  CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was

16  initiated to further the Scheme.

17                    SIXTH COUNT OF MAIL FRAUD

18    50. On or around July 3,2007 upon Defendants mailing a

19  copy of the opposition to Plaintiff's Declaration of Readiness

20  to Proceed Gretchen Devine at Specialty Risk Services at P.O.

21  Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,

22  as it was initiated to further the Scheme.

23    51.  As a proximate result of the fraudulent conduct or the

24  defendants as herein alleged, plaintiff was subjected to Fraud

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              **17**

1  and Intentional Deceit and Mail Fraud that or caused him

2  emotional distress and mental anguish.

3      52.   The aforementioned conduct of defendants was an

4  intentional misrepresentation, deceit, or concealment of a

5  material fact know to the defendants with the intention on the

6  part of the defendants of to deprive the plaintiff of property

7  or legal rights, causing injury, and was despicable conduct that

8  subjected plaintiff to a cruel unjust hardship in conscious

9  disregard of the plaintiff's rights, so as to justify an award

10 of exemplary and punitive damages.

11     53.   Defendants' attempt to defraud plaintiff violated

12 section 1572 of the California Civil Code. Plaintiff is

13 therefore entitled to Statutory Damages, Costs and award of

14 Attorney fees.

15     Wherefore Plaintiff prays for judgment against Defendants

16 as more fully set forth below.

17                    THIRD CAUSE OF ACTION

18                    CONSPIRACY TO DEFRAUD

19               (18 U.S.C. SECTION §1345,§1349)

20     54.   Plaintiff realleges and incorporates therein by

21 reference every allegation stated herein.

22     55.   Plaintiff is informed, believes and therefore alleges

23 that between March 9,2007 and May 1, 2007 Defendants and members

24 of Aramark's Management conspired to defraud plaintiff by

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    **18**

1    attempting to cover-up a "would be" Disability Discrimination

2    Claim and wrongful termination Claim pursuant to the ADA, the

3    UNRUH and FEHA.

4        56.   Plaintiff is informed, believes and therefore alleges

5    that Aramark's managers conspired and with their council, both

6    Gray & Prouty and Morgan & Lewis to submit and offer the

7    Voluntary Resignation Agreement to plaintiff, on May 2,2007,

8    knowing it was being submitted for fraudulent reasons.

9        57.   Defendants conspiring to defraud plaintiff violated

10    California Civil Codes 1709, 1710 and 1572 and 18 U.S.C. Section

11    1345, and 1349.

12        58.   As a proximate result of the fraudulent conduct of the

13    defendants as herein alleged, plaintiff was subjected to fraud

14    and intentional deceit and MAIL FRAUD, causing plaintiff to

15    suffer emotional stress.

16        59.   The aforementioned conduct of defendants was an

17    intentional misrepresentation deceit, or concealment of a

18    material fact know to the defendants with the intention on the

19    part of the defendants of thereby depriving the plaintiff of

20    property or legal rights causing injury, and was despicable

21    conduct that subjected plaintiff to a cruel unjust hardship in

22    conscious disregard of the plaintiff's rights, so as to justify

23    an award of exemplary and punitive damages.

24        Wherefore Plaintiff prays for judgment against Defendants

25    COMPLAINT FOR DAMAGES, CIVIL RIGHTS

19

1 | as more fully set forth below.

2 | FOURTH CAUSE OF ACTION

3 | WIRE FRAUD

4 | 18 U.S.C. SECTION 1343

5 | 60. Plaintiff realleges and incorporates therein by
6 | reference every allegation stated herein.

7 | 61. Plaintiff is informed, believes and therefore alleges
8 | that between March 9,2007 and May 2,2007, Defendants and members
9 | of Aramark Management utilized emails, the telephone or by fax
10 | to further their Scheme to defraud Plaintiff by attempting to
11 | cover-up a "would be" disability discrimination claim and
12 | wrongful termination Claim pursuant to the ADA, the UNRUH and
13 | FEHA.

14 | 62. Plaintiff is informed, believes and therefore alleges
15 | that between March 9,2007 and May 2,2007, Defendants and members
16 | of Management of Aramark conspired with their council Gray &
17 | Prouty and Morgan & Lewis to submit the offer to plaintiff in
18 | the form of the agreement.

19 | 63. Defendant's use of the above mentions methods of
20 | Communication to defraud plaintiff violated Section California
21 | Civil Codes 1709, 1710 and 18 U.S.C. Section 1343.

22 | 64. As a proximate result of the Fraudulent conduct or the
23 | defendants as herein alleged, Plaintiff was subjected to Fraud
24 | and Intentional Deceit and MAIL FRAUD, causing plaintiff

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

20

1  emotional stress.

2      65. The aforementioned conduct of defendants was an
3  intentional misrepresentation, deceit, or concealment of a
4  material fact know to the defendants with the intention on the
5  part of the defendants, thereby depriving the plaintiff of
6  property or legal rights causing injury to plaintiff, and was
7  despicable conduct that subjected plaintiff to a cruel unjust
8  hardship in conscious disregard of the plaintiff's rights, so as
9  to justify an award of exemplary and punitive damages.

10     Wherefore Plaintiff prays for judgment against Defendants
11  as more fully set forth below.

12                      FIFTH CAUSE OF ACTION

13                    BREACH OF FUDICIARY DUTY

14     66.  Plaintiff  realleges  and  incorporates  therein  by
15  reference every allegation stated herein.

16     67.  Defendants,  as  attorneys,  breached  their  fiduciary
17  duty,  as  attorneys,  they  were  negligent  in  their  duties  and
18  behaved in a way that was despicable due to them being attorneys
19  having  a  duty  of  care  to  uphold  the  law,  knowing  they  were
20  helping break the law. Defendants knew the acts being committed
21  were  being  done  for  fraudulent  reasons  and  still  allowed
22  themselves  to  conspire  with  their  clients  to  help  defraud
23  plaintiff.  Defendants  recognized  the  risks  created  by  their
24  actions  and  Aramark  actions  and  understood  what  could  happen

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              21

1  from those risks taken.

2      68.  Plaintiff alleges that defendants knew all details
3  regarding plaintiff's employment with their client Aramark,
4  including knowing when plaintiff actually resigned and why.
5  Defendants knew requesting and coercing plaintiff to sign the
6  agreement presented on May 2, 2007 was to void out the original
7  agreement plaintiff signed on March 28, 2006 to help shield
8  their client Aramark from a possible discrimination claim from
9  plaintiff.

10      69.  Plaintiff alleges that professional attorneys are held
11  to a higher standard of care than an ordinary reasonable person
12  would be. Attorneys must behave as a reasonable attorney would
13  do so rather than a reasonable person. The perspective of an
14  attorney would be different matters in the court. Defendants
15  Morgan and Lewis, and Eric Meckley owe plaintiff a reasonable
16  standard of care.

17      70.  Plaintiff alleges that the defendants' acts breached
18  their fiduciary duty violating section §3300 of the California
19  Civil Code.

20      71.  As a direct and proximate result of said breach,
21  plaintiff has suffered the actual and special and general
22  damages as alleged, and which are incorporated herein by this
23  reference, and seek recovery of the same, and for an award of
24  costs and reasonable attorney fees.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    22

1    72.  Plaintiff alleges that the defendants' breach was

2   committed to defraud plaintiff and was in conscious disregard of

3   plaintiff's rights and was willful, oppressive and malicious;

4   and designed to cause plaintiff to suffer economic and emotional

5   injury. Plaintiff is therefore entitled to an award of exemplary

6   and punitive damages against defendants, in an amount to be

7   determined at trial.

8       Wherefore Plaintiff prays for judgment against Defendants

9   as more fully set forth below.

10              INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11     73.  Plaintiff realleges and incorporates therein by

12   reference every allegation stated herein.

13     74.  The fraudulent actions of defendants were outrageous,

14   intentional and malicious and done with reckless disregard of

15   the fact that they would certainly cause plaintiff to suffer

16   severe emotional and physical distress. Defendants knew that

17   defrauding plaintiff in an attempt to deprive from his "would

18   be" Disability Discrimination Claim would certainly cause him to

19   suffer severe emotional and physical distress. Defendants also

20   knew Plaintiff had already suffered psychological injury due to

21   the previous acts of the Aramark while Plaintiff was employed at

22   the Carnelian Room, but still proceeded with their Fraudulent

23   acts after Plaintiff resigned or was constructively Discharged.

24       75. As a proximate result of the acts of defendants,

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

**23**

1 Plaintiff has and will more than likely continue to suffer

2 emotional distress in the form of fear, anxiety, worry, and

3 mental suffering as the injury will have an effect on

4 Plaintiff's future capacity to work and earn income.

5 76. Plaintiff will seek more psychological counseling as a

6 result of the defendants conduct.

7 77. As a proximate result of Defendants conduct, Plaintiff

8 has suffered general Damages in an amount to be determined by

9 Proof at Trial.

10 78. Defendants conduct was done knowingly, willfully and

11 with malicious intent and Plaintiff can prove the fraudulent

12 acts of Defendants by "clear and convincing" evidences and

13 therefore Plaintiff is entitled o Punitive Damages in an amount

14 to be determined by Proof at trial.

15 Wherefore Plaintiff prays for judgment against Defendants

16 as more fully set forth below.

17 NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18 79. Plaintiff realleges and incorporates therein by

19 reference every allegation stated herein.

20 80.  Plaintiff is informed, believes and therefore alleges

21 that Defendant Morgan and Lewis is negligent in causing

22 plaintiff Emotional Distress, in that Defendant Morgan and Lewis

23 has breached their duty of care by allowing themselves as

24 attorneys and their client Aramark to intentionally inflict

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

24

1  Plaintiff with Emotional Distress causing Plaintiff injury

2  resulting in damages. Defendants' negligence causing of

3  Emotional Distress is not an independent Tort: it is a Tort of

4  Negligence.

5      81.   As a proximate result of the fraudulent conduct of

6  the defendants as herein alleged, plaintiff was injured

7  emotionally and mentally suffering damage

8      Wherefore Plaintiff prays for judgment against Defendants

9  as more fully set forth below.

