Mark Antoine Foster, In Pro Per
200 Corpus Cristie Road #A
Alameda, California 94502
(415) 756-1611
(619) 646-3564



FILED

APR - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

Case No. **C-08- 01336 MHP**

**MARK ANTOINE FOSTER,**

**Plaintiff,**

vs.

**ARAMARK SPORTS LLC, and
ARAMARK CORPORATION
, and does 1 through 73**

**Defendants**

_____/

**DECLARATION OF MARK
ANTOINE FOSTER IN SUPPORT
THEREOF AND EXHIBITS 1 THRU
12 ATTACHED THERETO**
Date:  April 28, 2008
Time: 2:00 p.m.

I MARK ANTOINE FOSTER declare that:

1.      I am the plaintiff in this action and have personal knowledge of each fact stated

        in the complaint filed against Aramark Sports LLC, (formerly Aramark Sports

        and Entertainment), and ARAMARK CORPORATION, a parties to this action.

2.      Attached hereto as Exhibit 1 and incorporated herein by reference is a true and

correct copy of the Voluntary Resignation agreement that Plaintiff signed on

March 28, 2006

3.  Attached hereto as Exhibit 2 and incorporated herein by reference is a true and

correct copy of the Voluntary Resignation agreement that Plaintiff signed on or

around May 7, 2007 displaying the altered June 15, 2006 date.

4.  Attached hereto as Exhibit 3 and incorporated herein by reference is a true and

correct copies of pages 11, i and Exhibit 6 of Aramark's ESC statement

evidencing the presentation of the new agreement

5.  Attached hereto as Exhibit 4 and incorporated herein by reference is a true and

correct copy of page 6 of Aramark's answers to Plaintiff Employment

Interrogatories evidencing Plaintiff was terminated on June 15, 2006 pursuant

to the contract or agreement signed on March 28, 2006

6.  Attached hereto as Exhibit 5 and incorporated herein by reference is a true and

correct copy of a email from James Chan to Victoria Litner stating he planned

to request a doctor's note from Plaintiff when he returned to work

7.  Attached hereto as Exhibit 6 and incorporated herein by reference is a true and

correct copies of Plaintiff's State Disability check stubs submitted to Aramark

in response to Attorney Meckley's Discovery showing Plaintiff was disabled on

or around June 15, 2006

8.  Attached hereto as Exhibit 7 and incorporated herein by reference is a true and

correct copy of the compromise and release agreement presented to Plaintiff by

the Law Offices of Gray and Prouty evidencing Plaintiff was coerced to sign

the documents as a condition of receiving his worker's compensation

settlement of $5,500

DECLARATION OF MARK ANTOINE FOSTER                                    2

9.    Attached hereto as Exhibit 8 and incorporated herein by reference is a true and correct copy of Plaintiff's UI claim filed with Defendants

10.    Attached hereto as Exhibit 9 and incorporated herein by reference is a true and correct copy of Gray and Prouty's Opposition to Plaintiff's Readiness To Proceed, evidencing the perjury

11.    Attached hereto as Exhibit 10 and incorporated herein by reference is a true and correct copy of page of the employment interrogatories evidencing Plaintiff's job was union connected.

12.    Attached hereto as Exhibit 11 and incorporated herein by reference is a true and correct copy of page of the union rules of the collective bargaining agreement evidencing Defendants are required to report a union member's termination

13.    Attached hereto as Exhibit 12 and incorporated herein by reference is a true and correct copy of Plaintiff's Motion to Dismiss his claims of mail fraud, wire fraud and conspiracy to mail fraud

I declare under penalty under the laws of the state of California that the foregoing is true and correct and that this declaration was executed this day on the 1st of April, 2008, at San Francisco, California.

*Mark A. Foster*

Mark Antoine Foster, In Pro Per

EXHIBIT 1

FAX # 030647547

## LEAVE OF ABSENCE REQUEST

Employee's Name    MaRK Antoine Foste

Social Security Number    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

Hire Date    4/8/05                                 Unit    KI

Request Leave of Absence

To Start    March 30, 2006
            no later than
To Return    JUNE 15, 2006

To Be Read And Signed By Employee:

   I understand that failure to report to work at the date specified above
   means that I am quitting voluntarily and I will, therefore, be terminated
   on that day.

                    Mark A. Foste
                    Employee's Signature

Chief Alfonso called
at 11:13 am 6/15
to inform me Mark did
not show for work
He was scheduled to work
at 11 am.          6/12
Chief Tim called 3 days ago
to inform him he will be on the
schedule        JC

Reason for Request

            Emotional Stress, mental anguish

_____

_____

_____

                    Mark A. Foste                        March 28, 2006
                    Employee's Signature                        Date

APPROVALS:

   Department Head    _____

   Controller         _____          3/28/06
                                                            Date
   Personnel          _____          3/28/06
                                                            Date

EMPLOYEE NOTIFIED OF DECISION ON    3/29/06

EXHIBIT 2

# VOLUNTARY RESIGNATION

I, Mark Foster, voluntarily resign my position with Aramark as of  June 15, 2006.

Mark Foster,          Date          May 7, 2007

ARA. Fos
D 0177

EXHIBIT 3

1   MORGAN, LEWIS & BOCKIUS LLP
    ERIC MECKLEY, State Bar No. 168181
2   SUZANNE BOAG, State Bar No. 250441
    One Market, Spear Street Tower
3   San Francisco, CA  94105-1126
    Tel:  415.442.1000
4   Fax:  415.442.1001

5   Attorneys for Defendants
    ARAMARK SPORTS, LLC (erroneously sued as
6   ARAMARK Sports and Entertainment), YING KEE
    McVICKER, and MATTHEW LEE
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN FRANCISCO

10                          UNLIMITED JURISDICTION

11

12   MARK ANTOINE FOSTER,                    Case No. CGC-07-461178

13              Plaintiff,            **DEFENDANTS' EARLY SETTLEMENT
                                      PROGRAM SETTLEMENT
14         vs.                        CONFERENCE STATEMENT**

