1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.4001
   E-mail: mriechert@morganlewis.com
5
   Attorney for Defendants
6  MORGAN LEWIS & BOCKIUS LLP and
   ERIC MECKLEY
7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 | MARK ANTOINE FOSTER,              | Case No. C-08-01337 MHP
13 |            Plaintiff,              | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**
14 |       vs.                          |
15 | MORGAN, LEWIS & BOCKIUS, LLP       | Date:      April 28, 2008
   | and ERIC MECKLEY, as an Individual,| Time:      2 p.m.
16 | and DOES 1-81,                     | Courtroom: 15, 18th Floor
   |                                    | Judge:     Hon. Marilyn H. Patel
17 |            Defendants.             |

1-SF/7687904.2                                              Case No. C-08-01337 MHP
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

On February 7, 2008, Plaintiff Mark Antoine Foster ("Plaintiff") filed a Complaint in San Francisco County Superior Court which included federal claims of mail fraud, conspiracy to commit mail fraud, and wire fraud. On March 7, 2008, Defendants ARAMARK Sports, LLC and ARAMARK Corporation ("Defendants") timely and properly removed this action to federal court based on federal question jurisdiction.

Plaintiff now seeks to have this Court remand this matter to state court, arguing that Defendants' removal was procedurally defective and stating that he now wishes to dismiss his federal law claims. These arguments are without merit. Plaintiff's complaint pled three federal claims, under 18 U.S.C. Sections 1342, 1343, 1345, and 1349. This Court has the power to retain jurisdiction over this case even if Plaintiff's request to dismiss his Federal claims is granted. Further, contrary to Plaintiff's contention that Defendants' removal was procedurally defective because they did not file notice of the removal in State Court within 30 days after the complaint was served, Defendants properly removed this case and is not required to file notice of the removal in state court within 30 days of service of the complaint. Plaintiff's motion to remand should be denied.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Antoine Foster ("Plaintiff") is a former employee of ARAMARK Sports LLC. On or around March 7, 2007, Plaintiff filed a lawsuit against ARAMARK Sports, LLC and two former co-workers, alleging a variety of claims relating to his former employment, including alleged harassment, retaliation and discrimination in violation of the Fair Employment & Housing Act, discrimination/failure to accommodate in violation of the Americans with Disabilities Act, and intentional infliction of emotional distress. That case is currently pending before this Court (Case No. C-08-00733 MHP).

On or about February 7, 2008, Plaintiff filed four nearly identical lawsuits in San Francisco Superior Court, including the present action, entitled *Mark Antoine Foster v. Morgan Lewis & Bockius and Eric Meckley, as an Individual, and Does 1 through 81*, Case No. CGC-08-

1-SF/7687904.2              2              Case No. C-08-01337 MHP
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

471937, alleging causes of action for: (1) fraud and intentional deceit; (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5) intentional mail fraud, in violation of 18 U.S.C. Section 1341; (6) conspiracy to commit mail fraud, in violation of 18 U.S.C. Sections 1345 and 1349; (7) wire fraud, in violation of 18 U.S.C. Section 1343; (8) intentional infliction of emotional distress; (9) breach of fiduciary duty; and (10) negligent infliction of emotional distress. Plaintiff's claims for intentional mail fraud, conspiracy to commit mail fraud and wire fraud were brought under federal law. The remaining claims were all brought under California law.

On or about February 7, 2008, Plaintiff also filed the following—almost identical—lawsuits in San Francisco County Superior Court against the following Defendants:

1. Specialty Risk Services[1] ("SRS") and Gretchen Devine. This case was removed to this Court on or around March 12, 2008 (Case No. 08-01421 MHP).

2. Gray & Prouty, Kempton Letts and Dana Mitchell.[2] To Defendants' knowledge this case is still pending in state court (Case No. CGC-08-471938).

3. ARAMARK Sports, LLC and ARAMARK Corporation.[3] This case was removed to this Court on or around March 7, 2008 (Case No. 08-01336 MHP). Plaintiff filed a similar motion to remand this case to state court on March 21, 2008.

In each of the virtually identical lawsuits filed on February 7, 2008, Plaintiff alleges that he was asked to sign a document in connection with the settlement of his workers' compensation claim that he claims contained an inaccurate date for his resignation from ARAMARK Sports, LLC. He corrected the date, and signed the document.

