MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: mriechert@morganlewis.com

Attorney for Defendants
MORGAN LEWIS & BOCKIUS LLP and
ERIC MECKLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>MORGAN, LEWIS & BOCKIUS, LLP and ERIC MECKLEY, as an Individual, and DOES 1-81,<br><br>Defendants. | Case No. C-08-01337 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY, MELINDA RIECHERT, SUE BOAG, AND MORGAN LEWIS & BOCKIUS LLP**<br><br>Date: April 28, 2008<br>Time: 2 p.m.<br>Location: Courtroom 15, 18th Floor<br><br>Judge   Hon. Marilyn H. Patel |

## I. INTRODUCTION

Plaintiff Mark Antoine Foster ("Plaintiff") seeks to disqualify Morgan, Lewis & Bockius LLP ("MLB") and its attorneys Melinda S. Riechert ("Riechert"), Eric Meckley ("Meckley), and Sue Boag ("Boag") from representing Defendants MLB and Meckley in this case. There is no merit to Plaintiff's motion. A party, including a law firm, is free to represent itself and its employees in an action. Plaintiff is representing himself, and he fails to explain why a law firm cannot represent itself and one of its attorneys in a lawsuit. He cites no authority in support of his claim that MLB should be disqualified from this case. Given the lack of legal/or factual support for the Motion, the motion should be denied, and this Court should issue an Order to Show Cause why Plaintiff should not be sanctioned under Rule 11 for filing this Motion.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Antoine Foster ("Plaintiff") is a former employee of ARAMARK Sports LLC. On or around March 7, 2007, Plaintiff filed a lawsuit against ARAMARK Sports, LLC and two former co-workers, alleging a variety of claims relating to his former employment, including alleged harassment, retaliation and discrimination in violation of the Fair Employment & Housing Act, discrimination/failure to accommodate in violation of the Americans with Disabilities Act, and intentional infliction of emotional distress. That case was properly removed to the Northern District and is currently pending before this Court (Case No. C-08-00733 MHP).

On or about February 7, 2008, Plaintiff filed four nearly identical lawsuits in San Francisco Superior Court, including the present action, entitled *Mark Antoine Foster v. Morgan Lewis & Bockius, Eric Meckley, as an individual, and Does 1 through 17*, Case No. CGC-08-471937, alleging causes of action for: (1) fraud and intentional deceit; (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5) intentional mail fraud, in violation of 18 U.S.C. Section 1341; (6) conspiracy to commit mail fraud, in violation of 18 U.S.C. Sections 1345 and 1349; (7) wire fraud, in violation of 18 U.S.C. Section 1343; (8) intentional infliction of emotional distress (9) breach of fiduciary duty; and (10) negligent infliction of emotional distress. Plaintiff's claims for intentional mail fraud, conspiracy

---
1
DEFENDANTS' OPPOSITION TO PLAINTIFF'S DISQUALIFICATION MOTION
-SF/7687931.2                                   Case No. C-08-01337 MHP

to commit mail fraud and wire fraud were brought under federal law. The remaining claims were all brought under California law.

On or about February 7, 2008, Plaintiff also filed the following—almost identical—lawsuits in San Francisco County Superior Court against the following Defendants:

1. Specialty Risk Services[1] ("SRS") and Gretchen Devine. This case was removed to this Court on or around March 12, 2008 (Case No. 08-01421 MHP).

2. Gray & Prouty, Kempton Letts and Dana Mitchell.[2] To Defendants' knowledge this case is still pending in state court (Case No. CGC-08-471938).

3. ARAMARK Sports, LLC and ARAMARK Corporation.[3] This case was removed to this Court on or around March 7, 2008 (Case No. 08-01337 MHP). Plaintiff filed a similar motion to remand this case to state court on March 21, 2008.

In each of the virtually identical lawsuits filed on February 7, 2008, Plaintiff alleges that he was asked to sign a document in connection with the settlement of his workers' compensation claim that he alleges contained an inaccurate date for his resignation from ARAMARK Sports, LLC. Plaintiff admits that he corrected the inaccurate date and inserted the correct date before signing the document.

On March 7, 2008, Defendants timely removed this action to the United States District Court, Northern District of California, pursuant to 28 U.S.C. Sections 1331 and 1332, based upon federal question and diversity of citizenship jurisdiction.

On March 19, 2008, Hon. Marilyn H. Patel issued a Related Case Order, reassigning to her Plaintiff's cases against ARAMARK Sports, LLC and ARAMARK Corporation and against Morgan Lewis & Bockius, LLP and Eric Meckley.

On March 21, 2008, Plaintiff filed the present Motion, as well as an identical Motion to

---

[1] SRS administered Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[2] Gray & Prouty is the law firm representing ARAMARK Sports, LLC in connection with Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[3] Morgan Lewis & Bockius, LLP represents Defendants in the present case, as well as in Plaintiff's lawsuit against ARAMARK Sports, LLC and ARAMARK Corporation.

Disqualify Attorneys Eric Meckley, Melinda Riechert, Sue Boag, and Morgan Lewis & Bockius LLP from his concurrent case against ARAMARK Sports, LLC and ARAMARK Corporation.

