MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: mriechert@morganlewis.com

Attorney for Defendants
MORGAN, LEWIS & BOCKIUS LLP and
ERIC MECKLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MORGAN, LEWIS & BOCKIUS, LLP and ERIC MECKLEY, as an Individual, and DOES 1-81,<br><br>　　　　　Defendants. | Case No. C-08-01337 EDL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>[FRCP 12(b)(6)]<br><br>Date:　　　April 28, 2008<br>Time:　　　2 p.m.<br>Place:　　　Courtroom 15, 18th Floor<br>Judge:　　　Hon. Marilyn H. Patel |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-SF/7690732.2

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
(CASE NO. C-08-01337 MHP)

## I. INTRODUCTION

Plaintiff Mark Antoine Foster's ("Plaintiff") Opposition to the Motion to Dismiss ("Motion") of Defendants Morgan Lewis & Bockius LLP ("MLB") and Eric Meckley ("Meckley") (collectively "Defendants") is little more than a recitation of the allegations contained in his initial Complaint. He concedes, as he must, that he corrected the date on the resignation letter before he signed it. In attempting to counter Defendants' arguments for dismissal, Plaintiff ignores well-established case law and relies upon the same allegations against Defendants that are found in his Complaint, none of which sufficiently states a claim upon which relief can be granted. As stated in Defendants' moving papers, Plaintiff has failed to show justifiable reliance and failed to show damage.

Plaintiff also raises in his Opposition concerns about the effect of the resignation letter that he signed in May 2007, and whether it "voided-out" his earlier resignation agreement, signed on March 28, 2006. If Plaintiff has concerns about the validity and effect of the resignation letter that he signed in May 2007, he can raise these concerns in the underlying action. It does not give him the right to sue these Defendants for fraud. Accordingly, Defendants' motion should be granted.

## II. ARGUMENT

### A. Plaintiff Concedes That His Second, Third, And Fourth Causes Of Action For Mail Fraud, Conspiracy, And Wire Fraud, Should Be Dismissed.

Plaintiff states in his Opposition to Defendants' Motion that "he does not contend he has a private right of action for [mail fraud, wire fraud and conspiracy] . . . the attorney general being the only one who can bring these charges through an indictment." (Memorandum of Points and Authorities in Support of Opposition to Motion to Dismiss Plaintiff's Complaint ("Opposition") 16:11-13.) As Plaintiff concedes, there is no private right of action for violation of any of the criminal statutes—18 U.S.C. Sections 1341, 1343, 1345, and 1349—he cites in his Complaint. Consequently, Defendants' motion to dismiss Plaintiff's Second, Third, and Fourth causes of action—all of which arise under criminal statutes—should be granted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7690732.2        1        DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
(CASE NO. C-08-01337 MHP)

B. **Plaintiff's Claims For Fraud Contained In The First Cause Of Action Fail To State A Claim Upon Which Relief Can Be Granted Because He Fails To Show That He Relied On A Misrepresentation Or That He Was Damaged.**

Plaintiff's alleges in his Complaint that Defendants violated California Civil Code Sections 1572, 1709, and 1710. Complaint, ¶¶ 8-40. As Defendants' state in their moving papers, to proceed with a claim of fraud under California law, Plaintiff must establish: (1) misrepresentation; (2) scienter or knowledge of falsity; (3) intent to induce reliance; (4) actual, detrimental, and justifiable reliance, and (5) resulting damages. *Express, LLC v. Fetish Group, Inc.* (C.D. Cal. 2006) 464 F. Supp. 2d 965.

In his Opposition, Plaintiff *concedes* that he "did not rely on the alleged misrepresentation—the resignation letter dated May 1, 2007 with the incorrect resignation date—as he recognized its falsity." (Opposition 3:11-12.) Rather, he claims *he* relied on the agreement *after* he altered it to reflect the correct date. (Opposition 3:12-13.) Because Plaintiff claims he relied on the agreement *after he had corrected the alleged misrepresentation*, and he admittedly did not rely on the agreement at any time prior to correcting it, he did not rely on any misrepresentation in signing the agreement. As such, his claim for fraud must be dismissed.

