**Mark Antoine Foster, In Pro Per**
**200 Corpus Cristie Road #A**
**Alameda, California 94502**
**(415) 756-1611**
**(619) 646-3564**

FILED
APR 17 PM 2: 23

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

Case No.  **C-08- 1337 MHP**

**MARK ANTOINE FOSTER,**

        **Plaintiff,**

  vs.

**MORGAN LEWIS & BOKIUS, LLP and**
**ERIC MECKLEY, an individual**
**and DOES 1 Through 81**
        **Defendants**

_____/

**PLAINTIFF'S .            REPLY IN
SUPPORT OF MOTION TO REMAND
ACTION TO STATE COURT OPPOSING
DEFENDANT'S OPPOSITION; MEMO
OF PTS & AUTHORITIES IN SUPPORT
THEREOF**

**Date:   April 28, 2008**
**Time:  2:00 p.m.**

## I. Introduction

Plaintiff MARK ANTOINE FOSTER hereby submits his SECOND reply to Defendant's

Opposition to his motion to remand the above titled action to state court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## II. Rebuttal Argument

PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
STATE COURT OPPOSING DEFENDANT'S OPPOSTION

                                                             1

C- 08-1337 MHP

1

## A. Federal Question

2      First, Plaintiff reinstates all the grounds or arguments alleged in his first reply to

3   Defendants' opposition to remand the above titled case and now respond to Defendants'

4   claim that Plaintiff's original case no C -08-0733 should not be remanded.

5      ## B. Pendent/Supplemental Jurisdiction

6      In response to Defendant's claim that the court should exercise supplemental

7   jurisdiction over his remaining state law claims because they arise out of the same nucleus

8   of operative facts is groundless; because for this theory to work, Plaintiff's ADA claim must

9   have substance sufficient to confer subject matter jurisdiction, which is does not. Plaintiff's ADA

10  claim is not sufficiently substantial to support the exercise of federal jurisdiction because

11  resolution for the disability discrimination is not dependent on any interpretation of federal law

12  regarding disability discrimination, because resolution of the disability discrimination is

13  available under FEHA for Plaintiff. In other words, Plaintiff's state law claims do not turn or

14  don't need to turn to substantial questions of federal law for resolution of this case. The district

15  court jurisdiction is not mandatory, and no special circumstance exists that warrants the district

16  court's participation.

17  (see Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing) which states "

18  Federal- question jurisdiction is usually invoked by plaintiff's pleading a cause of action created

19  by federal law, but this court has also long recognized that such jurisdiction will lie over some

20  state-law claims that implicate significant federal issues, see e.g. Smith v. Kansas City Title and

21  Trust C., 255 U.S. 180. Such federal jurisdiction demands not only a contested issue, but a

22  substantial one.

23      Plaintiff's ADA claim is not a significant federal issue that has to be addressed by the

24

25  PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
    STATE COURT OPPOSING DEFENDANT'S OPPOSTION

    **2**

    C- 08-1337 MHP

1  district court, because discrimination under FEHA was founded or created from the ADA's laws

2  regarding disability discrimination, and the purpose of its creation was to give claimants the

3  opportunity to seek resolution for disability discrimination from the state. Therefore, this case

4  does not warrant federal jurisdiction as it did in Grable & Sons v. Darue.

5      Furthermore, pursuant to 28 U.S.C.S. 1367(c), the district court may decline to exercise

6  supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or

7  complex issue of state law, (2) the claim substantially predominates over the claim or claims

8  over which the district court has original jurisdiction, (3) the district court has dismissed all

9  claims over which it had original jurisdiction, or (4) in exceptional circumstances, there are other

10  compelling reasons for declining jurisdiction.

11      In United Mine Workers v. Gibbs, broadly authorized the federal courts to assert

12  jurisdiction over state law claims when "[t]he state and federal claims ..derive from a common

13  nucleus of operative fact", the claims are such that a plaintiff "would ordinarily be expected to

14  try them all in one judicial proceeding," *and the federal issues are "substantial* []. "Id. At 725,

15  86 S.Ct. at 1138. These *three* factors confer power on the federal courts under Article III to hear

16  the entire "constitutional" case. See id. The court added critically, however, that: [such] power

17  need not be exercised in every case in which it is found to exist. It has consistently been

18  recognized that pendant jurisdiction is a doctrine of discretion, not of plaintiff's right. Its

19  justification lies in considerations of judicial economy, convenience and fairness to litigants.

20      Id. At 726, 86 S. Ct. at 1139 (footnote omitted) Applying this Standard, the Court listed

21  several situations in which declining pendent jurisdiction would be appropriate: (1) when

22  "[n]eedless decisions of state law should be avoided", when the federal claims are dimissed

23  before trail, or during the course of a case, when it appears "that a state law claim constitutes the

24

25  PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
   STATE COURT OPPOSING DEFENDANT'S OPPOSTION

3

C- 08-1337 MHP

1   real body of a case, to which the federal claim is only an appendage; (3) when "state issues

2   substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the

3   comprehensiveness of the remedy sought" and finally (4) when there are reasons" independent of

4   jurisdictional considerations; such as the likelihood of jury confusion in treating divergent legal

5   theories of relief." Id at 726 27, 86 S. Ct. at 1139.