10                     PRAYER FOR RELEIF

11     WHEREFORE, Plaintiff FOSTER prays for judgment against

12  defendants, and each of them, as more fully set forth below:

13     1. For general damages, including emotional distress,

14        according to proof;

15     2. For statutory penalties and all relief allowed by

16        statute according to proof;

17     3. For punitive damages;

18     4. For an award of attorney's fees;

19     5. For pre-judgment interest at the legal rate according to

20        proof;

21     6. For costs of suit incurred;

22     7. For such other and further relief as the court may deem

23        proper.

24  Dated:

25

February 7, 2008

Mark Antoine Foster, In Pro Per

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

26

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* Morgan Lewis & Bokius LLP and Eric Meckuy as an Individual and Does 1 through 81

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Mark Antoine Foster

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **SUPERIOR COURT**<br>**400 MCALLISTER STREET RM 103**<br>SAN FRANCISCO CA 94102 |

CASE NUMBER:
*(Número del Caso):* CGC-08-471937

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark Antoine Foster    415-756 1611
200 Corpus Cristi Rd #4
Alameda CA 94502 Anton Parkel

D. STEPPE

DATE: FEB 07 2008    Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |

EXHIBIT 2

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 07 2008

GORDON PARK-LI, Clerk
BY: _____ DEBORAH STEPPE
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

JUL 1 1 2008 ~9:00 AM

**DEPARTMENT 212**

1 | Mark Antoine Foster, In Pro Per
2 | 200 Corpus Cristie Road #A
Alameda, CA 94502
3 | (415) 756-1611

8 | SUPERIOR COURT OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN FRANCISCO

10 | CIVIL UNLIMITED JURISDICTION **CGC-08-471939**

| | |
|---|---|
| MARK ANTOINE FOSTER, | **COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS (related to Employment discrimination)** |
| Plaintiff, | 1. **Fraud and Intentional Deceit** |
| | 2. **Intentional Misrepresentation of Fact** |
| vs. | 3. **Negligent Misrepresentation** |
| | 4. **Suppression of Fact** |
| SPECIALTY RISK SERVICES, AND GRETCHEN DEVINE, as an individual, and DOES 1 through 91 | 5. **Mail Fraud (18 U.S.C Sec. §1341)** |
| | 6. **Conspiracy to Mail Fraud (18 U.S.C. §1345, §1349)** |
| | 7. **Wire Fraud (18 U.S.C. Sec. §1343)** |
| Defendants | 8. **Breach of Fiduciary Duty** |
| | 9. **Intentional Infliction of Emotional Distress** |
| | 10. **Negligent Infliction of Emotional Distress** |

INTRODUCTION

This case is brought against defendants pursuant to California Codes of Civil Procedure §1709, §1710 and §1572 for committing acts that constitute fraud and intentional deceit, mail fraud and wire fraud and conspiracy to defraud. Defendant

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1

1  SPECIALTY RISK SERVICES and its employee GRETCHEN DEVINE

2  conspired with their clients Aramark Sports, L.L.C. and Aramark

3  Corporation to defraud plaintiff of his disability

4  discrimination claim against defendant Aramark Corporation. The

5  acts were committed to shield their client from a "would be"

6  claim of disability discrimination claim and deprive plaintiff

7  of any monetary damages that would be awarded to plaintiff as a

8  result. Defendant's acts were related to plaintiff's previous

9  employment with  ARAMARK    , as defendants committed these

10 acts after plaintiff's employment with the defendants ended.

11     Although the acts were committed after plaintiff's

12 employment ended, the acts were connected to claims plaintiff

13 alleged in a previous complaint plaintiff filed against

14 ARAMARK in San Francisco Superior Court on March 9, 2007.

15 These acts show a continuing pattern of further deprivation of

16 plaintiff's civil rights by defendants.

17     The connected case number 07461178, which alleges acts that

18 were committed by defendants while plaintiff was employed with

19 the ARAMARK has been presently removed to federal court by

20 ARAMARK on January 30, 2008 in an attempt to delay trial and

21 prosecution of the case in state court. Plaintiff will file a

22 motion for remand in federal court to have the case moved back

23 to state court within 30 days of its removal.

24     ARAMARK. stated to the court in their case management

25 conference statement that they would file a motion for summary

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

2

1   judgment or as an alternative a motion for summary adjudication
2   but instead, upon discovering that plaintiff has acquired enough
3   evidence to support his claims through his own discovery plan,
4   defendants removed the case to federal court in an attempt to
5   divert plaintiff and gather their thoughts as to how they want
6   and should settle the case.

7       Plaintiff will    ,. also file a second amended complaint
8   adding claims alleging Wrongful Termination, additional
9   retaliation that resulted in Fraud and Intentional Deceit,
10  Suppression of Fact, and to change quid pro quo sexual
11  harassment to hostile work environment sexual harassment.

12      Plaintiff will also file a supplemental complaint alleging
    continued retaliation after plaintiff filed his complaint on
13  March 9, 2007.

14                          PARTIES

15      1.   Plaintiff Mark Antoine Foster was an employee of
16  defendant Speciality Risk Services client Aramark Sports and
17  Entertainment, a subsidiary of Aramark Corporation. He worked
18  for the Carnelian Room located at 555 California Street, San
19  Francisco, California.

20      2.   Defendants does 1 through 91, inclusive, are sued
21  under fictitious names.  Their true names and capacities are
22  unknown to plaintiff. When their true names and capacities are
23  ascertained, plaintiff will amend this complaint by inserting
24  their true names and capacities herein. Plaintiff is informed
25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          3

1  and believes and thereon alleges that each of the fictitiously

2  named defendants is responsible in some manner for the

3  occurrences herein alleged, and such defendants caused plaintiff

4  damages as herein alleged.

5      3.    Plaintiff is informed and believes, and thereon

6  alleges, that at all times herein mentioned each and every

7  defendant was the agent, servant, employee and/or representative

8  of each other defendant and was, in doing the things complained

9  of herein, acting within the scope of said agency, service,

10  employment and or representation, and that each and every

11  defendant herein is jointly and severally responsible and liable

   to plaintiff for the damages hereinafter alleged.

12

                       JURISDICTION AND VENUE

13

14      4.         Jurisdiction is proper in this court as the acts

                   complained of occurred in San Francisco,

15

                   California.

16

17      5.         The amount in controversy exceeds limited

                   jurisdiction.

18

19      6.    Plaintiff  timely  files  this  complaint,  as  he

                   discovered the fraudulent acts of the defendants in

20

                   December 2007.

21

22      7.    Plaintiff will amend this complaint to allege those

                   causes of action once defendants respond to the claim.

23                      **FIRST CAUSE OF ACTION**
   **FRAUD AND INTENTIONAL DECEIT**

24             **(California Civil Codes 1709, 1710 and 1572)**
   **FIRST COUNT**

25

   COMPLAINT FOR DAMAGES, CIVIL RIGHTS             **4**

1

**INTENTIONAL MISREPRESENTATION OF FACT**

2      8.    Plaintiff realleges and incorporates herein by reference

3      every allegation stated herein.

4      9. Plaintiff is informed, believes and therefore alleges that

5      the defendants' acts constituted fraud and intentional deceit

6      due to the defendants attempting to help their client cover-up a

7      possible or would-be disability discrimination claim from

8      plaintiff, in the event plaintiff discovered that Aramark

9      discriminated against him due to his disability.

10      10.    On or around March 28, 2006, plaintiff requested a

11      medical leave from the Aramark due to work related stress

12      allegedly caused by two of the Aramarks' supervisor/managers. On

13      or around March 28, 2006, plaintiff signed an voluntary

14      resignation agreement stating he would return no later than June

15      15, 2006 and that if he did not return by June 15, 2006, his

16      absence would be considered a voluntary quit and he will be

17      terminated on that day.

18      11.    On or around June 15, 2006, plaintiff did not return

19      to work due to (1) still being disabled and (2) due to fear of

20      further retaliation from ARAMARK, and (3) due to fear of

21      being terminated once he did return to work for Aramark.

22      12.    Plaintiff is informed, believes and therefore alleges

23      that he was forced to resign on June 15, 2006 pursuant to the

24      voluntary resignation agreement he signed on March 28, 2006,

25      absent Aramark offering plaintiff a further reasonable

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    5

1  accommodation to his disability before allowing him to "
2  voluntarily quit", as voluntary quit in this case is voluntary
3  termination which results in its simple form - termination of
4  employment.

5    13.    On or around March 9, 2007, plaintiff filed a
6  complaint against defendants Aramark Sports,LLC, and Ying Kee
7  McVicker and Mathew Lee as individuals, alleging Retaliation,
8  Harassment, Constructive Discharge, Failure to Prevent
9  Harassment, and Intentional Infliction of Emotional Distress.
10  Plaintiff did not in this complaint allege Disability
11  Discrimination due to not knowing his was or had been subject to
12  disability Discrimination at that point in time. Plaintiff
13  discovered in January 2008 that he had been subject to
14  disability discrimination on June 15, 2006.

15    14.    Plaintiff alleges that sometime in Feb.2007, he
16  requested his employee records from Aramark, specifically
17  Aramark's HR Manager, James Chan. Mr. Chan released plaintiff's
18  employee records which contained a copy of the voluntary
19  resignation agreement dated March 28, 2006 plaintiff signed
20  agreeing to return on June 15 2006. On the Face of the Voluntary
21  Resignation Agreement was a notation made by James Chan stating
22  that he communicated with the Executive Chef regarding plaintiff
23  not returning to work on June 15, 2006. Plaintiff alleges that
24  this is evidence that he was terminated pursuant to the

25

1  voluntary resignation agreement, in addition to the fact that
2  the mere existence of the voluntary resignation agreement shows
3  plaintiff was more than likely terminated pursuant to it.

4  15.   On or around August 28, 2007, plaintiff served Aramark
5  a request for documents demanding all documents relevant to his
6  termination; instead of Aramark producing the same documents he
7  received from James Chan before he filed his lawsuit ARAMARK
8  presented another version of the voluntary resignation without
9  the notation of James Chan on the face of the agreement. This
10 shows defendants withheld evidence.

11 16.   On or around December 20, 2007, plaintiff realized
12 through research that he had been subject to Disability
13 Discrimination and in December 2007, filed a motion to amend his
14 complaint to add Disability Discrimination under the ADA, UNRUH
15 and FEHA. Defendants stipulated with plaintiff to allow the
16 amendment.