15   ARAMARK SPORTS &                 Date:       January 11, 2008
     ENTERTAINMENT, Ying Kee McVicker,
16   an individual, Matthew Lee, an individual,   Action Filed:   March 9, 2007
     and DOES 1 Through 51,           Trial Date:    May 19, 2008
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

                                                                                        Page

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF RELEVANT FACTS .............................................................2

       A.     ARAMARK Sports, LLC ...........................................................................2

       B.     Plaintiff's Employment with ARAMARK ..................................................2

       C.     September 6, 2005: Plaintiff Lied On His Application For Employment
              With ARAMARK.........................................................................................3

       D.     Plaintiff Had a Consensual Relationship With Defendant McVicker .......3

       E.     Plaintiff Erroneously Believed Defendants Lee and McVicker Were
              Romantically Involved.................................................................................4

       F.     February 17, 2006: Plaintiff Refused To Cover a Last-Minute Banquet.............4

       G.     Early-February 2006: The Alleged Family Meal "Harassment" .............6

       H.     Late-February 2006: The Alleged Chicken Pot Pie "Harassment" .........6

       I.     February 21, 2006: Plaintiff Contacted the ARAMARK Employee Hotline .........7

       J.     February 23, 2006: Plaintiff Contacted Assistant General Manager Phil Ip
              With His Concerns........................................................................................8

       K.     February 27, 2006: ARAMARK Investigated Plaintiff's Allegations of
              Sexual Harassment.......................................................................................8

       L.     Early-March 2006: The Alleged Fish Taco "Harassment".......................9

       M.     Mid-March 2006: Plaintiff Allegedly Requested a Pay Raise...................9

       N.     March 13, 2006: ARAMARK Management Met With Plaintiff To Discuss
              Plaintiff and McVicker Working on Different Shifts................................10

       O.     March 17, 2006: ARAMARK Management Again Met With Plaintiff To
              Discuss a Shift Change ..............................................................................10

       P.     March 30, 2006: Foster Began a Leave Of Absence ...............................11

       Q.     June 15, 2006: Plaintiff Voluntarily Resigned His Position...................11

III.   LEGAL ARGUMENT............................................................................................11

       A.     Plaintiff Cannot Establish A Cause Of Action For Constructive Discharge
              Because Plaintiff Cannot Prove That He Was Subjected To "Intolerable
              Conditions" At The Time Of His Resignation ........................................11

       B.     Plaintiff Cannot Establish Sexual Harassment .......................................13

DEFENDANTS' EARLY SETTLEMENT PROGRAM SETTLEMENT CONFERENCE STATEMENT

1   McVicker and Plaintiff worked together on *only two shifts*.

2   **P.   March 30, 2006: Foster Began a Leave Of Absence**

3   In mid-March 2006, Plaintiff approached both Human Resources Manager James Chan

4 ("Chan") and chef Tim Miller to discuss the possibility of taking a leave of absence due to

5 emotional problems. Plaintiff did not mention any alleged harassment by McVicker and Lee.

6 Miller informed Plaintiff that he was entitled to such a leave of absence.

7   On March 28, Plaintiff signed a Leave of Absence Request Form requesting a leave of

8 absence for "emotional stress and mental anguish" from March 30, 2006, to return no later than

9 June 15, 2006. The request contained the following language: "I understand that failure to report

10 to work at the date specified above means that I am quitting voluntarily and I will, therefore, be

11 terminated on that date." The date specified was June 15, 2006. The request was approved on

12 March 28. Plaintiff was notified that request had been approved on March 29 and began his leave

13 of absence on March 30. A true and correct copy of Plaintiff's request for leave is attached hereto

14 as **Exhibit 5**.

15   **Q.   June 15, 2006: Plaintiff Voluntarily Resigned His Position**

16   On June 12, 2006, Miller called Plaintiff to remind Plaintiff that he was scheduled to

17 return to work on June 15. Plaintiff admittedly never returned Miller's call. Depo. Vol. II,

18 302:21-22. When Plaintiff failed to return to work on June 15, 2006, he effectively resigned his

19 position, and his employment with ARAMARK ended that same date. Plaintiff later confirmed

20 his resignation in a signed writing, a true and correct copy of which is attached hereto as **Exhibit**

21 **6**.

22   **III.   LEGAL ARGUMENT**

23   **A.   Plaintiff Cannot Establish A Cause Of Action For Constructive Discharge**
     **Because Plaintiff Cannot Prove That He Was Subjected To "Intolerable**
24      **Conditions" At The Time Of His Resignation**

25   To establish constructive discharge, Plaintiff must establish that Defendants "either

26 intentionally created or knowingly permitted working conditions that were so intolerable or

27 aggravated at the time of the employee's resignation ... that a reasonable person in the

28 employee's position would be compelled to resign." *Turner v. Anheuser-Busch, Inc.* (1994) 7

DEFENDANTS' EARLY SETTLEMENT PROGRAM SETTLEMENT CONFERENCE STATEMENT

# VOLUNTARY RESIGNATION

I, Mark Foster, voluntarily resign my position with Aramark as of June 15, 2006.