On March 7, 2008, Defendants timely removed this action to the United States District Court, Northern District of California, pursuant to 28 U.S.C. Sections 1331, based upon federal question. Three business days later, on March 12, 2008, Defendants served on Plaintiff a Notice

---

[1] SRS administered Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[2] Gray & Prouty is the law firm representing ARAMARK Sports, LLC in connection with Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[3] Morgan Lewis & Bockius, LLP represents Defendants in the present case, as well as in Plaintiff's lawsuit against ARAMARK Sports, LLC and ARAMARK Corporation.

to Adverse Party and State Court of Removal and filed the Notice with the clerk of the San Francisco Superior Court, pursuant to 28 U.S.C. Section 1446(d).

On March 19, 2008, Hon. Marilyn H. Patel issued a Related Case Order, reassigning to her Plaintiff's case against ARAMARK Sports, LLC and ARAMARK Corporation and Plaintiff's case against Morgan Lewis & Bockius, LLP and Eric Meckley.

On March 21, 2008, Plaintiff filed a motion to remand in the present case, as well as his concurrent case against ARAMARK Sports, LLC and ARAMARK Corporation.

### III. ARGUMENT

While Plaintiff makes *thirteen arguments* in support of his motion to remand, his arguments are primarily based on the following three arguments: (1) Defendants' removal was procedurally defective because Defendants failed to notify the state court of the removal within thirty days of service of the Complaint; (2) Plaintiffs Complaint does not state a claim for relief arising under federal law; and (3) Plaintiff may avoid federal jurisdiction by dismissing or severing his federal claims.

As described below, these arguments do not support remand in the present case.

### A. Defendants Properly Removed This Action By Promptly Notifying The State Court Of Removal.

Plaintiff erroneously argues that Defendants' removal was procedurally defective because Defendants notified the state court of the removal after the statutory thirty (30) day period for removal. Memo P&A 4:4-6.

Federal law requires that "*[p]romptly* after the filing of such notice of removal of a civil action the defendant or the defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal." 28 U.S.C. § 1446(d) (emphasis added). It is well-established that 28 U.S.C. Section 1446(d) does not require notification to state court within the same thirty-day period required for the initial petition of removal, or even within a defined number of days after filing of the initial petition of removal *See Hornung v. Master Tank & Welding Co.* (D.C.N.C. 1957) 151 F.Supp.169

( holding that federal jurisdiction vested for all purposes when petition for removal was filed in federal District Court, and later notice thereof and filing of copy thereof in state court operated retroactively to effect removal as of date of filing of petition in federal District Court); *see also Alpena Power Co. v. Utility Workers Union of America, Local 286* (E.D. Mich. 1987) 674 F.Supp.1286 (holding that written notice of removal which was given to state court thirteen days after filing of petition of removal was "prompt, and thus did not require" remand); *Sommers v. Abshire* (E.D. Tex. 1995) 186 B.R. 407 ("Prompt notice does not specify a specific time period. Certainly the receipt of written notice a few days after the removal satisfies the promptness requirement of 28 U.S.C. Section 1446(d)").

Plaintiff does not cite *any authority* which states that the notification to state court must be filed within the thirty day deadline required for the initial petition of removal in order for the removal to be effective. Rather, in *Farm Credit Bank of St. Paul v. Ziebarth* (D.C.N.D. 1992) 481 N.W. 2d 451, which Plaintiff cites to support his argument that Defendants' removal was ineffective because of the alleged untimely notice to state court, plainly states that "[t]he federal court acquires jurisdiction *when the defendant files the notice for removal with the federal court*." (emphasis added).

Defendants filed their Notice to Adverse Party and State Court in the San Francisco Superior Court on Wednesday, March 12, 2008, *three court days* after the Notice of Removal was filed in federal court on Friday, March 7, 2008. Consequently, based on established case law, Plaintiff's argument that "Defendants needed to file the notice of removal with the clerk of the state court prior to the 30-day deadline to put the removal into effect" is without merit.

**B. A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28 U.S.C. Section 1331.**

Plaintiff's contention that his federal claims do not give rise to a substantial federal question and that he seeks remedies exclusively under state law are unsupported by the actual plain language of his Complaint. Memo P&A 16:9-12. Plaintiff's fifth, sixth, and seventh claims are predicated entirely upon Defendants' alleged violation of federal law. Memo P&A 11:1-2.