### III. ARGUMENT

#### A. MLB Is Entitled To Represent Itself In The Present Case

In attempting to disqualify MLB from representing Defendants in the present case, Plaintiff is arguing that a party cannot represent itself in civil litigation. As Plaintiff well knows—Plaintiff is representing himself in at least four cases pending in this Court— this is incorrect. In federal court, a party is entitled to represent itself in civil litigation. *See, e.g.,* F.R.C.P. 11(a) (requiring that every pleading, written motion, or paper be signed by at least one attorney of record in the attorney's name or by a party personally *if the party is representing himself*)(emphasis added). Further, a law firm is entitled to provide representation on its own behalf, or on the behalf of its attorneys, and is afforded the same rights as a party with outside representation. *See, e.g, Gold, Weems, Bruser, Sues & Rundell v. Metal Sales Mfg. Corp.* (5th Cir. 2000) 236 F.3d 214 (holding that a law firm that represents itself in litigation could recover attorneys' fees). Consequently, MLB is entitled to represent itself in the present case.

#### B. Plaintiff Lacks Standing To Move to Disqualify MLB And Its Attorneys Based On An Alleged Conflict Of Interest.

Plaintiff predicates a substantial portion of his Motion on an alleged conflict of interest between himself and MLB/Meckley. Memo P&A 14:23-24; 15:1-3. However, Plaintiff has no standing to bring his Motion based on a conflict of interest. Generally, only **clients and former clients** of the attorney(s) at issue have standing to bring a disqualification motion based on a conflict of interest. *See Colyer v. Smith* (C.D.C.A. 1999) 50 F.Supp.2d 966 (holding that "an attorney can have no sufficiently personal 'injury in fact' based on the conflict status of her opposing counsel to move to disqualify that adversary"). A conflict of interest exists when a lawyer's duty on behalf of one *client* obligates the lawyer to take action prejudicial to the interests of another *client*. *See Flatt v. Superior Court (Daniel)* 9 Cal.4th 275, 282 (holding that a conflict of interest arises when a lawyer's "duty to contend for that which duty to another client requires

him to oppose"). Plaintiff is not currently, nor has he ever been, nor does he claim to be or have been, a client of MLB, Riechert, Meckley or Boag. Consequently, there is no conflict of interest and Plaintiff has no standing to bring this Motion on the ground that a conflict of interest exists.

### C. Plaintiff Lacks Standing To Move to Disqualify MLB And Its Attorneys Based On The Possibility That Riechert or Meckley May Be Called As A Witness In Any Of Plaintiff's Lawsuits

Plaintiff alleges that either Riechert or Meckley may be called as a fact witness in the present case, and as such, a conflict of interest exists. Memo P&A 2:9-10. Plaintiff is incorrect. Rule 5-210(C) of the Rules of Professional Conduct states that an attorney who may be called as witness by an opposing party may represent his or her client, provided the client gives informed written consent. CRPC 5-210(C) requires only that an attorney obtain the written consent of his or her own client, *not the written consent of the opposing party*. The only parties with the proper standing to object on the basis that Riechert or Meckley might be called as a witness are their clients in the present case, MLB and Meckley. Neither party has raised this issue.

### D. Disqualification Would Be Entirely Inappropriate In The Present Case

Among the factors a court should consider when weighing a motion to disqualify counsel are: (1) a client's right to choose its own counsel, (2) the hardship inflicted upon the client by its counsel's disqualification, and (3) the threat to the judicial process from disqualification motions that are used simply for strategic purposes. *In re Airport Car Rental Antitrust Litigation* (N.D. Cal. 1979) 470 F. Supp. 495, 502 ("factors counseling against disqualification" include "the client's right to choose his counsel ad the harm to the client caused by an order of disqualification" and the fact that "motions for disqualification are often used for strategic purposes"); *see also Zador Corp., N.V. v. Kwan* (1995) 31 Cal. App. 4th 1285, 1302-03 ("it must be kept in mind that disqualification usually imposes a substanial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement").

MLB attorneys have spent more than one year litigating Plaintiff's underlying case on behalf of ARAMARK Sports, LLC, Matthew Lee and Ying Kee McVicker. Because the current

case is so closely related to the underlying suit against ARAMARK Sports, LLC and the individual defendants, to disqualify MLB from representing Defendants in the present litigation would inflict an unnecessary, unreasonable and unjustified hardship upon Defendants.

### IV. CONCLUSION

Plaintiff's disqualification motion should be denied and this Court should issue an Order to Show Cause why Rule 11 sanctions should not be imposed.

DATED: April 7, 2008                    MORGAN, LEWIS & BOCKIUS

_____/S/_____
Melinda S. Riechert
Attorneys for Defendants
Morgan Lewis & Bockius LLP and Eric Meckley

# CERTIFICATE OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On **April 7, 2008**, I served the within document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY, MELINDA RIECHERT, SUE BOAG, AND MORGAN LEWIS & BOCKIUS LLP**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Mark Antoine Foster, *In Pro Per*
200 Corpus Cristi Road, #A
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on **April 7, 2008**, at San Francisco, California.

JASMINE DIZON