Plaintiff also complains in his Opposition that Defendants referenced the corrected resignation letter in the statement of facts in ARAMARK's settlement conference statement in the underlying action brought by Plaintiff against ARAMARK. (Opposition 6:11-8:10.) Yet he fails to allege how referencing the corrected resignation letter shows that he justifiably relied on any misrepresentation made by Defendants to him. If Plaintiff has concerns about the intent in asking him to sign the resignation letter, its validity and effect, and whether it "voided-out" his earlier resignation agreement signed on March 28, 2006, he can raise these concerns in the underlying action. It does not give him the right to sue these Defendants for fraud.

Plaintiff's Complaint must also be dismissed on the alternative ground that he has failed to plead that he suffered damages. In order to state a claim for fraud, Plaintiff must show that he suffered either a pecuniary loss or a loss of property as the result of Defendants' alleged fraud. *See Munson v. Fishburn* (1920) 183 Cal. 206 ("it must be shown that the plaintiff, as the result of fraud, suffered an injury of a pecuniary nature, or an injury to his property, rather than an injury

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7690732.2

2

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
(CASE NO. C-08-01337 EDL)

to his feelings"). Plaintiff claims in his Opposition that his damages are limited to emotional distress damages. (Opposition 14:6-24;15:1-24.) Because the only damages Plaintiff alleges to have suffered as the result of Defendants' alleged fraud is emotional distress, he has failed to state a claim for fraud and his cause of action must be dismissed.

Plaintiff alleges that the intent of the May resignation letter that he signed was to "cover up or void out the March 28, 2006 agreement," and conceal from Plaintiff that he had a disability discrimination claim against ARAMARK, when his intent was only that it confirm his earlier resignation letter. (Opposition 8:12-13:23.) Yet he again fails to show how he was damaged by the resignation letter, since he concedes that he has filed his disability discrimination case against ARAMARK.

Plaintiff also seeks to recover in this action emotional distress damages that he claims to have suffered as a result of Defendants' denial of the allegations in the underlying wrongful termination/disability discrimination action. (Opposition 15: 4-16:5.) Any such damages would be recoverable, if at all, in the underlying disability discrimination case, and not in this action. Since he has not shown that he suffered any damage as a result of any fraud by Defendants, his claims should be dismissed.

### C. Plaintiff's Fifth Cause Of Action For Breach Of Fiduciary Duty Fails To State A Claim Upon Which Relief Can Be Granted Because Defendant Owed Him No Fiduciary Duty.

In his Opposition, Plaintiff dedicates over seven pages to his misguided argument that Defendants owed him a fiduciary duty. (Opposition 16-23.) However, Plaintiff has not—and cannot—offer any authority to justify his claim that Defendants owed him a fiduciary duty. Plaintiff was not Defendants' client, nor did they have any other fiduciary relationship. Defendants only relationship with Plaintiff is as opposing counsel in two of Plaintiff's lawsuits against ARAMARK.

Plaintiff's reliance on *Cicone v. URS Corp.* (1986) 183 Cal. App. 3d. 194 is misplaced. The issue in that case was whether the attorney owed a duty to his former client. Plaintiff was never a former client of Defendants. Reliance on *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal App 3d 104 is also misplaced because the holding in that case was that an attorney

may be liable for damage by his negligence caused to a third person intended to be benefited by his performance. Likewise, arguments about *res ipsa loquitor* and negligence are irrelevant to the issue of whether an attorney owes a fiduciary duty to an opposing party. (Opposition: 20:1-21:3.) Cases regarding an attorney's ethical obligations and attorney discipline are likewise irrelevant to Plaintiff's claims.