6   **1. Plaintiff's claim substantially predominates over the claim or claims over which**

7   **the district court has original jurisdiction, which satisfies requirement number (3) of the**

8   **Gibbs's test of several reasons the district court can decline pendant jurisdiction.**

9       Plaintiff stated in his motion to sever, on page 8, lines 17 through 19, "Plaintiff's claims

10  or causes of action are only questions of state law, and Plaintiff need not rely on federal law for

11  remedy for Defendants' disability discrimination violation", as he can seek remedy under FEHA

12  or the Unruh.

13      "The presence of underlying federal issue does not create federal questions jurisdictions

14  over a well pleaded state law claims" Hall v. North American Van Lines Inc., 476 F. 3d 683.

15      Plaintiff's complaint includes a Federal question, but it is clear and common sense that

16  the state law causes of action predominate, especially in light of the fact that Plaintiff has moved

17  to dismiss his ADA claim pursuant to Rule 41(a) (2), and the court may decline to exercise

18  supplemental jurisdiction pursuant to 28 U.S.CA. 1367(c)

19      Plaintiff's ADA claim would not have existed if the acts of retaliation, harassment and

20  constructive discharge claimed under FEHA had not taken place first, as they were a prerequisite

21  to the disability discrimination in this particular case. Therefore, Plaintiff's state causes of action

22  predominate over the ADA claim, especially in light of the fact that Plaintiff alleged the same

23  acts of disability discrimination under FEHA and the Unruh, and can seek or desires to seek

24

4

25  PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
    STATE COURT OPPOSING DEFENDANT'S OPPOSTION

    C- 08-1337 MHP

1    remedy under these state bodies of law.

2    **2. The district court has the authority and Plaintiff has the right to dismiss his ADA**

3    **claim.**

4    "Certainly, if the federal claims are dismissed before trial, even though not insubstantial

5    in a jurisdictional sense, the state claims should be dismissed as well. Simarily, if it appears that

6    the state issues substantially predominate, whether in terms of proof, of the scope of the issues

7    raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed

8    without prejudice and left for resolution to state tribunals." United Mine Workers v. Gibbs, also

9    see Note, supra note 11, at 1025-1026; Wham-O-Mfg. Co. v Paradise Mfg. Co. 327 F. 2d 748,

10   752-754 (c>A> 9th Cir 1964).

11   "Plaintiff is master of his complaint and if he can maintain his claims on both state and

12   federal grounds, he may ignore the federal question, assert only state claims, and defeat

13   removal." Duncan v. Stuetzle 76 F. 3d 1480, 1495 (9th Cir 1996).

14   "Plaintiff is master of his complaint and may avoid Federal Jurisdiction by exclusive

15   reliance on state law"

16   Plaintiff has moved to dismiss his ADA claim and relies exclusively on state law.

17   **3. Plaintiff's ADA claim is only an appendage to his state law claims; which satisfies**

18   **requirement number (2) of the Gibbs's test of several reasons the district court can decline**

19   **pendant jurisdiction.**

20   Appendage is defined as: something added as an accessory to or the substantial part of

21   another thing. See American Cannel Coal Co. Indiana Cotton Mills 78 Ind. App 115, 134 N.E.

22   891, 893.

23   Plaintiff added the ADA claim but did not need to too acquire remedy, as it is just an

24

25

1    accessory or a subordinate part of the disability discrimination to help explain the validity of it.

2    **4. Plaintiff's state law issues substantially predominate both on terms of proof of the**

3    **scope of the issues raised and the comprehensiveness of the remedy sought which also**

4    **satisfies number (3) of the Gibb's test.**

5    Plaintiff alleges that it is clear both in terms of proof of the scope of the issues raised and

6    the comprehensiveness remedy sought that his state law issues predominate. For example, (1) it

7    is clear that the issues raised are issues of state law, (2) it is clearly understood that plaintiff

8    seeks remedy solely under state law.

9    **5. Even if Plaintiff's ADA claim was not dismissed the court could still decline to**

10   **take the case from state court; as this may be a compelling reason for declining jurisdiction**

11   **satisfying Gibb's (4) reason to decline jurisdiction.**

12   People of the State of California v. H&R Block, United States District Court For the

13   Northern District of California, Case no. C06-2058 SC. [T]he presence of a disputed issue and

14   the ostensible importance of a federal forum are never necessarily dispositive; there must always

15   be an assessment of any disruptive portent in[14] exercising federal jurisdiction. " Grable, 125 S.

16   CT. at2368. In this case brought by the state of California in a California state court to enforce

17   California laws for conduct which occurred in California and which allegedly victimized

18   California citizens, the "disruptive portent" is stark. Id.; see Franchise Tax Board, 103 S. Ct at

19   2853, n 22; State of Arkansas v. Kansas & Texas Coal Co., 183 U.S. 185, 189, 22 S. Ct. 47, 46

20   L. Ed 144 (1901); Barry Friedman, under the law of Federal Jurisdiction; Allocating Cases

21   Between Federal and State Claims, 104 Colum, L. Rev 1211, 1242 (2004) ( "A sovereign's

22   interest in enforcement encompasses defining the laws or rules that govern society, seeing that

23   those laws and rules are obeyed, and punishing those who transgress them.

24

25

1     This enforcement interest is a quintessential aspect of sovereignty…The principle that a

2 state's enforcement interest may justify litigation in state court encounters virtual no dissent.

3

4                   **III. Conclusion**

5     Based on the forgoing, Plaintiff respectfully requests that Defendant's Opposition to his

6 Motion to remand his original case be overruled, and Plaintiff's original case no. 08-0733 should

7 be remanded to state court.

8

9 Date: April 1C 2008           Mark A. Foster

                                           Mark Antoine Foster, In Pro Per

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25