17 17.   On or Around Jan 15, 2008, Plaintiff discovered
18 through his Discovery served on Aramark that he was defrauded by
19 defendants, as defendants conspired with their clients to help
20 cover up or attempt to cover-up the fact that they had
21 discriminated against plaintiff due to his mental disability.

22 18.   On or around May 2, 2007, defendants with their client
23 Aramark and their clients' Worker's compensation Attorneys Gray
24 and Prouty, requested from plaintiff that he agree and sign a

25

1 document stating that he voluntarily resigned on May 1, 2007.

2 The purpose for defendants' request was to allow the proposed

3 agreement to void out the agreement signed on March 28, 2006, as

4 this agreement is the initial and actual reason why plaintiff

5 was terminated: which was when plaintiff was forced to resign

6 due to his disability violating ADA, the Unruh and FEHA.

7    19.    Defendants and their client Aramark submitted the

8 agreement to plaintiff for his signature. Plaintiff then refused

9 to agree that he resigned on May 1, 2007, knowing that he

10 resigned on June 15, 2006, pursuant to the agreement signed on

11 March 28, 2006.

12    20.    Defendants insisted that plaintiff sign the agreement

13 prior to releasing his already agreed upon Worker's Compensation

14 settlement of $5,500. Plaintiff altered the date and signed the

15 agreement as voluntarily resigning on June 15, 2006, not May 1,

16 2007 as Defendants requested he do. Although plaintiff did not

17 sign the agreement as voluntarily resigning on May 1, 2007, he

18 did sign agreeing that he *voluntarily resigned* on June 15, 2006.

19 Even though defendants were not successful in getting plaintiff

20 to agree that he resigned on May 1, 2007, they planned to use

21 the agreement anyway to void out the original agreement signed

22 on March 28, 2006. Defendants and their client Aramark planned

23 to use the new agreement to say that plaintiff resigned on June

24 15, 2006, to give the impression that he voluntarily resigned on

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              8

1  his own on June 15, 2006, and not pursuant to the agreement he
2  signed on March 28, 2006, to shield themselves from disability
3  discrimination. Although the mere existence of any voluntary
4  agreement plaintiff signed in May 2007, or anytime thereafter,
5  is a fraud.

6     21.    Plaintiff is informed believes and therefore alleges
7  that the defendants made a false representation offering the
8  voluntary resignation agreement. The true facts being; Aramark
9  forced plaintiff to resign pursuant to the voluntary resignation
10 agreement he signed on March 28, 2006,and defendants and Aramark
11 were attempting to suppress this material fact. Defendants
12 requesting plaintiff to sign the agreement presented on May 2,
13 2007 was FRAUD in its purest Form. Defendants Specialty Risk
14 Services abused their position as worker's compensation carriers
15 and helped their client Aramark use the agreed upon settlement
16 of $5,500 to coerce plaintiff to sign the agreement, which would
17 cause plaintiff to defraud his own self. Plaintiff signed the
18 agreement and returned it, as this proves that the FRAUD reached
19 its full Fruition or Justifiable reliance, damaging plaintiff
20 even further.

21    22.    Plaintiff alleges that it was a misrepresentation of
22 Material Fact by Defendants to request plaintiff to agree and
23 sign an agreement stating that his voluntary resignation was on
24 a date after he had already voluntarily resigned in an attempt

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    9

1  to cover up a possible disability discrimination claim against
2  their clients.

3    23.   Defendants attempt to use the document to void out his
4  original resignation agreement signed on March 28, 2006 was
5  despicable conduct done with malice. Defendants attempted to
6  help their clients defraud Plaintiff of his rightful claim of
7  disability discrimination and the tangible and intangible
8  benefits representing monetary and other remedy for damages that
9  could be awarded due to the disability claim. This act is
10 clearly an intentional misrepresentation of Material Fact.

11   24.   When the Defendants made the representations, they
12 knew then to be false or were based on false pretenses or
13 misrepresentations, as the defendants made these representations
14 with the intention to deceive and defraud plaintiff and to
15 induce plaintiff to act in reliance on these representations in
16 the manner alleged, or with the expectation that plaintiff would
17 so act. Defendants expected plaintiff to sign the agreement so
18 he could receive his WC Settlement of $5,500 and coerced him to
19 sign the agreement before agreeing to release payment of the
20 $5,500 to him.

21   25.   Plaintiff at the time these representations were made
22 by Defendants, believed that the Defendants representations were
23 true. Due to believing, plaintiff thought it was acceptable or
24 all right to sign the document, and that it was not depriving

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1 | him of any further rights and that there was a legal forthright
2 | reason for defendants requesting him to sign the voluntary
3 | agreement. Aramark and the defendants abused their positions as
4 | reputable third party administrators, to help present the
5 | document as if it was legal when actually it was not, as this
6 | shows that plaintiff's reliance on defendant representation was
7 | justified.

8 | 26.    Plaintiff alleges that he has satisfied all the
9 | elements for intentional misrepresentations, which includes: (1)
10 | misrepresentations (2) Material Fact (3) Knowledge of Falsity
11 | (4) Intent to induce reliance (5) Justifiable reliance and (6)
12 | Causation and Damages

13 | 27.    Defendants attempt to defraud Plaintiff violated
14 | California Civil Codes 1709, 1710, and 1572

15 | 28.    As a proximate result of the fraudulent conduct or the
16 | defendants as herein alleged, plaintiff was subjected to Fraud
17 | and Intentional Deceit that subject or caused him emotional
18 | distress and mental anguish.

19 | 29.    The aforementioned conduct of defendants was an
20 | intentional misrepresentation, deceit, or concealment of a
21 | material fact know to the defendants with the intention on the
22 | part of the defendants to deprive the plaintiff of property or
23 | legal rights, causing injury, and was despicable conduct that
24 | subjected plaintiff to a cruel unjust hardship in conscious

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    11

1  disregard of the plaintiff's rights, so as to justify an award
2  of exemplary and punitive damages.

3                          SECOND COUNT

4                    Negligent Misrepresentation

5      30.   When the defendants made the representation they had
6  no reasonable grounds for believing them to be true. Defendants
7  knew that (1) it was not necessary for Plaintiff to sign the
8  Agreement at all (2) it was not necessary for plaintiff to sign
9  the agreement as a condition to him receiving or defendants
10 releasing plaintiff already agreed upon worker's compensation
11 settlement of $5,500.

12     31.   Plaintiff alleges that the defendants made the
13 representation with intent to induce plaintiff to rely upon it.

14     32.   Plaintiff alleges that he was unaware of the falsity
15 of the representation; in that he did not know that the purpose
16 or the agreement was to shield Aramark from a possible
17 discrimination disability claim from plaintiff, depriving
18 plaintiff of any possible monetary damages from the claim.

19     33.   Plaintiff alleges that he acted in reliance upon the
20 truth of the representation; as in him thinking it was necessary
21 to sign the agreement, as he believed it to be safe or true
22 because it was presented to him by ARAMARK's worker's
23 compensation attorney. Plaintiff believed it to be true because
24 he knew Defendants as well as Aramark's Worker's Compensation

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          12

1   disregard of the plaintiff's rights, so as to justify an award
2   of exemplary and punitive damages.

3                           SECOND COUNT

4                     Negligent Misrepresentation

5        30.    When the defendants made the representation they had
6   no reasonable grounds for believing them to be true. Defendants
7   knew that (1) it was not necessary for Plaintiff to sign the
8   Agreement at all (2) it was not necessary for plaintiff to sign
9   the agreement as a condition to him receiving or defendants
10  releasing plaintiff already agreed upon worker's compensation
11  settlement of $5,500.

12       31.   Plaintiff alleges that the defendants made the
13  representation with intent to induce plaintiff to rely upon it.

14       32.   Plaintiff alleges that he was unaware of the falsity
15  of the representation; in that he did not know that the purpose
16  or the agreement was to shield Aramark from a possible
17  discrimination disability claim from plaintiff, depriving
18  plaintiff of any possible monetary damages from the claim.

19       33.   Plaintiff alleges that he acted in reliance upon the
20  truth of the representation; as in him thinking it was necessary
21  to sign the agreement, as he believed it to be safe or true
22  because it was presented to him by ARAMARK'S worker's
23  compensation attorney. Plaintiff believed it to be true because
24  he knew Defendants as well as Aramark's Worker's Compensation

25

1 │ Attorneys knew exactly when Plaintiff actually resigned or knew

2 │ Plaintiff resigned on June 15, 2006 pursuant to the March 28,

3 │ 2006 agreement.

4 │ 34. Defendants initiating these actions in an attempt to

5 │ DEFRAUD plaintiff of his claim of disability discrimination and

6 │ any possible monetary damages that would be awarded in lieu of

7 │ the disability discrimination claim violating California Codes

8 │ 1572, 1709 and 1710, Therefore Plaintiff is entitled to

9 │ Statutory Damages, Costs and awards of Attorney Fees.

10 │ THIRD COUNT

11 │ Suppression of Fact

12 │ 35. Plaintiff alleges that defendants suppressed the fact

13 │ that if was not necessary for plaintiff to agree and sign the VR

14 │ agreement to receive his WC Check.

15 │ 36. In addition on or around July 2,2007, defendants'

16 │ Attorney Dana Mitchell filed an opposition to plaintiff's

17 │ Readiness to Proceed. In the opposition, Defendants state or

18 │ implied that the reason plaintiff's settlement of $5,500 had not

19 │ been paid was due to plaintiff filing an EEOC Claim subsequent

20 │ to agreeing to the settlement of $5,500 with defendants.

21 │ Plaintiff believes defendants lied to the Worker's Compensation

22 │ Appeals Board to create a "Smoke screen" or cover up as to the

23 │ actual reason plaintiff's settlement was held up, which was

24 │ defendants wanting to force plaintiff to sign the agreement to

25 │

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              13

1  shield them from the disability discrimination claim. Defendants
2  concealed from the Worker's Compensation Appeals Board that
3  there was no EEOC Claim filed by plaintiff subsequent to the
4  agreement of the worker's compensation Settlement.

5      37.   The defendants made the failure to disclose and
6  suppressed and/or concealed the information mentioned herein
7  alleged, with the intent to induce the plaintiff to act in the
8  manner herein alleged in reliance thereupon, with the intent to
9  cause plaintiff to sign the agreement.