_Mark Foster_    May 7, 2007

Mark Foster,                Date

EXHIBIT 4

1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, State Bar No. 168181
2  SUZANNE BOAG, State Bar No. 250441
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel:  415.442.1000
4  Fax:  415.442.1001

5  Attorneys for Defendants
   ARAMARK SPORTS, LLC (erroneously sued as
6  ARAMARK Sports and Entertainment), YING KEE
   McVICKER, and MATTHEW LEE
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF SAN FRANCISCO

10                    UNLIMITED JURISDICTION

11

12  MARK ANTOINE FOSTER,                    Case No. CGC-07-461178

13              Plaintiff,                  **DEFENDANT ARAMARK SPORTS, LLC'S**
                                            **RESPONSE TO PLAINTIFF'S FORM**
14          vs.                             **INTERROGATORIES – EMPLOYMENT**
                                            **LAW (SET ONE)**
15  ARAMARK SPORTS &
    ENTERTAINMENT, Ying Kee McVicker,       Action Filed:    March 9, 2007
16  an individual, Matthew Lee, an individual,  Trial Date:      May 19, 2008
    and DOES 1 Through 51,
17
                Defendants.
18

19

20  PROPOUNDING PARTY:        Plaintiff, MARK ANTOINE FOSTER

21  RESPONDING PARTY:         Defendant, ARAMARK SPORTS, LLC

22  SET NUMBER:               ONE (1)

23              **RESPONSES TO FORM INTERROGATORIES**

24  **INTERROGATORY NO. 200.1:**

25      Do you contend that the **EMPLOYMENT** relationship was "at will"?  If so:

26      (a)    state all facts upon which you base this contention;

27      (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

28  knowledge of those facts, and

1    Defendant objects to this Interrogatory on the grounds that the phrase "involved in a

2    TERMINATION" is vague and ambiguous. Defendant further objects to this Interrogatory on the

3    grounds that it is overbroad. Notwithstanding and without waiving such the foregoing objections,

4    Defendant responds:  Plaintiff elected to terminate his employment.

5    (a)    Plaintiff voluntarily resigned by electing not to return from a leave of absence.

6    Defendant did not terminate the Plaintiff.

7    (b)    Because Plaintiff voluntarily resigned, Defendant believes Plaintiff was likely the

8    only person who participated in his decision to resign.

9    (c)    This sub-part does not appear applicable given the fact that Plaintiff voluntarily

10    resigned, and Defendant did not terminate him.

11    (d)    Defendant lacks knowledge or information as to what documents, if any, Plaintiff

12    relied upon in deciding to voluntarily resign.  Plaintiff signed an agreement on March 28, 2005

13    which stated that if he did not report to work following his leave of absence by June 15, 2005,

14    then he would be considered to have voluntarily resigned.

15    **INTERROGATORY NO. 201.2**

16    Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were

17    first discovered after the **TERMINATION**?  If so:

18    (a)    state the specific facts;

19    (b)    state when and how **EMPLOYER** first learned of each specific fact;

20    (c)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

21    knowledge of the specific facts; and

22    (d)    identify all **DOCUMENTS** that evidence these specific facts.

23    **RESPONSE TO INTERROGATORY NO. 201.2:**

24    To the extent this Interrogatory seeks evidence pertaining to "after-acquired evidence"

25    which would support an involuntary termination, Defendant responds:  Defendant did not

26    involuntarily terminate Plaintiff; rather, Plaintiff voluntarily resigned.  In any event, Defendant

27    has become aware during the course of its investigation that Plaintiff falsified his employment

28    application by indicating that he had never been convicted of a felony, when in fact he was

MORGAN, LEWIS &
BOCKIUS LLP

EXHIBIT 5

----- Message from "Chan, James J." <Chan-James@aramark com> on Tue, 16 May 2006 13:22:44 -0400
-----

    To: "Littler, Victoria" <Littler-Victoria@aramark.com>

    Subject: Update on Mark Foster

Hi Vickie,

Per our short discussion yesterday, I wanted to give you an update on Mark Foster. He is due to come back to work no later than June 15, 2006 according to his Leave of Absence Form. I have noted to obtain a doctor's note from him prior to him working to confirm he is fit to work. I found out that he lost his Workers Compensation case, which is good, but it counts against our safety statistics. That's all the information I have so far. Let me know if you need to know anything else.


James Chan
Aramark Corporation
555 California Street, #1950
San Francisco, CA 94104
415-296-5510
415-433-5827 (fax)
chan-james@aramark.com

ARA-Fos
D 0114

EXHIBIT 6

KEEP THIS STATEMENT FOR YOUR    CORDS.                                DATE ISSUED 07/15/06
SSN:   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   NAME: MARK A FOSTER                    CLAIM EFFECTIVE DATE: 03/30/06
WEEKLY RATE: $332.00          WEEKLY RATE IS FOR 7 DAYS
EXCEPT FOR THE MANDATORY 7-DAY WAITING PERIOD, YOU WILL BE PAID FOR EVERY DAY YOU ARE ELIGIBLE FOR
BENEFITS, INCLUDING WEEKENDS.

IF YOU ARE NOT PAID FOR ANY DAYS, YOU WILL BE NOTIFIED WHAT DAYS WERE NOT PAID AND WHY THEY WERE NOT PAID
IN THE MESSAGE AREA BELOW.  THE OFFICE PROCESSING YOUR CLAIM IS:
                              EMPLOYMENT DEVELOPMENT DEPARTMENT        TELEPHONE: (800) 480-3287
                              P O BOX  193534
                              SAN FRANCISCO  CA   94119-3534
THE ATTACHED CHECK IS FOR STATE DISABILITY INSURANCE FOR THE FOLLOWING PERIOD(S): 06/04/06 THROUGH 07/13/06.

| NO. OF DAYS | BENEFIT AMT. | AMT. DEDUCTED | AMT. PAID |
|-------------|--------------|---------------|-----------|
| 40          | $1897.14     | $0.00         | $1897.14  |

MESSAGE-AREA

  IMPORTANT NOTICE:    IF YOU DO NOT UNDERSTAND ANY FORM SENT TO YOU BY THIS OFFICE, CONTACT US FOR
  ASSISTANCE AT THE TELEPHONE NUMBER SHOWN ON THE CHECK STATEMENT.