To determine the existence of a federal question, courts look to the face of the complaint

for allegations that render a cause of action one that arises "under federal law." *Sparta Surgical Corp. v. NASD* (9th Cir. 1998) 159 F.3d 1209, 1211. Plaintiff's fifth, sixth, and seventh claims are entitled, respectively, "Mail Fraud, 18 U.S.C. Section 1341," "Conspiracy to Defraud, 18 U.S.C. Sections 1345, 1349," and "Wire Fraud, 18 U.S.C. Section 1343." Further, Plaintiff makes definitive statements in his Complaint alleging that Defendants violated federal law. *See, e.g.*, Complaint ¶ 56 ("Defendants conspiring to defraud Plaintiff violated . . . 18 U.S.C. Sections 1345 and 1349); ¶ 62 ("Defendant's use of the above mentioned methods of communication to defraud Plaintiff violated 18 U.S.C. Section 1343"). Consequently, the Complaint raises multiple claims that are "necessarily federal in character," and where the "right to relief depends on the resolution of a substantial, disputed federal question." *See Herman v. Salomon Smith Barney* (S.D. Cal. 2003) 266 F.Supp.2d 1208, 1211.

Plaintiff relies on *Karambelas v. Hughes Aircraft* (9th Cir. 1993) 992 F.2d 971, 974, quoting the following language from that case: "[A defendant] cannot merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." In *Karembalas*, however, the plaintiff's complaint for wrongful termination did not plead a federal cause of action, which is why the court reached the conclusion that removal was improper. The holding of *Karembalas* is inapposite to the present case, because Plaintiff's fifth, sixth, and seventh claims specifically plead federal claims under 18 U.S.C. Sections 1342, 1343, 1345, and 1349.

### C. This Court Should Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Because They Arise Out Of The Same Nucleus Of Operative Facts

A district court has discretion to exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). State claims are considered part of the same case or controversy if "there is a substantial federal claim arising out of a common nucleus of operative fact." *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape and Maint., Inc.* (9th Cir. 2003) 333 F.3d 923, 925.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687904.2                         6                    Case No. C-08-01337 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

Here, *all* of Plaintiff's claims stem from the same basic set of operative facts. Plaintiff's federal claims, and all of the remaining state causes of action, involve his brief employment with and termination from his former employer ARAMARK Sports, LLC ("ARAMARK"). Specifically, Plaintiff's claims—both state and federal—involve Plaintiff's allegation that he was asked to sign a document in connection with the settlement of his workers compensation claim that had an inaccurate date for his resignation from ARAMARK. All ten of Plaintiff's claims arise out this very narrow set of facts.

Accordingly, this Court should exercise supplemental jurisdiction over all of Plaintiff's claims because of the significant common nucleus of operative facts which exist between the substantial federal questions raised by Plaintiff's federal claims and Plaintiff's remaining state law claims.

### D. Plaintiff May Not Avoid Federal Jurisdiction By Moving to Dismiss His Federal Cause Of Action After Removal.

Plaintiff alleges that he can "easily sever or dismiss his . . . claims for mail fraud, wire fraud, and conspiracy." Memo of P&A 13:21-22. Plaintiff may not avoid federal jurisdiction simply by dismissing his federal claims. A federal court has "the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Harrell v. 20th Century Ins. Co.* (9th Cir. 1991) 934 F.2d 203, 205; *see also, Sparta* (9th Cir. 1998)159 F.3d 1209, 1213 (holding that the district court properly denied the motion to remand made soon after removal, although plaintiff amended complaint to delete references to federal claim). A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta*, 159 F.3d at 1213; *Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343, 357 (stating that a district court can consider whether the plaintiff has engaged in manipulative tactics, such as manipulating the forum by deleting all federal-law claims from the complaint and requesting remand). Rather, jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments. *Sparta*, 159 F.3d at 1213. It is "generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687904.2                    7                    Case No. C-08-01337 MHP
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

them to state court." *Harrell* at 205.

This litigation is properly in federal court based on Plaintiff's *multiple federal claims*, pled in Plaintiff's Complaint prior to removal. While Plaintiff is correct that "the party who brings the suit is master to decide what law he will rely upon," Plaintiff *chose to rely upon a federal law* in seeking to hold Defendants liable. *Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 392. If Plaintiff had wanted to avoid federal jurisdiction, he should not have included federal claims in his Complaint.