Plaintiff suggests that Defendants breached their fiduciary duty to Plaintiff by presenting to the court in the underlying discrimination case against ARAMARK a statement known to be false. However, his own statement of facts shows this not to be true, since he concedes that the resignation letter presented to the court at the settlement conference in the underlying action was the document that he actually signed, with the correct resignation date.

Because Defendants owe no fiduciary duty to Plaintiff, his claim for breach of fiduciary duty fails to state a claim and must be dismissed.

### D. Plaintiff's Cause Of Action For Intentional Infliction of Emotional Distress Should Be Dismissed As Plaintiff Fails To Allege Conduct That Was Extreme And Outrageous.

As noted in Defendants' moving papers, a critical element of a cause of action for Intentional Infliction of Emotional Distress ("IIED") is extreme and outrageous conduct. *See Tekle ex rel. Tekle v. U.S.* (9th Cir. 2006) 457 F.3d 1088, 1103. Plaintiff's claim for IIED rests entirely on his allegations regarding the negotiations surrounding the resignation letter that he signed in May 2007. Plaintiff offers no facts in either his Complaint or his Opposition sufficient to show that Defendants engaged in conduct that was "extreme and outrageous," and that "exceeds all bounds of that usually tolerated in a civilized community." Plaintiff does not dispute the resignation itself, but merely claims that the resignation date was incorrect, and he promptly corrected it.

### E. Plaintiff's Cause Of Action For Negligent Infliction of Emotional Distress Against Defendants Must Be Dismissed As Defendants Owed No Duty To Plaintiff.

Negligent infliction of emotional distress under California law is simply the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply. *Ess v. Eskaton Properties, Inc.* (2002) 97 Cal. App. 4th 120, 126. As stated in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7690732.2

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
(CASE NO. C-08-01337 EDL)

Defendants' moving papers, there is no case law imposing any "duty of care" between opposing counsel and an adverse party in a pending lawsuit. *See, e.g., Schick v. Lerner* (1987) 193 Cal.App.3d 1321, 1329-1330 ("An attorney generally will not be held liable to a third person not in privity of contract with him since he owes no duty to anyone other than his client").

In his Opposition, Plaintiff offers no authority to counter Defendants' arguments that Defendants did not owe him a duty of care. He simply states, unsubstantiated, that Defendant MLB "does owe a duty of care to Plaintiff." (Opposition 24:12-13.) This is incorrect. There is no authority to support the existence of a duty of care owed to Plaintiff by opposing counsel, and Plaintiff offers no facts which would implicate negligence of any kind on behalf of Defendants. The only actual conduct—alleged in both Plaintiff's Complaint and his Opposition—involves the workers' compensation counsel presenting Plaintiff with a resignation document that contained an incorrect date, which he then corrected. This does not constitute negligence, and certainly not negligence by Defendants. Because Plaintiff has plead no set of facts to support his allegations of negligence, and, specifically, because he is unable to establish any "duty of care" owed to him, his claim for negligent infliction of emotional distress against Defendants fails to state a claim and must be dismissed.

## III. CONCLUSION

The Complaint does not set forth sufficient allegations to state a claim against Defendants. Accordingly, Defendants' Motion to Dismiss should be granted.

Dated: April 14, 2008                      MORGAN, LEWIS & BOCKIUS LLP


                                            By_____/S/_____
                                               Melinda S. Riechert

                                            Attorney for Defendants
                                            Morgan, Lewis & Bockius LLP and
                                            Eric Meckley

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7690732.2                              5                    DEFENDANTS' REPLY IN SUPPORT OF
                                                                 MOTION TO DISMISS
                                                                 (CASE NO. C-08-01337 EDL)

# CERTIFICATE OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On **April 14, 2008**, I served the within document(s):

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

>Mark Antoine Foster, *In Pro Per*
>200 Corpus Cristi Road, #A
>Alameda, CA  94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on **April 14, 2008**, at San Francisco, California.

*/s/ Jasmine Dizon*
JASMINE DIZON

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7675365.1

c                                    CERTIFICATE OF SERVICE