10      38.   As a proximate result of the fraudulent conduct or the
11  defendants as herein alleged, plaintiff was subjected to Fraud
12  and Intentional Deceit that subject or caused him emotional
13  distress and mental anguish.

14      39.   The aforementioned conduct of defendants was an
15  intentional misrepresentation, deceit, or concealment of a
16  material fact know to the defendants with the intention on the
17  part of the defendants of to deprive the plaintiff of property
18  or legal rights, causing injury, and was despicable conduct that
19  subjected plaintiff to a cruel unjust hardship in conscious
20  disregard of the plaintiff's rights, so as to justify an award
21  of exemplary and punitive damages.

22      40.   Defendants' attempt to defraud plaintiff violated
23  section 1572 of the California Civil Code. Plaintiff is
24  therefore entitled to Statutory Damages, Costs and award of

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              14

1  Attorney fees.

2      Wherefore Plaintiff prays for judgment against Defendants
3  as more fully set forth below.

4                          FOURTH COUNT

5                       SUPPRESION OF FACT

6      41.  Plaintiff realleges and incorporates therein by
7  reference every allegation stated herein.

8      42.  Plaintiff is informed, believes and therefore alleges
9  that defendants suppressed the fact that they knew plaintiff was
10  certified disabled and receiving state disability payments and
11  on medical leave when he filed his claim for worker's
12  compensation benefits. Defendants knew this was justifiable
13  evidence that plaintiff was injured and eligible to receive
14  worker's compensation benefits for his injury.

15      43.  Plaintiff is informed, believes and therefore alleges
16  that the defendants Specialty Risk Services on May 2, 2006
17  unjustly denied his claim, and there employer level
18  investigation of his claim failed, as it was incomplete or
19  insufficient in discovering that plaintiff was injured on the
20  job.

21      44.  Plaintiff alleges that defendants knew all details
22  regarding plaintiff's employment with their client Aramark, and
23  knew plaintiff filed complaints against two members of their
24  management staff prior to denying his claim.

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          15

1    45.   Plaintiff alleges that defendants knew or should have
2  known or was negligent at the least and in conscious disregard
3  of plaintiff's rights to his claim, breaching their fiduciary
4  duty to properly investigate plaintiff's claim.

5    46. As a proximate result of defendants' suppression of
6  fact, plaintiff has suffered emotional distress and mental
7  anguish.

8    47.   The aforementioned conduct of defendants was an
9  intentional misrepresentation, deceit, or concealment of a
10  material fact know to the defendants with the intention on the
11  part of the defendants of to deprive the plaintiff of property
12  or legal rights, causing injury, and was despicable conduct that
13  subjected plaintiff to a cruel unjust hardship in conscious
14  disregard of the plaintiff's rights, so as to justify an award
15  of exemplary and punitive damages.

16    Wherefore Plaintiff prays for judgment against Defendants
17  as more fully set forth below.

18                        FIFTH COUNT

19                    SUPPRESION OF FACT

20    48.   Plaintiff realleges and incorporates therein by
21  reference every allegation stated herein.

22    49.   Plaintiff is informed, believes and therefore alleges
23  that defendants suppressed from there parent company the
24  prestigious Hartford Insurance Companies based in Connecticut,

25
                                                              16
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1   the fact that they unjustly denied plaintiff's claim for
2   worker's compensation benefits and the fact that they lied to
3   the Worker's Compensation Appeals Board in San Francisco
4   regarding plaintiff's claim.

5       50.  Plaintiff alleges that defendants knew or should have
6   known or was negligent at the least and in conscious disregard
7   of plaintiff's rights to his claim, breaching their fiduciary
8   duty to properly investigate plaintiff's claim.

9       51. As a proximate result of defendants' suppression of
10  fact, plaintiff has suffered emotional distress and mental
11  anguish.

12      52.  The aforementioned conduct of defendants was an
13  intentional misrepresentation, deceit, or concealment of a
14  material fact know to the defendants with the intention on the
15  part of the defendants of to deprive the plaintiff of property
16  or legal rights, causing injury, and was despicable conduct that
17  subjected plaintiff to a cruel unjust hardship in conscious
18  disregard of the plaintiff's rights, so as to justify an award
19  of exemplary and punitive damages.

20      Wherefore Plaintiff prays for judgment against Defendants
21  as more fully set forth below.

22                  SECOND CAUSE OF ACTION

23              Mail Fraud (18 U.S.C. Section 1341)

24      53.  Plaintiff realleges and incorporates therein by

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          17

1 | reference every allegation stated herein.

2 |     54.  On or around May 2, 2007 Defendants mailed to
3 | Plaintiff by way of his Worker's Compensation Attorney Mary Lou
4 | Williams, the voluntary agreement, which was the execution of a
5 | scheme to defraud plaintiff.

6 |     55.  Title 18 - Crimes and Criminal Procedures, Part 1 -
7 | Crimes Chapter 63 section 1341 Frauds and Swindles States:
8 | Whoever, having devised or intending to devise any scheme or
9 | artifice to defraud, or for obtaining money or property by means
10 | of false or fraudulent pretenses, representations, or promises,
11 | or to sell, dispose of, loan, exchange, alter, give away,
12 | distribute, supply, or furnish or procure for unlawful use any
13 | counterfeit or spurious coin, obligation, security, or other
14 | article, or other article, or anything represented to be or
15 | intimated or held out to be such counterfeit or spurious
16 | article, for the purpose of executing such scheme or artifice or
17 | attempting so to do, places in any post office or authorized
18 | depository for mail matter, any matter or thing whatever to sent
19 | or delivered by the Postal Service, or Deposits or causes to be
20 | deposited any matter or thing whatever to sent or delivered by
21 | any private or commercial interstate carrier, or takes or
22 | receives therefrom, any such matter or thing, or knowingly
23 | causes to be delivered by mail or such carrier according to the
24 | direction thereon, or at the place at which it is directed to be

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS     **18**

1  delivered by the person to whom it is addressed, any such matter

2  or thing shall be fined under this title or shall be fined under

3  this title or imprisoned not more than 20 years, or both.

4  56.Upon Defendants placing the Voluntary Resignation Agreement

5  in the Post Office for Mail matter to be sent by the Postal

6  Service, the Defendants committed Mail Fraud.

7                    FIRST COUNT OF MAIL FRAUD

8       56. On or around May 2,2007 upon Defendants mailing the

9  Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th

10 Street, San Francisco, CA 94104 constitutes first count of mail

11 fraud.

12                   SECOND COUNT OF MAIL FRAUD

13      57.  On or around May 2,2007 upon Defendants mailing a copy

14 of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,

15 at P.O. Box 591, Burbank, CA constitutes second count of mail

16 fraud, as it was initiated to further the Scheme.

17                   THIRD COUNT OF MAIL FRAUD

18      58.  On or around May 2,2007 upon Defendants mailing a copy

19 of the Voluntary Resignation Agreement to Mark Antoine Foster at

20 225 Ellis Street, San Francisco, CA., constitutes a third count

21 of mail fraud, as it was initiated to further the Scheme.

22                   FOURTH COUNT OF MAIL FRAUD

23      59.  On or around July 3,2007 upon Defendants mailing a

24 copy of the opposition to Plaintiff's Declaration of Readiness

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              **19**

1  to Proceed to the Worker's Compensation Appeals Board

2  constitutes a Fourth Count of MAIL FRAUD, as it was initiated to

3  further the Scheme.

4                    FIFTH COUNT OF MAIL FRAUD

5      60.  On or around July 3,2007 upon Defendants mailing a

6  copy of the opposition to Plaintiff's Declaration of Readiness

7  to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,

8  CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was

9  initiated to further the Scheme.

10                   SIXTH COUNT OF MAIL FRAUD

11     61.  On or around July 3,2007 upon Defendants mailing a

12  copy of the opposition to Plaintiff's Declaration of Readiness

13  to Proceed Gretchen Devine at Specialty Risk Services at P.O.

14  Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,

15  as it was initiated to further the Scheme.

16     62.  As a proximate result of defendants' suppression of

17  fact, plaintiff has suffered emotional distress and mental

18  anguish.

19     63.  The aforementioned conduct of defendants was an

20  intentional misrepresentation, deceit, or concealment of a

21  material fact know to the defendants with the intention on the

22  part of the defendants of to deprive the plaintiff of property

23  or legal rights, causing injury, and was despicable conduct that

24  subjected plaintiff to a cruel unjust hardship in conscious

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              **20**

1   disregard of the plaintiff's rights, so as to justify an award
2   of exemplary and punitive damages.

3       Wherefore Plaintiff prays for judgment against Defendants
4   as more fully set forth below.

5                          THIRD CAUSE OF ACTION

6                          CONSPIRACY TO DEFRAUD

7                      (18 U.S.C. SECTION 1345,1349)

8       64.   Plaintiff realleges and incorporates therein by
9   reference every allegation stated herein.

10      65.   Plaintiff is informed, believes and therefore alleges
11  that between March 9,2007 and May 1, 2007 Defendants and members
12  of Aramark's Management conspired to defraud plaintiff by
13  attempting to cover-up a "would be" Disability Discrimination
14  Claim and wrongful termination Claim pursuant to the ADA, the
15  UNRUH and FEHA.

16      66.   Plaintiff is informed, believes and therefore alleges
17  that Aramark's managers conspired and with defendants to submit
18  and offer the Voluntary Resignation Agreement to plaintiff, on
19  May 2,2007, knowing it was being submitted for fraudulent
20  reasons.

21      67.   Defendants conspiring to defraud plaintiff violated
22  California Civil Codes 1709, 1710 and 1572 and 18 U.S.C. Section
23  1345, and 1349.

24      68.   As a proximate result of the fraudulent conduct of the
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              **21**

1  defendants as herein alleged, plaintiff was subjected to fraud

2  and intentional deceit and MAIL FRAUD causing plaintiff

3  emotional distress.

4       69. The aforementioned conduct of defendants was an

5  intentional misrepresentation deceit, or concealment of a

6  material fact know to the defendants with the intention on the

7  part of the defendants of thereby depriving the plaintiff of

8  property or legal rights causing injury, and was despicable

9  conduct that subjected plaintiff to a cruel unjust hardship in

10 conscious disregard of the plaintiff's rights, so as to justify

11 an award of exemplary and punitive damages.