DE 2500CKA Rev. (5-03)         DETACH THIS STUB FOR YOUR RECORDS /GUARDE ESTE TALON PARA SU RECORD PERSONAL

EXHIBIT 7

LAW OFFICES OF
# GRAY & PROUTY

A PROFESSIONAL CORPORATION

## SAN FRANCISCO OFFICE
400 OYSTER POINT BLVD, STE 401
SOUTH SAN FRANCISCO, CA 94080

PHONE (650) 246-1440
FAX (650) 246-1441

EMAIL gpsanfrancisco@grayandprouty.com

www.grayandprouty.com

Bill K. Gray
John P. Welch, Inc.
James B. James
Melinda Schaffner, Inc.
Marilee B. Hazen
Stephen M. Berger
Malcolm D. Schick

*C. Kempton Letts ^*
Kelly J. Hamilton
Roger A. Catterian
Christopher L. Herritt
Daniel R. Brown
Christopher Cooley

*Chiring C. Prouty 1947 - 1998)*
John R. Banks, Inc
Joseph A. Hernandez
Frank M. Jolzio
David J. Mitchell
Khanh Le Kwan
David J. Demsiki
J.H.S. Grathwohl

G. Bruce Sutherland **
Thomas E. Mullen
David J. Gittelman
Dawn C. Nelms
Joanne Marocek
Kathleen L. Wilson
F. Kelly Cox

Tracy Sturtevant
Jill M. Klein **
Andrew J. Blackburn
Jason P. Williams
Tiffany A. Boylard
Robin R. Horner *
J. Wellington Glover
David W. Tate
Barry A. Saperstein
Peter E. Cummings
C. Geoffrey Allred
Thomas E. Youngdale
Marvin Levy
Dana E. Mitchell
Steven J. Green
Sonja D. Gipson

Brittany H. Haynh
Diane G. Weiner
Gerald J. Bowman
Craig E. Munson
Jennifer L. Rozsuk
Craig A. Kingston

*Of Counsel*
James C. Hazen
* Licensed in Hawaii
** Licensed in Nevada
serviced in Colorado
+ Licensed in Washington

May 2, 2007

Mary Lou Williams, Esq.
4104 24TH Street, Suite 438
San Francisco, CA 94114

Re:  Employee:    Mark Antoine Foster
     Employer:    Aramark
     WCAB#:       SFO 0496875
     Claim#:      300231324

Dear Ms. Williams:

Enclosed is the proposed Compromise and Release agreement which I have prepared reflecting our settlement discussions. Please note that the settlement is contingent upon Mr. Foster signing the Voluntary Resignation and also the Addendum reflecting that he is not receiving Social Security Disability nor has he filed a claim for this benefit. Once Mr. Foster has signed the enclosed documentation, would you kindly return the documents to my office and I will hand walk them through the Board and obtain an Order Approving. I recognize that I indicated I would sign these documents initially. However, I want to insure that Mr. Foster signs the Voluntary Resignation and the Medicare Information form before signing the settlement documents.

Thank you for your assistance in this matter.

Very truly yours,
**GRAY & PROUTY**

BY: _____

C. Kempton Letts, Esq.
ckletts@grayandprouty.com

CKL/ee
enclosures
cc:    Gretchen McCoy: Specialty Risk Services

SANTA ANA-ORANGE
(714) 558-3751 FAX (714) 973-4736

GROVER BEACH
(805) 786-4050  FAX (805) 786-0131

SACRAMENTO
(916) 419-6662 FAX (916) 419-6663

RIVERSIDE
(951) 276-8750 FAX (951) 276-0392

SAN DIEGO-CIVIL
(619) 718-6790 FAX (619) 718-6797

SAN DIEGO
619) 521-2660 FAX (619) 521-2655

NEVADA
(702) 474-4850 FAX (702) 474-4857

HAWAII
(808) 523-8820  FAX (808) 523-7974

PETALUMA
(707) 766-3525  FAX (707) 766-3592

LOS ANGELES
(323) 525-3170  FAX (323) 525-3180

FRESNO
(559) 243-4390  FAX (559) 243-4399

SANTA BARBARA
(805) 565-2950  FAX (805) 565 2069

REDDING
(530) 246-9051 FAX (530) 246-9781

POMONA
(909) 623-6441  FAX (909) 623-6445

SALINAS
(831) 444-7776  FAX (831) 444-7746

STATE OF CALIFORNIA
DIVISION OF WORKERS' COMPENSATION
**WORKERS' COMPENSATION APPEALS BOARD**

# COMPROMISE AND RELEASE

Case No(s) _SFO 0436875_

Social Security No. _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_

725 Ellis Street, Apt. 408

Mark Antoine Foster
Applicant (Employee)

San Francisco _Ca 94.09_
Address

Aramark dba Bankers Club Of S.F.

Correct Name(s) of Employer(s)

555 California Street, Suite 1255
San Francisco, Ca 94104

Address(es)

Specialty Risk Services

Correct Name(s) of Insurance Carrier(s) Claims Administrator(s)

P.O. Box 591
Burbank, Ca 91503

Address(es)

1  The employee, born _7/14/195_ , claims that he/she was employed at _SAN FRANCISCO_
(city)

_CALIFORNIA_ , as a(n) _Cook_ by the employer(s)
(state)                                          (occupation)

and claims to have sustained injury(ies) arising out of and in the course of employment:

(State with specificity the date(s) of injury(ies) and what part(s) of body, conditions or systems are being settled.)

on _CT TO 3/28/06_ to _PSYCHE_

on _____ to _____

on _____ to _____

on _____ to _____

on _____ to _____

Body parts, conditions and systems may not be incorporated by reference to medical reports.

2  Upon approval of this compromise agreement by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge and payment in accordance with the provisions hereof, the employee releases and forever discharges the above-named employer(s) and insurance carrier(s) from all claims and causes of action, whether now known or ascertained or which may hereafter arise or develop as a result of the above-referenced injury(ies), including any and all liability of the the employer(s) and the insurance carrier(s) and each of them to the dependents, heirs, executors, representatives, administrators or assigns of the employee. Execution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated.

3  This agreement is limited to settlement of the body parts, conditions, or systems and for the dates of injury set forth in Paragraph No. 1 despite any language to the contrary in this document or any addendum.