Further, while Plaintiff states that he is "the master of his complaint and may avoid federal jurisdiction by exclusive reliance on state law," Plaintiff cites as authority for this proposition *Easton v. Crossland Mortgage Company* (9th Cir. 1997) 114 F.3d 979, a case with facts unrelated to the present case. In *Easton*, the plaintiff had merely made reference to a federal claim in his Complaint, without pleading a distinct federal claim, and it was upon this mere reference to a federal claim that Defendant sought to remove the case to federal court based on federal question jurisdiction. In the present case, however, Plaintiff pled *three separate claims* based upon Defendants' alleged violation of the federal law. The fact that the headings for his fifth, sixth, and seventh claims contain the actual federal statutes upon which his claims for mail fraud, conspiracy, and wire fraud are based proves that Plaintiff did not merely "include references to" federal law, as he alleges in his motion. Memo P&A 14:3.

Since Plaintiff's lawsuits against ARAMARK and SRS are pending before this Court, and involve the same facts as this case, this Court should retain jurisdiction over this lawsuit, to promote efficiency and avoid piecemeal resolution of Plaintiff's claims. Litigating cases in different tribunals would result in not only a duplication of time and effort on the part of the litigants and the courts, but would also create the possibility of inconsistent results.

E.  **Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite.**

   1.  **Plaintiff May Not Avoid Federal Jurisdiction Merely Because He Filed This Lawsuit—Containing Multiple Federal Claims—In State Court.**

Plaintiff argues that "the State court has secured jurisdiction of [this case] because it was first filed in state court." Memo P&A 10:8-10. A state court cannot "secure" jurisdiction merely

because a lawsuit was first filed in state court. Were this the case, *no removal* would be proper. Rather, federal law states that *"any civil action commenced in state court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 USC § 1441(a) (emphasis added). Because Plaintiff's Complaint contains three claims "arising under the laws of the United States," as discussed, *supra,* the present action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1332.

### 2. Plaintiff's Federal Claims Are Not Elements Of Any State Cause Of Action Pled In Plaintiff's Complaint.

Plaintiff alleges that his federal claims for mail fraud, conspiracy, and wire fraud are not "necessary element[s] of his state law claim and . . . no federal preemption exists." Memo P&A 16:1-2. Plaintiff cites as authority for this proposition *Merrell Dow Pharmaceuticals Inc. v. Thompson* (6th Cir. 1985) 766 F.2d 1006. The plaintiff in *Merrell* referred to a federal cause of action – under the Food, Drug and Cosmetic Act ("FDCA") – as one available criterion for determining whether Merrell Dow was negligent. *Merrell* involved the question of whether removal was proper if the action alleged in part that the alleged FDCA violation constituted a rebuttable presumption of negligence. That situation is entirely different from the present case, in which Plaintiff has alleged separate and independent federal law claims under which he seeks to hold Defendants liable and recover monetary damages.

Further, Defendants do not contend that Plaintiff's federal claims in any way preempt any of his state law causes of action. Rather, Plaintiff has pled three federal claims which are sufficient to establish federal jurisdiction.

## IV. CONCLUSION

By pleading as separate and independent claims that Defendants violated 18 U.S.C. Sections 1342, 1343, 1345, and 1349, Plaintiff alleged multiple claims "under the laws of the United States, providing this Court with jurisdiction at the time that the case was removed. This Court should continue to exercise jurisdiction over Plaintiff's state law claims even if the Federal Claims are dismissed. Further, Defendants timely filed their petition of removal in federal court and "promptly" notified both Plaintiff and the state court a mere three court days later. Federal

court jurisdiction is proper, and the Court should deny Plaintiff's motion to remand.

                           MORGAN, LEWIS & BOCKIUS LLP

Date: April 7, 2008

                                  /S/
                       Melinda S. Riechert
                       Attorneys for Defendants MORGAN
                       LEWIS & BOCKIUS LLP and ERIC
                       MECKLEY

## CERTIFICATE OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On **April 7, 2008**, I served the within document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Mark Antoine Foster, *In Pro Per*
200 Corpus Cristi Road, #A
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on **April 7, 2008**, at San Francisco, California.

_____
JASMINE DIZON

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7675365.1                                C-08-01337 MHP

CERTIFICATE OF SERVICE