12      Wherefore Plaintiff prays for judgment against Defendants

13 as more fully set forth below.

14                    FOURTH CAUSE OF ACTION

15                         WIRE FRAUD

16                    18 U.S.C. SECTION 1343

17      70.  Plaintiff realleges and incorporates therein by

18 reference every allegation stated herein.

19      71. Plaintiff is informed, believes and therefore alleges

20 that between March 9,2007 and May 2,2007, Defendants and members

21 of Aramark Management utilized emails, the telephone or by fax

22 to further their Scheme to defraud Plaintiff by attempting to

23 cover-up a "would be" disability discrimination claim and

24 wrongful termination Claim pursuant to the ADA, the UNRUH and

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              **22**

1   FEHA.

2       72.   Plaintiff is informed, believes and therefore alleges
3   that between March 9,2007 and May 2,2007, Defendants and members
4   of Management of Aramark conspired with defendants Gray & Prouty
5   and Morgan & Lewis to submit the offer to plaintiff in the form
6   of the agreement.

7       73.   Defendant's use of the above mentions methods of
8   Communication to defraud plaintiff violated Section California
9   Civil Codes 1709, 1710 and 18 U.S.C. Section 1343.

10      74.   As a proximate result of the Fraudulent conduct or the
11  defendants as herein alleged, Plaintiff was subjected to Fraud
12  and Intentional Deceit and WIRE FRAUD, causing plaintiff
13  emotional distress.

14      75.   The aforementioned conduct of defendants was an
15  intentional misrepresentation, deceit, or concealment of a
16  material fact know to the defendants with the intention on the
17  part of the defendants, thereby depriving the plaintiff of
18  property or legal rights causing injury to plaintiff, and was
19  despicable conduct that subjected plaintiff to a cruel unjust
20  hardship in conscious disregard of the plaintiff's rights, so as
21  to justify an award of exemplary and punitive damages.

22      Wherefore Plaintiff prays for judgment against Defendants
23  as more fully set forth below.

24                      FIFTH CAUSE OF ACTION

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          23

1

BREACH OF FUDICIARY DUTY

2      76. Plaintiff realleges and incorporates therein by
3  reference every allegation stated herein.

4      77. Defendants, a third party administrator, breached
5  their fiduciary duty, as a third party administrator, they were
6  negligent in their duties and behaved in a way that was
7  despicable due to them being a third party administrator, having
8  a duty of care to uphold the law, knowing they were helping
9  break the law. Defendants knew the acts being committed were
10  being done for fraudulent reasons and still allowed themselves
11  to conspire with their clients to help defraud plaintiff.
12  Defendants recognized the risks created by their actions and
13  Aramark actions and understood what could happen from those
14  risks taken.

15      78. Plaintiff alleges that defendants knew all detail
16  regarding plaintiff's employment with their client Aramark,
17  including knowing when plaintiff actually resigned and why.
18  Defendants knew requesting and coercing plaintiff to sign the
19  agreement presented on May 2, 2007 was to void out the original
20  agreement plaintiff signed on March 28, 2006 to help shield
21  their client Aramark from a possible discrimination claim from
22  plaintiff.

23      79. Plaintiff alleges that third party administrators are
24  held to a higher standard of care than an ordinary reasonable

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                            24

1    person would be. They must behave as a reasonable third party
2    administrator would do so rather than a reasonable person. The
3    perspective of a third party administrator would be different
4    matters in the court. Defendant Specialty Risk Services and
5    their employee Gretchen Devine owe plaintiff a reasonable
6    standard of care.

7        80. Plaintiff alleges that the defendants' acts breached
8    their fiduciary duty violating section 3300 of the California
9    Civil Code.

10       81. As a direct and proximate result of said breach,
11   plaintiff has suffered the actual and special and general
12   damages as alleged, and which are incorporated herein by this
13   reference, and seek recovery of the same, and for an award of
14   costs and reasonable attorney fees.

15       82. Plaintiff alleges that the defendants' breach was
16   committed to defraud plaintiff and was in conscious disregard of
17   plaintiff's rights and was willful, oppressive and malicious;
18   and designed to cause plaintiff to suffer economic and emotional
19   injury. Plaintiff is therefore entitled to an award of exemplary
20   and punitive damages against defendants, in an amount to be
21   determined at trial.

22              INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23       83.  Plaintiff realleges and incorporates therein by
24   reference every allegation stated herein.

25
     COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          25

1     84.   The fraudulent actions of defendants were outrageous,

2    intentional and malicious and done with reckless disregard of

3    the fact that they would certainly cause plaintiff to suffer

4    severe emotional and physical distress. Defendants knew that

5    defrauding plaintiff in an attempt to deprive from his "would

6    be" Disability Discrimination Claim would certainly cause him to

7    suffer severe emotional and physical distress. Defendants also

8    knew Plaintiff had already suffered psychological injury due to

9    the previous acts of the Aramark while Plaintiff was employed at

10    the Carnelian Room, but still proceeded with their Fraudulent

11    acts after Plaintiff resigned or was constructively Discharged.

12      85. As a proximate result of the acts of defendants,

13    Plaintiff has and will more than likely continue to suffer

14    emotional distress in the form of fear, anxiety, worry, and

15    mental suffering as the injury will have an effect on

16    Plaintiff's future capacity to work and earn income.

17      86. Plaintiff will seek more psychological counseling as a

18    result of the defendants conduct.

19    87.  As a proximate result of Defendants conduct, Plaintiff

20    has suffered general Damages in an amount to be determined by

21    Proof at Trial.

22      88.  Defendants conduct was done knowingly, willfully and

23    with malicious intent and Plaintiff can prove the fraudulent

24    acts of Defendants by "clear and convincing" evidences and

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  therefore Plaintiff is entitled to Punitive Damages in an amount
2  to be determined by Proof at trial.

3              NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

4       89. Plaintiff realleges and incorporates therein by
5  reference every allegation stated herein.

6       90. Plaintiff is informed, believes and therefore alleges
7  that Defendant Specialty Risk Services is negligent in causing
8  plaintiff Emotional Distress, in that Defendant specialty risk
9  services has breached their duty of care by allowing themselves
10 as third party administrators and their client Aramark to
11 intentionally inflict Plaintiff with Emotional Distress causing
12 Plaintiff injury resulting in damages. Defendants' negligence
13 causing of Emotional Distress is not an independent Tort: it is
14 a Tort of Negligence.

15      91. As a proximate result of the fraudulent conduct of the
16 defendants as herein alleged, caused plaintiff emotional
17 distress.

18      Wherefore Plaintiff prays for judgment against Defendants
19 as more fully set forth below.

20                        PRAYER FOR RELEIF

21      WHEREFORE, Plaintiff FOSTER prays for judgment against
22 defendants, and each of them, as more fully set forth below:

23      1. For general damages, including emotional distress,
24          according to proof;

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                           **27**

1    2. For statutory penalties and all relief allowed by

2        statute according to proof;

3    3. For punitive damages;

4    4. For an award of attorney's fees;

5    5. For pre-judgment interest at the legal rate according to

6        proof;

7    6. For costs of suit incurred;

8    7. For such other and further relief as the court may deem

9        proper.

10   Dated: *February 7, 2008*

                                    *Mark Antoine Foster*
11                                   Mark Antoine Foster, In Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    **28**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** Speciality Risk Services
**(AVISO AL DEMANDADO):** And Gretchen Devine
as an Individual And
Does 1. through 91

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MARK ANTOINE FOSTER

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: SUPERIOR COURT
*(El nombre y dirección de la corte es):* 100 MCALLISTER STREET RM 103
SAN FRANCISCO CA 94102

CASE NUMBER: CGC-08-471939
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

MARK A. Foster    415-756-1611    1. STEPPE
200 Corpus Cristie Rd #A
Alameda Co 94502

DATE: FEB 0 7 2008     Gordon Park-Li    , Deputy
*(Fecha)*              *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 07 2008

GORDON PARK-LI, Clerk
BY: _____ DEBORAH STEPPE _____
Deputy Clerk

1   Mark Antoine Foster, In Pro Per
    200 Corpus Cristie Road #A
2   Alameda, CA 94502
    (415) 756-1611
3

## CASE MANAGEMENT CONFERENCE SET

JUL 1 1 2008 -9:00 AM

## DEPARTMENT 212

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

CIVIL UNLIMITED JURISDICTION **C G C - 0 8 - 4 7 1 9 3 6**

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARAMARK SPORTS L.L.C, and ARAMARK CORPORATION, and DOES 1<br>Through 73<br>    Defendants<br><br>_____/ | **COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS (related to Employment discrimination)**<br>1.  **Fraud and Intentional Deceit**<br>2.  **Intentional Misrepresentation of Fact**<br>3.  **Negligent Misrepresentation**<br>4.  **Suppression of Fact**<br>5.  **Mail Fraud (18 U.S.C Sec. §1341)**<br>6.  **Conspiracy to Mail Fraud (18 U.S.C. Sec. §1345, §1349)**<br>7.  **Wire Fraud (18 U.S.C. Sec. §1343)**<br>8.  **Intentional Infliction of Emotional Distress**<br>9.  **Negligent Infliction of Emotional Distress** |

INTRODUCTION

This case is brought against defendants pursuant to

California Codes of Civil Procedure §1709, §1710 and §1572 for

committing acts that constitute fraud and intentional deceit,

mail fraud and wire fraud and conspiracy to defraud. Defendant's

acts were related to plaintiff's previous employment with the

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1

1  defendants, as defendants committed these acts after plaintiff's
2  employment with the defendants ended.

3      Although the acts were committed after plaintiff's
4  employment ended, the acts were connected to claims plaintiff
5  alleged in a previous complaint plaintiff filed against
6  defendants in San Francisco Superior Court on March 9, 2007.
7  These acts show a continuing pattern of further deprivation of
8  plaintiff's civil rights by defendants.

9      The connected case number 07461178, which alleges acts that
10 were committed by defendants while plaintiff was employed with
11 the defendants has been presently removed to federal court by
12 defendants on or around January 31, 2008, which plaintiff
13 believes is an attempt to delay trial and prosecution of the
14 case in state court. Plaintiff will file a motion for remand in
15 federal court to have the case moved back to state court within
   30 days of its removal.