Applicant/Employee: Mark Antoine _____ _____    WCAB No(s). _____

4. Unless otherwise expressly stated, approval of this agreement RELEASES ANY AND ALL CLAIMS OF APPLICANT'S DEPENDENTS TO DEATH BENEFITS RELATING TO THE INJURY OR INJURIES COVERED BY THIS COMPROMISE AGREEMENT. The parties have considered the release of these benefits in arriving at the sum in Paragraph No. 7. *Any addendum duplicating this language pursuant to Sumner v WCAB, 48 CCC 369 (1983), is unnecessary and shall not be attached.*

5. Unless otherwise expressly ordered by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge, approval of this agreement does not release any claim applicant may have for vocational rehabilitation benefits or supplemental job displacement benefits.

6. The parties represent that the following facts are true: (If facts are disputed, state what each party contends under Paragraph No. 9.)

EARNINGS AT TIME OF INJURY  $ _____

TEMPORARY DISABILITY INDEMNITY PAID  $ _____    Weekly Rate  $ _____

Period(s) Paid _____

PERMANENT DISABILITY INDEMNITY PAID  $ _____    Weekly Rate  $ _____

Period(s) Paid _____

TOTAL MEDICAL BILLS PAID  $ _____    Total Unpaid Medical Expense to be Paid By: 5,500.00 _____

Unless otherwise specified herein, the employer will pay no medical expenses incurred after approval of this agreement.

7. The parties agree to settle the above claim(s) on account of the injury(ies) by the payment of the **SUM OF $** _____
The following **amounts are to be deducted** from the settlement amount:

$ ____ - 0 - ____ for permanent disability advances through _____
                                                                              *(date)*
$ ____ - 0 - ____ for temporary disability indemnity overpayment, if any.

$ _____ payable to _____

$ _____ payable to _____

$ _____ payable to _____

$ _____ payable to _____

$ 500⁰⁰ _____ requested as applicant's attorney's fee.

**LEAVING A BALANCE OF $** 5,000⁰⁰ _____ , after deducting the amounts set forth above and less further permanent disability advances made after the date set forth above. Interest under Labor Code §5800 is included if the sums set forth herein are paid within 30 days after the date of approval of this agreement.

8. Liens not mentioned in Paragraph No. 7 are to be disposed of as follows (Attach an addendum if necessary):

DEFENDANT AGREES TO PAY, ADJUST OR LITIGATE THE EDD LIEN. _____

NO OTHER LIENS OF RECORD. _____

Applicant Employee: Mark Antoine __ ster          WCAB No(s). _SFO 0  7875

9.    The parties wish to settle these matters to avoid the costs, hazards and delays of further litigation, and agree that a serious dispute exists as to the following issues (initial only those that apply). **ISSUES NOT INITIALED BY ALL PARTIES ARE NOT INCLUDED WITHIN THIS SETTLEMENT.**

earnings
temporary disability
jurisdiction
apportionment
employment
injury AOE/COE
serious and willful misconduct
discrimination (Labor Code §132a)
statute of limitations
future medical treatment
other THOMAS FINDING
other ____

permanent disability
self-procured medical treatment, except as provided in Paragraph 7
vocational rehabilitation benefits/supplemental job displacement benefits

COMMENTS APPLICANT STIPULATES HE HAS NOT SUSTAINED ANY OTHER INJURIES, SPECIFIC OR CUMULATIVE TRAUMA, WITH THIS EMPLOYER.

Any accrued claims for Labor Code Section 5814 penalties are included in this settlement unless expressly excluded.

10. It is agreed by all parties hereto that the filing of this document is the filing of an application, and that the WCAB may in its discretion set the matter for hearing as a regular application, reserving to the parties the right to put in issue any of the facts admitted herein and that if hearing is held with this document used as an application, the defendants shall have available to them all defenses that were available as of the date of filing of this document, and that the WCAB may thereafter either approve this Compromise and Release or disapprove it and issue Findings and Award after hearing has been held and the matter regularly submitted for decision.

11. **WARNING TO EMPLOYEE: SETTLEMENT OF YOUR WORKERS' COMPENSATION CLAIM BY COMPROMISE AND RELEASE MAY AFFECT OTHER BENEFITS YOU ARE RECEIVING OR MAY BECOME ENTITLED TO RECEIVE IN THE FUTURE FROM SOURCES OTHER THAN WORKERS' COMPENSATION, INCLUDING BUT NOT LIMITED TO SOCIAL SECURITY, MEDICARE AND LONG-TERM DISABILITY BENEFITS.**

**THE APPLICANT'S (EMPLOYEE'S) SIGNATURE MUST BE ATTESTED TO BY TWO DISINTERESTED PERSONS
OR ACKNOWLEDGED BEFORE A NOTARY PUBLIC**

By signing this agreement, applicant (employee) acknowledges that he/she has read and understands this agreement and has had any questions he/she may have had about this agreement answered to his/her satisfaction.

Witness the signature hereof this ____ day of ____ , at San Francisco, CA.

| Witness 1 | 5/7/07 (Date) | Applicant (Employee) Mark Antoine Foster    May 7, 2007 (Date) |
| Witness 2 | 5/7/07 (Date) | Attorney for Applicant MARY LOU WILLIAMS, ESQ (Date) |
| Interpreter | (Date) | Attorney for Defendant J. KEMPTON LETTS, ESQ (Date) |

STATE OF CALIFORNIA
County of ____

On this ____ day of ____ ____ before me, ____ , a Notary Public in and for the said County and State, residing therein, duly commissioned and sworn, personally appeared ____
known to me to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that __ he __ executed the same.

*In Witness Whereof*, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

____
Notary Public in and for said County and State of California

*CLAIMANT/BENEFICIARY NAME* stipulates that he/she is:
(Check the applicable sentence below)

☑ not currently receiving Social Security Disability or Retirement benefits and is not otherwise Medicare eligible. Claimant has not applied for Social Security benefits and does not anticipate applying for benefits in the next six months.

___not currently receiving Social Security Disability or Retirement benefits but has applied for benefits and is not otherwise Medicare eligible. Claimant anticipates being Medicare eligible in 30 months from the date of the settlement

___deemed disabled by Social Security but is not currently a Medicare beneficiary but has reasonable expectation that he/she will have Medicare coverage in the next 30 months.