16     Defendants stated to the court in their case management
17 conference statement that they would file a motion for summary
18 judgment or as an alternative a motion for summary adjudication
19 but instead, upon discovering that plaintiff has acquired enough
20 evidence to support his claims through his own discovery plan,
21 defendants removed the case to federal court in an attempt to
22 divert plaintiff and gather their thoughts as to how they want
23 and should settle the case.

24     Plaintiff will also file a second amended complaint adding

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    2

1    claims alleging Wrongful Termination, additional retaliation

2    that resulted in Fraud and Intentional Deceit, Suppression of

3    Fact, and to change quid pro quo sexual harassment to hostile

4    work environment sexual harassment.

5    Plaintiff will also file a supplemental complaint alleging

6    continued retaliation after plaintiff filed his complaint on

7    March 9, 2007.

PARTIES

8

9    1.    Plaintiff Mark Antoine Foster was an employee of

Aramark Sports and Entertainment, a subsidiary of Aramark

10    Corporation. He worked for the Carnelian Room located at 555

11    California Street, San Francisco, California.

12

13    2.    Defendants does 1 through 73, inclusive, are sued

under fictitious names.  Their true names and capacities are

14    unknown to plaintiff. When their true names and capacities are

15    ascertained, plaintiff will amend this complaint by inserting

16    their true names and capacities herein. Plaintiff is informed

17    and believes and thereon alleges that each of the fictitiously

18    named defendants is responsible in some manner for the

19    occurrences herein alleged, and such defendants caused plaintiff

20    damages as herein alleged.

21    3.    Plaintiff is informed and believes, and thereon

22    alleges, that at all times herein mentioned each and every

23    defendant was the agent, servant, employee and/or representative

24    of each other defendant and was, in doing the things complained

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    3

1   of herein, acting within the scope of said agency, service,

2   employment and or representation, and that each and every

3   defendant herein is jointly and severally responsible and liable

4   to plaintiff for the damages hereinafter alleged.

5                        JURISDICTION AND VENUE

6       4.      Jurisdiction is proper in this court as the acts

7               complained of occurred in San Francisco,

8               California.

9       5.      The amount in controversy exceeds limited

10              jurisdiction.

11      6.   Plaintiff   timely   files   this   complaint,   as   he

12           discovered   the   fraudulent   acts   of   the   defendants   in

13           December 2007.

14      7.   Plaintiff   will   amend   this   complaint   to   allege   those

15           causes of action once defendants respond to the claim.

**FIRST CAUSE OF ACTION**
**FRAUD AND INTENTIONAL DECEIT**
**(California Civil Codes §1709, §1710 and §1572)**
**FIRST COUNT**
**INTENTIONAL MISREPRESENTATION OF FACT**

16

17

18

19      8.      Plaintiff realleges and incorporates herein by

20   reference every allegation stated herein.

21      9.      Plaintiff is informed, believes and therefore alleges

22   that defendants' acts constituted fraud and intentional deceit

23   due to the defendants attempting to cover-up a possible or

24   would-be disability discrimination claim from plaintiff, in the

25   event plaintiff discovered that the defendants discriminated

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              4

1 | against due to his disability.

2 |     10.    On or around March 28, 2006, plaintiff requested a
3 | medical leave from the defendants due to work related stress
4 | allegedly caused by two of the defendants' supervisor/managers.
5 | On or around March 28, 2006, plaintiff signed an voluntary
6 | resignation agreement stating he would return no later than June
7 | 15, 2006 and that if he did not return by June 15, 2006, his
8 | absence would be considered a voluntary quit and he will be
9 | terminated on that day.

10 |     11.    On or around June 15, 2006, plaintiff did not return
11 | to work due to (1) still being disabled and (2) due to fear of
12 | further retaliation from defendants, and (3) due to fear of
13 | being terminated once he did return to work for the defendants.

14 |     12.    Plaintiff is informed, believes and therefore alleges
15 | that he was forced to resign on June 15, 2006, pursuant to the
16 | voluntary resignation agreement he signed on March 28, 2006,
17 | absent defendants offering plaintiff a further reasonable
18 | accommodation to his disability before allowing him to "
19 | voluntarily quit", as voluntary quit in this case is voluntary
20 | termination which results in its simple form – termination of
21 | employment.

22 |     13.    On or around March 9, 2007, plaintiff filed a
23 | complaint against defendants Aramark Sports,LLC, and Ying Kee
24 | McVicker and Mathew Lee as individuals, alleging Retaliation,

25 |

1  Harassment, Constructive Discharge, Failure to Prevent
2  Harassment, and Intentional Infliction of Emotional Distress.
3  Plaintiff did not in this complaint allege Disability
4  Discrimination due to not knowing he was or had been subject to
5  disability Discrimination at that point in time. Plaintiff
6  discovered in December 2007 that he had been subject to
7  disability discrimination on June 15, 2006.

8    14.    Plaintiff alleges that sometime in Feb.2007, he
9  requested his employee records from Defendants, specifically
10  Defendants' HR Manager, James Chan. Mr. Chan released plaintiff's
11  employee records which contained a copy of the voluntary
12  resignation agreement dated March 28, 2006 that plaintiff signed
13  agreeing to return on June 15 2006. On the Face of the Voluntary
14  Resignation Agreement was a notation made by James Chan stating
15  that he communicated with the Executive Chef regarding plaintiff
16  not returning to work on June 15, 2006. Plaintiff alleges that
17  this is evidence that he was terminated pursuant to the
18  voluntary resignation agreement, in addition to the fact that
19  the mere existence of the voluntary resignation agreement shows
20  plaintiff was more than likely terminated pursuant to it.

21    15.    On or around August 28, 2007, plaintiff served
22  defendants a request for documents demanding all documents
23  relevant to his termination, instead of defendants producing the
24  same documents he received from James Chan before he filed his
25

1   lawsuit defendants presented another version of the voluntary
2   resignation without the notation of James Chan on the face of
3   the agreement. This shows defendants withheld evidence.

4   16.    On or around December 20, 2007, plaintiff realized
5   through research that he had been subject to Disability
6   Discrimination and in December 2007, filed a motion to amend his
7   complaint to add Disability Discrimination under the ADA, UNRUH
8   and FEHA. Defendants stipulated with plaintiff to allow the
9   amendment.

10  17.    On or Around Jan 15, 2008, Plaintiff discovered
11  through his Discovery served on defendants that he was defrauded
12  by defendants, as defendants attempted to cover up the fact that
13  they had discriminated against plaintiff due to his mental
14  disability.

15  18.    On or around May 2, 2007, defendants, through their
16  Worker's compensation Attorneys Gray and Prouty, requested that
17  plaintiff agree and sign a document stating that he voluntarily
18  resigned on May 1, 2007. The purpose for defendants' request was
19  to allow the proposed agreement to void out the agreement signed
20  on March 28, 2006, as this agreement is the initial and actual
21  reason why plaintiff was terminated: which was when Plaintiff
22  was forced to resign due to his disability violating ADA, the
23  Unruh and FEHA.

24  19.    Defendants through their council submitted the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              7

1   agreement to plaintiff for his signature. Plaintiff then refused
2   to agree that he resigned on May 1, 2007, knowing that he
3   resigned on June 15, 2006, pursuant to the agreement signed on
4   March 28, 2006.

5      20.    Defendants insisted that plaintiff signed the
6   agreement prior to releasing his already agreed upon Worker's
7   Compensation settlement of $5,500. Plaintiff altered the date
8   and signed the agreement as voluntarily resigning on June 15,
9   2006, not May 1, 2007 as Defendants requested he do. Although
10  plaintiff did not sign the agreement as voluntarily resigning on
11  May 1, 2007, he did sign agreeing that he *voluntarily resigned*
12  on June 15, 2006. Even though Defendants were not successful in
13  getting plaintiff to agree that he resigned on May 1, 2007, they
14  planned to use the agreement anyway to void out the original
15  agreement signed on March 28, 2006. Defendant planned to use the
16  new agreement to say that plaintiff resigned on June 15, 2006 to
17  give the impression that he voluntarily resigned on his own on
18  June 15, 2006 and not pursuant to the agreement he signed on
19  March 28, 2006, to shield themselves from disability
20  discrimination. Although the mere existence of any voluntary
21  agreement plaintiff signed in May 2007, or anytime therafter is
22  a fraud.

23     21.    Plaintiff is informed believes and therefore alleges
24  that the defendants made a false representation offering the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

8

1  voluntary resignation agreement. The true facts being;
2  Defendants forced plaintiff to resign pursuant to the voluntary
3  resignation agreement he signed on March 28, 2006,and defendants
4  were attempting to suppress this material fact, requesting that
5  he sign the agreement presented on May 2, 2007. This act was
6  FRAUD in its purest Form. Defendants used their Worker's
7  Compensation Attorney, Gray and Prouty, and held back the agreed
8  upon settlement to coerce plaintiff to sign the agreement, to
9  help plaintiff defraud his own self. Plaintiff signed the
10 agreement and returned it, as this proves that the FRAUD reached
11 its full Fruition or Justifiable reliance, damaging plaintiff
12 even further.

13  22.    Plaintiff alleges that it was a misrepresentation of
14 Material Fact by Defendants to request plaintiff to agree and
15 sign an agreement stating that his voluntary resignation was on
16 a date after he had already voluntarily resigned in an attempt
17 to cover up a possible disability discrimination claim against
18 them.

19  23.    Defendants attempt to use the document to void out his
20 original resignation agreement signed on March 28, 2006 was
21 despicable conduct done with malice. Defendants attempted to
22 defraud Plaintiff of his rightful claim of disability
23 discrimination and the tangible and intangible benefits
24 representing monetary and other damages that could be awarded

25

1  due to the disability claim. This act is clearly a intentional

2  misrepresentation of Material Fact.

3     24.   When the Defendants made the representations, they

4  knew them to be false or were based on false pretenses or

5  misrepresentations, as the defendants made these representations

6  with the intention to deceive and defraud plaintiff and to

7  induce plaintiff to act in reliance on these representations in

8  the manner alleged, or with the expectation that plaintiff would

9  so act. Defendants expected plaintiff to sign the agreement so

10  he could receive his WC Settlement of $5,500 and coerced him to

11  sign the agreement before agreeing to release payment of the

12  $5,500 to him.