*CLAIMANT/BENEFICIARY NAME* agrees that this settlement includes payment of $_____ for alleged work related medical conditions and treatment and it is the sole responsibility of *CLAIMANT/BENEFICIARY NAME* to ensure that such funds are to be used for the payment of care and treatment of such work related conditions. The employee further agrees that the settlement covers any and all liens and Federal rights of recovery under the Social Security Act Section 1862(b) of the Social Security Act (42 USC Section 1395y(b)(5) and Applicable regulations found at 42 CFR Part 411 (1990) (Medicare Secondary Payer Act), and that any such lien will be paid out of the proceeds of this settlement. *CLAIMANT/BENEFICIARY NAME* further agrees to indemnify the employer and its insurer for any claim or potential claim of Medicare for payment of any lien or right of recovery as outlined above, arising out of benefits paid to or on behalf of the employee for any care or treatment provided as the result of the employee's alleged work related conditions

_____
Applicant's Name          Date

# VOLUNTARY RESIGNATION

I, Mark Foster, voluntarily resign my position with Aramark as of May 1, 2007.

Mark Foster,                Date

EXHIBIT 8

EMPLOYMENT DEVELOPMENT DEPARTMENT    #0060
P O BOX 19037
SAN BERNARDINO    CA  92423-9037

**EDD**
Employment
Development
Department
State of California

THIS NOTICE WAS MAILED TO THE EMPLOYER/ADDRESS LISTED BELOW ON:    **02/05/07**

ﻻﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟﻟ
**ARAMARK CORP
555 CALIFORNIA ST STE 52
SAN FRANCISCO    CA  94104-1503**

New Claim:    **X**

Additional Claim.

Inside Calif  (800) 300-5616
Outside Calif  (800) 250-3913

## IMPORTANT:  NOTICE OF UNEMPLOYMENT INSURANCE CLAIM FILED

This is a notice that a claim for unemployment insurance benefits has been filed. Forward it immediately to persons within your organization who are responsible for handling claims.  **The time limit for replying is 10 days from the mail date shown above. Failure to respond may result in an increased Employment Tax Rate.**

The claimant provided us with the following information and listed you as his/her last employer:

| Claimant's Name | Social Security Number | Effective Date of Claim: | **01/28/07** |
|---|---|---|---|
| **MARK    A FOSTER** | **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** | Last Date Worked: | **03/28/06** |

Reason for Separation:

**RESIGNED BECAUSE OF STRESS RELATED TO HARASSMENT AND HOSTILE WORK ENVIRONMENT.**

### I. EXPLANATION AND INSTRUCTIONS FOR EMPLOYERS

You have received this form because the individual shown above has filed a claim for unemployment insurance benefits and has listed you as his/her most recent employer prior to filing this claim.  **No reply is required if the claimant was laid off due to lack of work and no other eligibility issue has been identified.**  For detailed information on employer responsibilities in the unemployment insurance program, our DE 44, California Employer's Guide, is available upon request.

### II. REPORTING FACTS - Respond in writing by completing Sections A, B, C on the reverse of this form.

**The law requires an employer to submit any facts in his/her possession which may affect a claimant's eligibility for benefits. Furnish information if this claimant:**

- Voluntarily quit
- Was discharged or fired for reasons other than lack of work.
- Left work because of a trade dispute.
- Is receiving a pension based on his/her prior work.
- Is working on a full-time basis, or has earnings payable over $25.99, covering any time on or after the effective date of this claim as shown on the reverse side of this form.
- Is not able to work, available for, or seeking work.
- Has refused employment.

- Is not legally entitled to work in the U.S.
- Performed services as a sports or athletic participant and has reasonable assurance of performing such services in the next season
- Made false statements or withheld material information in filing for benefits.
- If you are a school employer, also furnish information if the claimant has a contract for or reasonable assurance of returning to work.

**Important:**  Make your response as complete as possible; these facts will be used in determining the claimant's eligibility.

A Department representative may contact you for further eligibility information.  If a representative is unable to reach you, he/she may leave a message for you to return the telephone call.  If after 48 hours no response has been received, the Department is required to make an eligibility decision based on available information.

### III. TIME LIMITS FOR REPLYING

**Submit facts in writing to the field office shown at the top of this form within 10 days of the mail date shown above.**  If your mailing is late, explain your reasons for delay as the time limit may be extended only for good cause.  You may reply on this form in the space provided in Section IV, on additional sheets as needed  or by separate letter.  **Always** include your **State Employer Account Number** and include the claimant's Social Security Number as it appears on the claim and in your payroll records.

If you submit facts in a timely manner, a determination will be issued concerning the claimant's eligibility. In addition, if facts are submitted regarding a quit or discharge, a ruling will be issued advising an employer with a reserve account as to whether his/her account will be subject to changes resulting from benefits paid. To obtain a ruling on any prior quit or discharge involving this claimant, you must furnish facts within 10 days of the mail date shown above.

ADDITIONAL INFORMATION ON EMPLOYER RESPONSIBILITIES IS SHOWN ON THE REVERSE
Mail your response to the EDD office shown in the above upper left-hand corner.

_____ (OVER) _____

DE 1101CZ/ Rev 4 (1-05) EMPLOYER NOTICE

EXHIBIT 9

1  DANA MITCHELL    State Bar No. 242632
   LAW OFFICES OF GRAY AND PROUTY
2  400 Oyster Point Boulevard, Suite 401
   South San Francisco, CA 94080
3  (650) 246-1440
   Fax (650) 246-1441
4
   Attorneys for Defendants
5

6          BEFORE THE WORKERS' COMPENSATION APPEALS BOARD
                        STATE OF CALIFORNIA
7

8  _____

9  Mark Foster,

10          Applicant,                    Case No.: SFO 0496875

11  v.                                    **OBJECTION TO DECLARATION**

12  Aramark and Specialty Risk Services,  **OF READINESS TO PROCEED**

13          Defendants.

14  _____

15

16          COMES NOW defendant Specialty Risk Services, by and through its attorneys of record, and

17  objects to the Declaration of Readiness to Proceed. This objection is made under penalty of perjury

18  and shall also serve as defendant's response to the applicant's Petition for Sanctions:

19          Applicant, by and through his counsel, filed a Petition for Sanctions under Labor Code

20  Section 5813 on June 28, 2007. Also on that date, applicant filed a Declaration of Readiness to

21  Proceed based on that Petition. Applicant states that the parties have an agreement to settle the

22  above-referenced matter, but subsequent to agreement, applicant filed an EEOC claim. Defendant

23  prefers to resolve the EEOC claim and the workers' compensation claim in a global settlement.