13     25.   Plaintiff at the time these representations were made

14  by Defendants, believed that that the Defendants representations

15  were true. Due to believing, plaintiff thought it was acceptable

16  or alright to sign the document, and that it was not depriving

17  him of any further rights and that there was a legal forthright

18  reason for defendants requesting him to sign the voluntary

19  agreement. Defendants used their council to help trick plaintiff

20  by presenting the document as if it was legal, when actually it

21  was not, as this shows that plaintiff's reliance on defendant

22  representation was justified.

23     26.   Plaintiff alleges that he has satisfied all the

24  elements for intention misrepresentations, which includes: (1)

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                           10

1 | misrepresentations (2) Material Fact (3) Knowledge of Falsity

2 | (4) Intent to induce reliance (5) Justifiable reliance and (6)

3 | Causation and Damages

4 | 27.    Defendants attempt to defraud Plaintiff violated

5 | California Civil Codes §1709, §1710, and §1572

6 | 28.    As a proximate result of the fraudulent conduct or the

7 | defendants as herein alleged, plaintiff was subjected to Fraud

8 | and Intentional Deceit that subject or caused him emotional

9 | distress and mental anguish.

10 | 29.    The aforementioned conduct of defendants was an

11 | intentional misrepresentation, deceit, or concealment of a

12 | material fact known to the defendants with the intention on the

13 | part of the defendants of to deprive the plaintiff of property

14 | or legal rights, causing injury, and was despicable conduct that

15 | subjected plaintiff to a cruel unjust hardship in conscious

16 | disregard of the plaintiff's rights, so as to justify an award

17 | of exemplary and punitive damages.

18 | SECOND COUNT

19 | Negligent Misrepresentation

20 | 30.    When the defendants made the representation they had

21 | no reasonable grounds for believing them to be true. Defendants

22 | knew that (1) it was not necessary for Plaintiff to sign the

23 | Agreement at all (2) it was not necessary for plaintiff to sign

24 | the agreement as a condition to him receiving or defendants

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

11

1  releasing plaintiff already agreed upon worker's compensation
2  settlement of $5,500.

3      31.  Plaintiff alleges that the defendants made the
4  representation with intent to induce plaintiff to rely upon it.

5      32.  Plaintiff alleges that he was unaware of the falsity
6  of the representation; in that he did not know that the purpose
7  or the agreement was to shield the defendants from a possible
8  discrimination disability claim from plaintiff, depriving
9  plaintiff of any possible monetary damages from the claim.

10     33.  Plaintiff alleges that he acted in reliance upon the
11  truth of the representation; as in him thinking it was necessary
12  to sign the agreement, as he believed it to be safe or true
13  because it was presented to him by Defendants worker's
14  compensation attorney.   Plaintiff believed it to be true
15  because he knew Defendants WC Attorney knew exactly when he
16  actually resigned or knew Plaintiff resigned on June 15, 2006
17  pursuant to the March 28, 2006 agreement.

18     34.  Defendants initiating these actions in an attempt to
19  DEFRAUD plaintiff of his claim of disability discrimination and
20  any possible monetary damages that would be awarded in lieu of
21  the disability discrimination claim, violated California Codes
22  §1572, §1709 and §1710, Therefore Plaintiff is entitled to
23  Statutory Damages, Costs and awards of Attorney Fees.

24                         THIRD COUNT

25

1

Suppression of Fact

2      35.   Defendants suppressed the fact that if was not

3   necessary for Plaintiff to agree and sign the voluntary

4   resignation agreement to receive his worker's compensation

5   settlement of $5,500.

6      36.   In addition on or around July 2,2007, defendants

7   worker's compensation Attorney Dana Mitchell filed an opposition

8   to plaintiff's Readiness to Proceed. In the opposition,

9   Defendants state or implied that the reason plaintiff's

10   settlement of $5,500 had not been paid was due to plaintiff

11   filing an EEOC Claim subsequent to agreeing to the settlement of

12   $5,500 with defendants. Plaintiff believes that defendants lied

13   to the Worker's Compensation Appeals Board to create a "Smoke

14   screen" or cover up as to the actual reason plaintiff's

15   settlement was held up, which was defendants wanting to force

16   plaintiff to sign the agreement to shield them from the

17   disability discrimination claim. Defendants concealed from the

18   Worker's Compensation Appeals Board that there was no EEOC Claim

19   filed by plaintiff subsequent to the agreement of the worker's

20   compensation Settlement.

21      37.   The defendants made the failure to disclose and

22   suppressed and/or concealed the information mentioned herein

23   alleged, with the intent to induce the plaintiff to act in the

24   manner herein alleged in reliance thereupon, with the intent to

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          13

1 || cause plaintiff to sign the agreement.

2 || 38.    As a proximate result of the fraudulent conduct or the

3 || defendants as herein alleged, plaintiff was subjected to Fraud

4 || and Intentional Deceit that subject or caused him emotional

5 || distress and mental anguish.

6 || 39.    The aforementioned conduct of defendants was an

7 || intentional misrepresentation, deceit, or concealment of a

8 || material fact knownto the defendants with the intention on the

9 || part of the defendants of to deprive the plaintiff of property

10 || or legal rights, causing injury, and was despicable conduct that

11 || subjected plaintiff to a cruel unjust hardship in conscious

12 || disregard of the plaintiff's rights, so as to justify an award

13 || of exemplary and punitive damages.

14 || 40.    Defendants' attempt to defraud plaintiff violated

15 || section §1572 of the California Civil Code. Plaintiff is

16 || therefore entitled to Statutory Damages, Costs and award of

17 || Attorney fees.

18 || Wherefore Plaintiff prays for judgment against Defendants as

19 || more fully set forth below.

20 ||                     SECOND CAUSE OF ACTION

21 ||               Mail Fraud (18 U.S.C. Section §1341)

22 || 41.    Plaintiff realleges and incorporates therein by

23 || reference every allegation stated herein.

24 || 42.    On or around May 2, 2007 Defendants mailed to

25

**14**

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1  Plaintiff by way of his Worker's Compensation Attorney Mary Lou
2  Williams, the voluntary agreement, which was the execution of a
3  scheme to defraud plaintiff.

4      43.   Title 18 - Crimes and Criminal Procedures, Part 1 -
5  Crimes Chapter 63 section 1341 Frauds and Swindles States:
6  Whoever, having devised or intending to devise any scheme or
7  artifice to defraud, or for obtaining money or property by means
8  of false or fraudulent pretenses, representations, or promises,
9  or to sell, dispose of, loan, exchange, alter, give away,
10 distribute, supply, or furnish or procure for unlawful use any
11 counterfeit or spurious coin, obligation, security, or other
12 article, or other article, or anything represented to be or
13 intimated or held out to be such counterfeit or spurious
14 article, for the purpose of executing such scheme or artifice or
15 attempting so to do, places in any post office or authorized
16 depository for mail matter, any matter or thing whatever to sent
17 or delivered by the Postal Service, or Deposits or causes to be
18 deposited any matter or thing whatever to sent or delivered by
19 any private or commercial interstate carrier, or takes or
20 receives therefrom, any such matter or thing, or knowingly
21 causes to be delivered by mail or such carrier according to the
22 direction thereon, or at the place at which it is directed to be
23 delivered by the person to whom it is addressed, any such matter
24 or thing shall be fined under this title or shall be fined under
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                        15

1  this title or imprisoned not more than 20 years, or both.

2      44.  Upon Defendants placing the Voluntary Resignation

3  Agreement in the Post Office for Mail matter to be sent by the

4  Postal Service, the Defendants committed Mail Fraud.

5                    FIRST COUNT OF MAIL FRAUD

6      45.  On or around May 2,2007 upon Defendants mailing the

7  Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th

8  Street, San Francisco, CA 94104 constitutes first count of mail

9  fraud.

10                    SECOND COUNT OF MAIL FRAUD

11      46.  On or around May 2,2007 upon Defendants mailing a copy

12  of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,

13  at P.O. Box 591, Burbank, CA constitutes second count of mail

14  fraud, as it was initiated to further the Scheme.

15                    THIRD COUNT OF MAIL FRAUD

16      47.  On or around May 2,2007 upon Defendants mailing a

17  copy of the Voluntary Resignation Agreement to Mark Antoine

18  Foster at 225 Ellis Street, San Francisco, CA., constitutes a

19  third count of mail fraud, as it was initiated to further the

20  Scheme.

21                    FOURTH COUNT OF MAIL FRAUD

22      48.  On or around July 3,2007 upon Defendants mailing a

23  copy of the opposition to Plaintiff's Declaration of Readiness

24  to Proceed to the Worker's Compensation Appeals Board

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              16

1  constitutes a Fourth Count of MAIL FRAUD, as it was initiated to

2  further the Scheme.

3                     FIFTH COUNT OF MAIL FRAUD

4       49.   On or around July 3,2007 upon Defendants mailing a

5  copy of the opposition to Plaintiff's Declaration of Readiness

6  to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,

7  CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was

8  initiated to further the Scheme.

9                     SIXTH COUNT OF MAIL FRAUD

10      50.   On or around July 3,2007 upon Defendants mailing a

11  copy of the opposition to Plaintiff's Declaration of Readiness

12  to Proceed Gretchen Devine at Specialty Risk Services at P.O.

13  Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,

14  as it was initiated to further the Scheme.

15      51.   As a proximate result of the fraudulent conduct or the

16   defendants as herein alleged, plaintiff was subjected to Fraud

17   and Intentional Deceit that subject or caused him emotional

18   distress and mental anguish.

19      52.   The aforementioned conduct of defendants was an

20  intentional misrepresentation, deceit, or concealment of a

21  material fact know to the defendants with the intention on the

22  part of the defendants of to deprive the plaintiff of property

23  or legal rights, causing injury, and was despicable conduct that

24  subjected plaintiff to a cruel unjust hardship in conscious

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              17

1 | disregard of the plaintiff's rights, so as to justify an award
2 | of exemplary and punitive damages.

3 | Wherefore Plaintiff prays for judgment against Defendants as
4 | more fully set forth below.

5 | CONSPIRACY TO DEFRAUD

6 | (18 U.S.C. SECTION §1345,§1349)

7 | 53. Plaintiff realleges and incorporates therein by
8 | reference every allegation stated herein.