24  Therefore, there have been no sanctionable actions committed by defendant, and at this time a

25  hearing will not accomplish anything the parties cannot first attempt to accomplish informally.

26          WHEREFORE, defendant respectfully requests that the matter not be set for a hearing based

27  on the Declaration of Readiness, and that the Petition for Sanctions be denied.

28

                                      1

1    Dated: July 3, 2007

2

3

4

Respectfully submitted,

GRAY & PROUTY

Dana Mitchell

Dana Mitchell

Attorneys for Defendant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Re: Mark Foster
WCAB No SFO 0496875

### PROOF OF SERVICE BY MAIL -- 1013a, 2015.5 C.C.P.

I am a citizen of the United States and an employee of the County of San Mateo. I am over the age of eighteen years and not a party to the within entitled action. My business address is 400 Oyster Point Boulevard, Suite 401, South San Francisco, California 94080. I served the within **OBJECTION TO DECLARATION OF READINESS TO PROCEED** _____ on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope and postage fully prepaid thereon, and thereafter deposited in the U.S. Mail at South San Francisco, California. There is a delivery service by U.S. Mail at the place so addressed, or regular communication by U.S. Mail between the place of mailing and the place so addressed.

Workers' Compensation Appeals Board
455 Golden Gate Avenue, Second Floor
San Francisco, CA 94102

Mary-Lou Williams, Esq.
4104 24th Street, Suite 438
San Francisco, CA 94114

Gretchen De Vine
Specialty Risk Service
P.O. Box 591
Burbank, CA 91503

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _7/3/07_ , at South San Francisco, California

Sachie E. Shoblo

EXHIBIT 10

1 MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar No. 168181
2 SUZANNE BOAG, State Bar No. 250441
One Market, Spear Street Tower
3 San Francisco, CA 94105-1126
Tel: 415.442.1000
4 Fax: 415.442.1001

5 Attorneys for Defendants
ARAMARK SPORTS, LLC (erroneously sued as
6 ARAMARK Sports and Entertainment), YING KEE
McVICKER, and MATTHEW LEE
7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN FRANCISCO

10                            UNLIMITED JURISDICTION

11

| 12 MARK ANTOINE FOSTER, | Case No. CGC-07-461178 |
|---|---|
| 13                Plaintiff, | **DEFENDANT ARAMARK SPORTS, LLC'S RESPONSE TO PLAINTIFF'S FORM** |
| 14                vs. | **INTERROGATORIES – EMPLOYMENT LAW (SET ONE)** |
| 15 ARAMARK SPORTS & ENTERTAINMENT, Ying Kee McVicker, | Action Filed:    March 9, 2007 |
| 16 an individual, Matthew Lee, an individual, and DOES 1 Through 51, | Trial Date:      May 19, 2008 |
| 17                Defendants. | |
| 18 | |

19

20 PROPOUNDING PARTY:        Plaintiff, MARK ANTOINE FOSTER

21 RESPONDING PARTY:         Defendant, ARAMARK SPORTS, LLC

22 SET NUMBER:               ONE (1)

23                    **RESPONSES TO FORM INTERROGATORIES**

24 **INTERROGATORY NO. 200.1:**

25     Do you contend that the **EMPLOYMENT** relationship was "at will"? If so:

26     (a)    state all facts upon which you base this contention;

27     (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who has

28 knowledge of those facts; and

1-SF 7598403 1

1  understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the

2  rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

3  **RESPONSE TO INTERROGATORY NO. 200.5:**

4      Plaintiff was employed in a bargaining unit position covered by a collective bargaining

5  agreement between Aramark Sports & Entertainment Services, Inc. and Hotel and Restaurant

6  Employees and Bartenders Union, Local 2. The collective bargaining agreement stated that it

7  was effective: September 1, 2002 through September 30, 2005. The parties continued to treat the

8  collective bargaining agreement as effective subsequent to September 30, 2005 and during the

9  remainder of Plaintiff's employment with the Company. As to sub-part (c), Defendant will

10  produce a copy of the collective bargaining agreement.

11  **INTERROGATORY NO. 200.6:**

12      Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business

13  relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

14      (a)    state the names of the parties to the relationship;

15      (b)    identify the relationship; and

16      (c)    state all facts upon which you base your contention that the parties were in a

17  relationship other than an **EMPLOYMENT** relationship.

18  **RESPONSE TO INTERROGATORY NO. 200.6:**

19      No.

20  **INTERROGATORY NO. 201.1**

21      Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

22      (a)    state all reasons for the **EMPLOYEE'S TERMINATION**;

23      (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who

24  participated in the **TERMINATION** decision;

25      (c)    state the name, **ADDRESS**, and telephone number of each **PERSON** who

26  provided any information relied upon in the **TERMINATION** decision; and

27      (d)    identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

28  **RESPONSE TO INTERROGATORY NO. 201.1:**

EXHIBIT 11

COLLECTIVE BARGAINING AGREEMENT

BETWEEN

DAVRE'S INC. RESTAURANT

AND

HOTEL EMPLOYEES AND RESTAURANT
EMPLOYEES UNION, LOCAL 2

EFFECTIVE SEPTEMBER 1, 1997 - AUGUST 31, 2002

ARA Fos
D 0126

EXHIBIT 11

## SECTION 9. INDIVIDUAL CONTRACTS

No employee shall be compelled or allowed to enter into any individual contract or agreement with the Employer concerning the conditions of employment varying the conditions of employment contained herein.