9 | 54. Plaintiff is informed, believes and therefore alleges
10 | that between March 9,2007 and May 1, 2007 Defendants and'er
11 | members of Management conspired to defraud plaintiff by
12 | attempting to cover-up a "would be" Disability Discrimination
13 | Claim and wrongful termination Claim pursuant to the ADA, the
14 | UNRUH and FEHA.

15 | 55. Plaintiff is informed, believes and therefore alleges
16 | that Aramark's managers conspired and authorized their council,
17 | both Gray & Prouty and Morgan & Lewis to submit and offer the
18 | Voluntary Resignation Agreement to plaintiff, on May 2,2007,
19 | knowing it was being submitted for fraudulent reasons.

20 | 56. Defendants conspiring to defraud plaintiff violated
21 | California Civil Codes §1709, §1710 and §1572 and 18 U.S.C.
22 | Section 1345, and 1349.

23 | 57. As a proximate result of the fraudulent conduct of the
24 | defendants as herein alleged, plaintiff was subjected to fraud

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS    18

1   and intentional deceit and MAIL FRAUD, causing him emotional
2   distress and mental anguish.

3       58.   The aforementioned conduct of defendants was an
4   intentional misrepresentation deceit, or concealment of a
5   material fact known to the defendants with the intention on the
6   part of the defendants of thereby depriving the plaintiff of
7   property or legal rights causing injury, and was despicable
8   conduct that subjected plaintiff to a cruel unjust hardship in
9   conscious disregard of the plaintiff's rights, so as to justify
10  an award of exemplary and punitive damages.

11    Wherefore Plaintiff prays for judgment against Defendants as
12  more fully set forth below.

13                      WIRE FRAUD

14                 18 U.S.C. SECTION §1343

15      59.   Plaintiff realleges and incorporates therein by
16  reference every allegation stated herein.

17      60. Plaintiff is informed, believes and therefore alleges
18  that between March 9,2007 and May 2,2007, Defendants and/or
19  members of Management of Aramark utilized emails, the telephone
20  or by fax to further their Scheme to defraud Plaintiff by
21  attempting to cover-up a "would be" disability discrimination
22  claim and wrongful termination Claim pursuant to the ADA, the
23  UNRUH and FEHA.

24      61. Plaintiff is informed, believes and therefore alleges
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS          **19**

1   that between March 9,2007 and May 2,2007, Defendants and or

2   members of Management of Aramark conspired and Authorized their

3   council Gray & Prouty and Morgan & Lewis to submit the offer to

4   plaintiff in the form of the agreement.

5       62. Defendant's use of the above mentions methods of

6   Communication to defraud plaintiff violated Section California

7   Civil Codes §1709, §1710 and 18 U.S.C. Section §1343.

8       63. As a proximate result of the Fraudulent conduct or the

9   defendants as herein alleged, Plaintiff was subjected to Fraud

10  and Intentional Deceit and WIRE FRAUD, causing plaintiff

11  emotional distress and mental anguish.

12      64. The aforementioned conduct of defendants was an

13  intentional misrepresentation, deceit, or concealment of a

14  material fact known to the defendants, with the intention on the

15  part of the defendants, thereby depriving the plaintiff of

16  property or legal rights, causing injury to plaintiff, and was

17  despicable conduct that subjected plaintiff to a cruel unjust

18  hardship in conscious disregard of the plaintiff's rights, so as

19  to justify an award of exemplary and punitive damages.

20   Wherefore Plaintiff prays for judgment against Defendants as

21  more fully set forth below.

22          INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23   65.   Plaintiff realleges and incorporates therein by

24  reference every allegation stated herein.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          20

1    66.    The fraudulent actions of defendants were outrageous,

2  intentional and malicious and done with reckless disregard of

3  the fact that they would certainly cause plaintiff to suffer

4  severe emotional and physical distress. Defendants knew that

5  defrauding plaintiff in an attempt to deprive from his "would

6  be" Disability Discrimination Claim would certainly cause him to

7  suffer severe emotional and physical distress. Defendants also

8  knew Plaintiff had already suffered psychological injury due to

9  the previous acts of the Defendants while Plaintiff was employed

10  at the Carnelian Room, but still proceeded with their Fraudulent

11  acts after Plaintiff resigned or was constructively Discharged.

12    67.    As a proximate result of the acts of defendants,

13  Plaintiff has and will more than likely continue to suffer

14  emotional distress in the form of fear, anxiety, worry, and

15  mental suffering as the injury will have an effect on

16  Plaintiff's future capacity to work and earn income.

17    68.    Plaintiff will seek more psychological counseling as a

18  result of the defendants conduct.

19    69.    As a proximate result of Defendants conduct, Plaintiff

20  has suffered general Damages in an amount to be determined by

21  Proof at Trial.

22    70.    Defendants conduct was done knowingly, willfully and

23  with malicious intent and Plaintiff can prove the fraudulent

24  acts of Defendants by "clear and convincing" evidences and

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    21

1 | therefore Plaintiff is entitled o Punitive Damages in an amount
2 | to be determined by Proof at trial.

3 | Wherefore Plaintiff prays for judgment against Defendants as
4 | more fully set forth below.

5 | NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6 | 71.   Plaintiff realleges and incorporates therein by
7 | reference every allegation stated herein.

8 | 72.   Plaintiff is informed, believes and therefore alleges
9 | that Defendant Aramark Corporation is negligent in causing
10 | plaintiff Emotional Distress, in that Defendant Aramark
11 | Corporation has breached their duty of care by allowing Aramark
12 | Sports, LLC, and its Managers to intentionally inflict Plaintiff
13 | with Emotional Distress causing Plaintiff injury resulting in
14 | damages. Defendants' negligence causing of Emotional Distress is
15 | not an independent Tort: it is a Tort of Negligence.

16 | 73.   As a proximate result of the fraudulent conduct of the
17 | defendants as herein alleged, Plaintiff has suffered general
18 | Damages in an amount to be determined by Proof at Trial.

19 | Wherefore Plaintiff prays for judgment against Defendants as
20 | more fully set forth below.

21 | PRAYER FOR RELEIF

22 | WHEREFORE, Plaintiff FOSTER prays for judgment against
23 | defendants, and each of them, as more fully set forth below:

24 | 1. For general damages, including emotional distress,

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

**22**

1       according to proof;

2     2. For statutory penalties and all relief allowed by

3       statute according to proof;

4     3. For punitive damages;

5     4. for an award of attorney's fees;

6     5. For pre-judgment interest at the legal rate according to

7       proof;

8     6. For costs of suit incurred;

9     7. For such other and further relief as the court may deem

10       proper.

11 Dated: *February 1, 2008*      *Mark Antoine Foster*

12                 Mark Antoine Foster, In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS     **23**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

NOTICE TO DEFENDANT: ARAMARK SPORTS L.LC
(AVISO AL DEMANDADO): And AKAMARK CORPORATION
And Does 1 through 73

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

MARK ANTOINE FOSTER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | SUPERIOR COURT<br>400 MCALLISTER STREET RM 103<br>SAN FRANCISCO, CA 94102 | CASE NUMBER:<br>(Número del Caso): CGC-08-471936 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

MARK ANTOINE FOSTER
200 Corpus Cristie KD #A
Alameda, CB 94502

D. STEPPE

DATE: FEB 07 2008   Gordon Park-Li   Clerk, by _____, Deputy
(Fecha)              (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT 3

1 | MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 | 2 Palo Alto Square
3000 El Camino Real, Suite 700
3 | Palo Alto, CA 94306-2122
Tel: 650.843.4000
4 | Fax: 650.843.400

5 | SUZANNE BOAG, State Bar No. 250441
MORGAN, LEWIS & BOCKIUS LLP
6 | One Market, Spear Street Tower
San Francisco, CA 94105-1126
7 | Tel: 415.442.1000
Fax: 415.442.1001
8
Attorney for Defendants
9 | MORGAN LEWIS & BOCKIUS LLP and ERIC
MECKLEY
10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

COUNTY OF SAN FRANCISCO

12

UNLIMITED JURISDICTION

13

14

| MARK ANTOINE FOSTER, | Case No. CGC-08-471937 |
|---|---|
| Plaintiff, | **NOTICE TO PLAINTIFF AND TO THE** |
| | **SUPERIOR COURT OF REMOVAL OF** |
| vs. | **ACTION TO FEDERAL COURT** |
| MORGAN LEWIS & BOCKIUS , LLP, | Action Filed:    February 7, 2008 |
| and ERIC MECKLEY, as an Individual, | |
| and DOES 1 through 81, | |
| Defendants. | |

21

TO THE CLERK OF THE ABOVE-CAPTIONED COURT AND TO PLAINTIFF:

22

PLEASE TAKE NOTICE that on March 7, 2008, Defendants MORGAN LEWIS &

23

BOCKIUS LLP and ERIC MECKLEY ("Defendants") filed a Notice of Removal of the above-

24

captioned action to the United States District Court for the Northern District of California, San

25

Francisco Division, United States District Court Case No. C-08-01337 EDL.

26

A true and correct copy of the Notice of Removal of Action, along with all exhibits and

27

attachments thereto, is attached to this notice as **Exhibit 1** and is filed and served herewith.

28
ORGAN, LEWIS &
BOCKIUS LLP
, TTORNEYS AT LAW
PALO ALTO

1-SF/7669877.1                                                    CGC-08-471937

NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL COURT

1    PLEASE TAKE FURTHER NOTICE that, pursuant to Title 28 United States Code

2    Section 1446, the filing of said Notice of Removal of Action in the United States District Court

3    for the Northern District of California, together with the filing and service of a copy of said

4    Notice herein, effects the removal of this cause of action, and the above-entitled Court may take

5    no further action with respect to this matter.

6

7    Dated: March 12, 2008                MORGAN, LEWIS & BOCKIUS LLP

8

     By
9        Suzanne Boag
         Attorney for Defendants MORGAN
10       LEWIS & BOCKIUS LLP and ERIC
         MECKLEY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7669877.1                              2                              CGC-08-471937

NOTICE TO PLAINTIFF AND TO THE SUPERIOR COURT OF REMOVAL OF ACTION TO FEDERAL COURT