## SECTION 10. PICKET LINES

Refusal of an employee to cross a bona fide picket line sanctioned and approved by the San Francisco Labor Council or by an International Union whose local unions are not affiliated with the San Francisco Labor Council, which sanction has been approved by Local 2, shall not be construed to be a breach of this Agreement. The Union agrees not to cause any strikes or stoppages of work (except as otherwise provided in this Agreement), and the Employer agrees not to engage in any lockout during the term of this Agreement.

## SECTION 11. MILITARY SERVICE

Employees entering the military or naval services, Red Cross, Alternative Service or other combat relief service of the U.S.A., during the life of this Agreement, will be considered on leave of absence and shall retain their seniority while in such service and be returned to their former position upon General Discharge under Honorable Conditions from the service provided they are physically and mentally capable of working and make application within the period specified in the Selective Service Regulations.

## SECTION 12. DISCHARGE AND WARNING

12.1    Cause. Except as set forth in this section, no worker shall be disciplined, suspended or discharged without just cause. When an employee has been disciplined, suspended or discharged, the Union must be notified immediately and an opportunity shall be given for joint investigation by the Employer and the Union. Any member found discharged for Union activities or in violation of the terms of this Agreement shall be reinstated on the job with full pay for the time lost.

12.2    Warning Notices. The Employer recognizes that a warning letter may be required to demonstrate just cause. Copies of all written warning notices to employees shall be forwarded to the Union. Written notices shall be deemed invalid after twelve (12) months from the date of any such notice. Suspensions shall not be used as a basis for discipline after a period of twenty-four (24) months.

## SECTION 13. HEALTH AND WELFARE AND PENSION AND EDUCATION TRUSTS

13.1    Health and Welfare Trust. There is presently in effect the San Francisco Culinary, Bartenders and Service Employees Welfare Fund, established pursuant to a Trust Agreement dated the 8th day of March, 1967 between the Golden Gate Restaurant Association, Hotel Employers Association of San Francisco, San Francisco Hotel Association, Inc., and San Francisco Club Institute and the Hotel Employees and Restaurant Employees Union, Local 2 under which group medical, surgical, hospital, prescription drug, dental, life insurance, vacation, sick leave, and other supplemental benefits plans have been established and amended as of February 1, 1977. The

ARA Fos
D 0133

EXHIBIT 12

1　Mark Antoine Foster, In Pro Per
　　200 Corpus Cristie Road #A
2　Alameda, California 94502
　　(415) 756-1611
3　(619) 646-3564

4

5

6

7

8　　　　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　　　　　NORTHERN DISTRICT OF CALIFORNIA

10　　　　　　　　　　SAN FRANCISCO DIVISION

11

12　　　　　　　　　　　　　　　　　Case No.　**C-08- 01336 MHP**

　　MARK ANTOINE FOSTER,　　　　**PLAINTIFF'S NOTICE OF MOTION
13　　　　　　　　　　　　　　　　　AND MOTION TO DIMISS MAIL
　　　　　　　　　　Plaintiff,　　　FRAUD, WIRE FRAUD AND
14　　　　　　　　　　　　　　　　　CONSPIRACY TO MAIL FRAUD
　　　　　　vs.　　　　　　　　　CLAIMS, AFTER ANSWER WITHOUT
15　　　　　　　　　　　　　　　　　COUNTER CLAIM; MEMO OF PTS
　　ARAMARK SPORTS LLC and　　　&AUTHORITIES; DECLARATION OF
16　ARAMARK CORPORATION　　　　MARK AND FOSTER; PROPOSED
　　, and DOES 1 through 73　　　ORDER IN SUPPORT THEREOF
17　　　　　　　　　　　　　　　　　[FED R. CIV PRO, 41(a)(2)]
　　　　　　　　Defendants
18　　　　　　　　　　　　　　　　　**Date:　May 12, 2008**
　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／　**Time:　2:00 p.m.**

19　　　　TO DEFENDANTS ARAMARK SPORTS AND ENTERTAINMENT, YING KEE

20　MCVICKER, AN INDIVIDUAL AND MATTHEW LEE, AN INDIVIDUAL.

21　　　　PLEASE TAKE NOTICE THAT ON May 12, 2008 at 2:00pm, or as soon thereafter as

22　the matter may be heard in the above titled court, located at 450 Golden Gate Ave, San

23　Francisco, California, Plaintiff MARK ANTOINE FOSTER will move this court for an order

24

25　PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DIMISS MAIL FRAUD, WIRE
　　FRAUD AND CONSPIRACY TO MAIL FRAUD CLAIMS

　　　　　　　　　　　　　　　　　　　　　C- 08-01336 MHP

1

1  dismissing his mail fraud, wire fraud and conspiracy to mail fraud claims.

2  **MEMORANDUM OF POINTS AND AUTHORITIES**

3  This motion is made on the ground that plaintiff has a statutory right to dismiss his these

4  claims and Plaintiff wants to pursue his claims solely in state court and seeks remedy exclusively

5  from the state for his remaining state law causes of action, and because Plaintiff does not have a

6  private right of action for theses claims and also because the attorney general's office is the only

7  party authorized to bring these claims.

8  Plaintiff moves the court, pursuant to Rule 41(a) (2) of the Federal Rules of Civil

9  Procedure, for an order dismissing his mail fraud, wire fraud and conspiracy to mail fraud claims

10  or actions without prejudice and on such terms and conditions as the court deems proper.

11  Defendant filed an answer on March , 2008, but made no counterclaim against Plaintiff and

12  would not suffer substantial prejudice by the dismissal of this action.

13  Date: April 2, 2008                    Mark Antoine Foster, In Pro Per

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS MAIL FRAUD, WIRE
FRAUD AND CONSPIRACY TO MAIL FRAUD CLAIMS

C- 08-01337 MHP