**Mark Antoine Foster, In Pro Per**
**200 Corpus Cristie Road #A**
**Alameda, California 94502**
**(415) 756-1611**
**(619) 646-3564**

FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**MARK ANTOINE FOSTER,**

**Plaintiff,**

vs.

**MORGAN LEWIS & BOKIUS and**
**ERIC MECKLEY, as an individual**
**and does 1 through 81**

**Defendants**

_____/

Case No.  **C-08- 01337 MHP**

**DECLARATION OF MARK**
**ANTOINE FOSTER IN SUPPORT**
**THEREOF AND EXHIBIT "A" THRU**
**'B" ATTACHED THERETO**

**Date:  April 28, 2008**
**Time:  2:00 p.m.**

I MARK ANTOINE FOSTER declare that:

1.      I am the plaintiff in this action and have personal knowledge of each fact stated in

the complaint filed against Morgan Lewis & Bokius, and Eric Meckley, an

individual, a parties to this action.

2.      Attached hereto as Exhibit "A" and incorporated herein by reference is a true and

correct copy of the correspondence between Foster and his worker's

DECLARATION OF MARK ANTOINE FOSTER

1

C- 08-1337 MHP

1    compensation Attorney Mary Lou Williams, evidencing the state of minds as to

2    the suspiciousness of the new VRA presented on or around May 1, 2007

3    3.    Attached hereto as Exhibit "B" and incorporated herein by reference is a true and

4    correct copy of Plaintiff's lawsuit against The Law Office Of Gray and Prouty

5    I declare under penalty under the laws of the state of California that the foregoing is true

6    and correct and that this declaration was executed this day on the 15th of April 2008, at

7    San Francisco, California

                                            Mark A. Foster
8                                           Mark Antoine Foster, In Pro Per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    DECLARATION OF MARK ANTOINE FOSTER                                    2

                                            C- 08-1337 MHP

EXHIBIT "A"

**Mary-Lou Williams**
**4104 - 24th Street, #438**
**San Francisco, CA  94114**
**(415) 986-4585**
**FAX: (415) 826-2132**
**lou@lou-williams.com**

May 4, 2007

Mark Antoine Foster
725 Ellis Street, #408
San Francisco, CA 94109

Re:    Mark A. Foster  v. Aramark, SRS
       WCAB Number: SFO 0496875
       Claim number: 300231324
       Date of injury: 3/28/06
       AGREED MEDICAL EVALUATION APPOINTMENT: 6/13/07; 9 a.m.

Dear Mark:

I have enclosed herewith for your signature the C+R document and addenda. Also, I left a copy of Lett's letter attached, for your information only. You can tear it off and keep it. I have put a purple X by every line that needs your signature, or other writing. We have discussed the 'voluntary resignation.' As of this writing, I have not ascertained that it will not scuttle the settlement to change the date, but I cannot imagine why it would; so just put a line through the date that is there, write in the correct date, initial it, and sign the document.

On the main document, you will see two lines for witnesses. You need to get two people, not your family members, to watch you sign, and then sign on these two lines–just so you'll know: at the Board where these agreements are signed all day long, I and every other lawyer down there has witnessed many hundreds of these–it is not a big deal to the people who sign, but the signatures are essential. Please also initial the attorney fee line on page 2.

I have included a self-addressed stamped envelope for you to return the document to me. Thanks a lot. Please call if you have any questions.

Very truly yours,

Mary-Lou Williams

Encl.

Mary-Lou Williams
Law Office of Mary-Lou Williams
4104 - 24th Street, #438

San Francisco, CA   94114
(415)986-4585
Attorney for Petitioner

### STATE OF CALIFORNIA
### DEPARTMENT OF INDUSTRIAL RELATIONS
## WORKERS' COMPENSATION APPEALS BOARD

(PRINT OR TYPE NAMES AND ADDRESSES)

Foster, Mark Antoine
Name of Injured Workers
3/28/06

Date of Claimed Injury
725 Ellis Street, #408
San Francisco, CA   94109
Address

302 56 8205
Social Security Number

Aramark
Name of Employer
555 California St.
San Francisco, CA
Address
Specialty Risk

Name of Insurance Carrier/Adjusting Agency
P.O. Box 591
Burbank, CA   91503
Address

Mary-Lou Williams
Petitioner
4104 - 24th Street, #438
San Francisco, CA   94114
Address

[x] worker   [ ] employer   [ ] carrier
[ ] other

| FOR WCAB USE ONLY |
|---|

| WCAB CASE NUMBER (IF APPLICATION HAS BEEN FILED) |
|---|
| SFO 0496875 |

### PETITION FOR

[ ] Benefits Under Labor Code section 132a
[ ] Benefits Under Labor Code section 4553
[ ] Penalty Under Labor Code section 5814
[x] Other
Penalty Under Labor Code section

5813

RECEIVED
State of California

JUN 0 1 2007

Division of
Workers' Compensation
District Office
San Francisco

### PETITIONER ALLEGES AS FOLLOWS:

The parties had reached an agreement to settle this psychological injury claim with a *Thomas* finding, and the settlement document was returned to defendant on May 9, 2007.  Defendant induced cancellation of the AME appointment set for June 13, 2007, in reliance upon the settlement going forward, setting an even longer delay in motion.  The defendant purports to hold up the settlement because the 'voluntary resignation' form served with the C+R document was altered by applicant to reflect an *earlier* date.  The settlement was entered into by applicant based upon his reasonable expectation it would be processed in a timely manner, but this defendant (Aramark, not SRS) has inexplicably, if not maliciously, held up the process.  Accordingly, applicant requests the imposition of penalty and sanctions.

### (PROOF OF SERVICE MUST BE ATTACHED)

WC-100

EXHIBIT "B"

1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, CA 94502
   (415) 756-1611
3

4

5

6

7

8                        SUPERIOR COURT OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SAN FRANCISCO

10                      CIVIL UNLIMITED JURISDICTION

11                                          **COMPLAINT FOR DAMAGES FOR
                                            CIVIL RIGHTS (related to**
12  MARK ANTOINE FOSTER,                    **Employment discrimination)**
                                            1.  **Fraud and Intentional Deceit**
13          Plaintiff,                      2.  **Intentional Misrepresentation of
                                                Fact**
14      vs.                                 3.  **Negligent Misrepresentation**
                                            4.  **Suppression of Fact**
15  LAW OFFICES OF GRAY AND PROUTY          5.  **Breach of Fiduciary Duty**
    AND C. KEMPTON LETTS, DANA              6.  **Intentional Infliction of**
16  MITCHELL, as individuals, and DOES 1 through   **Emotional Distress**
    81                                      7.  **Negligent Infliction of Emotional**
17          Defendants                          **Distress**

18  _____/

19

20                              INTRODUCTION

21      This case is brought against defendants pursuant to

22  California Codes of Civil Procedure §1709, §1710 and §1572 for

23  committing acts that constitute fraud and intentional deceit.

24  Defendant Law Firm GRAY AND PROUTY and its employee attorneys

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              1

1  C.Kempton Letts and Dana Mitchell conspired with their clients

2  Aramark Sports, L.L.C. and Specialty Risk Services to defraud

3  plaintiff of his disability discrimination claim against their

4  clients. The acts were committed to shield their clients from a

5  "would be" claim of disability discrimination claim and deprive

6  plaintiff of any monetary damages that would be awarded to

   plaintiff as a result. Defendant's acts were related to

8  plaintiff's previous employment with Aramark, as defendants

9  committed these acts after plaintiff's employment with Aramark

10 ended.

11     Although the acts were committed after plaintiff's

12 employment ended, the acts were connected to claims plaintiff

13 alleged in a previous complaint plaintiff filed against Aramark

14 in San Francisco Superior Court on March 9, 2007. These acts

15 show a continuing pattern of further deprivation of plaintiff's

16 civil rights by defendants' client Aramark.

17     The connected case number 07461178, which alleges acts that

18 were committed by Aramark while plaintiff was employed with

19 Aramark has been presently removed to federal court by Aramark

20 on January 30, 2008 which plaintiff's believes is an attempt to

21 delay trial and prosecution of the case in state court.

22     Aramark stated to the court in their case management

23 conference statement that they would file a motion for summary

24 judgment or as an alternative a motion for summary adjudication

25

1  but instead, upon discovering that plaintiff has acquired enough

2  evidence to support his claims through his own discovery plan,

3  Aramark removed the case to federal court in an attempt to

4  divert plaintiff and gather their thoughts as to how they want

5  and should settle the case.

6      Plaintiff will also file a second amended complaint adding

7  claims alleging Wrongful Termination, additional retaliation

8  that resulted in Fraud and Intentional Deceit, Suppression of

9  Fact, and to change quid pro quo sexual harassment to hostile

10  work environment sexual harassment.

11      Plaintiff will also file a supplemental complaint alleging

12  continued retaliation after plaintiff filed his complaint on

    March 9, 2007.

13
                              PARTIES

14
       1.    Plaintiff Mark Antoine Foster was an employee of

15  defendant Gray and Prouty's client Aramark Sports and

16  Entertainment, a subsidiary of Aramark Corporation. He worked

17  for the Carnelian Room located at 555 California Street, San

18  Francisco, California.

19     2.    Defendants does 1 through 57, inclusive, are sued

20  under fictitious names.  Their true names and capacities are

21  unknown to plaintiff. When their true names and capacities are

22  ascertained, plaintiff will amend this complaint by inserting

23  their true names and capacities herein. Plaintiff is informed

24  and believes and thereon alleges that each of the fictitiously

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                           3

1  named defendants is responsible in some manner for the

2  occurrences herein alleged, and such defendants caused plaintiff

3  damages as herein alleged.

4      3.    Plaintiff is informed and believes, and thereon

5  alleges, that at all times herein mentioned each and every

6  defendant was the agent, servant, employee and/or representative

7  of each other defendant and was, in doing the things complained

8  of herein, acting within the scope of said agency, service,

9  employment and or representation, and that each and every

10  defendant herein is jointly and severally responsible and liable

11  to plaintiff for the damages hereinafter alleged.

JURISDICTION AND VENUE

12

13      4.        Jurisdiction is proper in this court as the acts

                  complained of occurred in San Francisco,

14                California.

15      5.        The amount in controversy exceeds limited

16                jurisdiction.

17      6.    Plaintiff   timely   files   this   complaint,   as   he

18                discovered   the   fraudulent   acts   of   the   defendants   in

19                December 2007.

20      7.    Plaintiff will amend this complaint to allege those

21                causes of action once defendants respond to the claim.

22

23                          **FIRST CAUSE OF ACTION**
                       **FRAUD AND INTENTIONAL DECEIT**
24                **(California Civil Codes 1709, 1710 and 1572)**

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                          4

1

## FIRST COUNT
### INTENTIONAL MISREPRESENTATION OF FACT

2

3      8.      Plaintiff realleges and incorporates herein by

reference every allegation stated herein.

4

5      9.      Plaintiff is informed, believes and therefore alleges

that the defendants' acts constituted fraud and intentional

6

deceit due to the defendants attempting to help their client

7

cover-up a possible or "would-be" disability discrimination

8

claim from plaintiff, in the event plaintiff discovered that

9

defendants discriminated against due to his disability.

10      10.      On or around March 28, 2006, plaintiff requested a

11   medical leave from Aramark due to work related stress allegedly

12   caused by two of the Aramarks' supervisor/managers. On or around

13   March 28, 2006, plaintiff signed an voluntary resignation

14   agreement stating he would return no later than June 15, 2006

15   and that if he did not return by June 15, 2006, his absence

16   would be considered a voluntary quit and he will be terminated

17   on that day.

18      11.      On or around June 15, 2006, plaintiff did not return

19   to work due to (1) still being disabled and (2) due to fear of

20   further retaliation from defendants, and (3) due to fear of

21   being terminated once he did return to work for Aramark.

22      12.      Plaintiff is informed, believes and therefore alleges

23   that he was forced to resign on June 15, 2006, pursuant to the

24   voluntary resignation agreement he signed on March 28, 2006,

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                      5

1  absent Aramark offering plaintiff a further reasonable

2  accommodation to his disability before allowing him to

3  "voluntarily quit", as voluntary quit in this case is voluntary

4  termination, which results in its simple form – termination of

5  employment.

6      13.    On or around March 9, 2007, plaintiff filed a

7  complaint against defendants Aramark Sports,LLC, and Ying Kee

8  McVicker and Mathew Lee as individuals, alleging Retaliation,

9  Harassment, Constructive Discharge, Failure to Prevent

10 Harassment, and Intentional Infliction of Emotional Distress.

11 Plaintiff did not allege Disability Discrimination due to not

12 knowing his was or had been subject to disability Discrimination

13 at that point in time. Plaintiff discovered in January 2008 that

14 he had been subject to disability discrimination on June 15,

15 2006.

16     14.    Plaintiff alleges that sometime in Feb.2007, before

17 filing his complaint on March 9, 2007, he requested his employee

18 records from Aramark, specifically Aramark's HR Manager, James

19 Chan. Mr. Chan released plaintiff's employee records which

20 contained a copy of the voluntary resignation agreement dated

21 March 28, 2006 plaintiff signed agreeing to return on June 15

22 2006. On the Face of the Voluntary Resignation Agreement was a

23 notation made by James Chan stating that he communicated with

24 the Executive Chef regarding plaintiff not returning to work on

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          6

1  June 15, 2006. Plaintiff alleges that this is evidence that he
2  was terminated pursuant to the voluntary resignation agreement,
3  in addition to the fact that the mere existence of the voluntary
4  resignation agreement shows plaintiff was more than likely
5  terminated pursuant to it.

6     15.    On or around August 28, 2007, plaintiff served Aramark
7  a request for documents demanding all documents relevant to his
8  termination; instead of Aramark producing the same documents he
9  received from James Chan before he filed his lawsuit, defendants
10 presented another version of the voluntary resignation without
11 the notation of James Chan on the face of the agreement. This
12 shows defendants withheld evidence.

13    16.    On or around December 20, 2007, plaintiff realized
14 through research that he had been subject to Disability
15 Discrimination and in December 2007, filed a motion to amend his
16 complaint to add Disability Discrimination under the ADA, UNRUH
17 and FEHA. Defendants stipulated with plaintiff to allow the
18 amendment.

19    17.    On or Around Jan 15, 2008, Plaintiff discovered
20 through his Discovery served on Aramark that he was defrauded by
21 defendants, as defendants conspired with their clients to help
22 cover up or attempt to cover-up the fact that Aramark had
23 discriminated against plaintiff due to his mental disability,
24 and had also wrongfully terminated him due to Aramark not

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS      7

1   following union rules prior to terminating Plaintiff.

2       18.    On or around May 2, 2007, defendants with their client

3   Aramark,(and Plaintiff believes also believes their client's

4   Employment Law Attorneys Morgan and Lewis),requested from

5   plaintiff that he agree and sign a document stating that he

6   voluntarily resigned on May 1, 2007. The purpose for defendants'

7   request was to use the proposed agreement to void out the

8   agreement Plaintiff signed on March 28, 2006, as the March 28,

9   2006 agreement is the initial and actual reason why plaintiff

10  was terminated; as plaintiff was forced to resign on June 15,

11  2006 pursuant to the March 28, 2006 agreement, which in turn

12  caused Aramark's disability discrimination against Plaintiff, as

13  he was still disabled on June 15, 2006. Plaintiff alleges he was

14  also wrongfully terminated because Aramark did not follow

15  mandatory union procedures prior to terminating him, as

16  Plaintiff was a union member and his March 28, 2006 agreement

17  was a union connected agreement subject to union rules.

18      19.    Defendants and their client Aramark presented the new

19  agreement to plaintiff for his signature, knowing what its

20  purpose was to cover-up the March 28, 2006 agreement. Plaintiff

21  then refused to agree that he resigned on May 1, 2007, knowing

22  that he resigned on June 15, 2006, pursuant to the agreement

23  signed on March 28, 2006.

24      20.    Defendants insisted that plaintiff sign the agreement

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    8

1  prior to releasing his already agreed upon Worker's Compensation
2  settlement of $5,500. Plaintiff altered the date and signed the
3  agreement as voluntarily resigning on June 15, 2006, not May 1,
4  2007 as Defendants requested he do. Although plaintiff did not
5  sign the agreement as voluntarily resigning on May 1, 2007, he
6  did sign agreeing that he *voluntarily resigned* on June 15, 2006.
7  Even though defendants were not successful in getting plaintiff
8  to agree that he resigned on May 1, 2007, they planned to use
9  the agreement anyway to void out the original agreement signed
10 on March 28, 2006. Defendants planned to use the new agreement
11 to say that plaintiff resigned on June 15, 2006, to give the
12 impression that he voluntarily resigned on his own on June 15,
13 2006, and not pursuant to the agreement he signed on March 28,
14 2006, to shield themselves from disability discrimination.
15 Although the mere existence of any voluntary agreement Plaintiff
16 signed in May 2007, or anytime thereafter, is a fraud, because
17 there was no need for any new agreement because Plaintiff's
18 employment had ended over a year prior to May 2007, as his last
19 day at work was March 28, 2006, and his official termination was
20 on June 15, 2006, approximately eleven months prior to May 2007.
21     21.   Plaintiff is informed believes and therefore alleges
22 that the defendants made a false representation offering the
23 voluntary resignation agreement. The true facts being; Aramark
24 forced plaintiff to resign pursuant to the voluntary resignation
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    9

1  agreement he signed on March 28, 2006, as Aramark disregarded

2  Plaintiff's "known" mental disability, and defendants and

3  Aramark knew the March 28, 2006 agreement did not prempt state

4  and federal laws regarding disability discrimination and that

5  terminating Plaintiff pursuant to it without offering him a

6  further reasonable accommodation was wrong, and Defendants and

7  Aramark were attempting to suppress this material fact.

8  Defendants, requesting plaintiff to sign the agreement presented

9  on May 2, 2007 was FRAUD in its purest Form. Defendants abused

10 their position of attorneys and knew holding back Plaintiff's

11 already "mutually" agreed upon settlement to coerce plaintiff to

12 sign the agreement, was to trick plaintiff into defrauding his

13 own self. Plaintiff signed the agreement and returned it, as

14 this proves that the FRAUD reached its full Fruition or

15 Justifiable reliance, damaging plaintiff even further.

16     22.   Plaintiff alleges that it was a misrepresentation of

17 Material Fact by Defendants to request plaintiff to agree and

18 sign an agreement stating that his voluntary resignation was on

19 a date after he had already voluntarily resigned in an attempt

20 to cover up a possible disability discrimination claim against

21 their clients.

22     23.   Defendants attempt to use the document to void out his

23 original resignation agreement signed on March 28, 2006 was

24 despicable conduct done with malice. Defendants attempted to

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          10

help their clients defraud Plaintiff of his rightful claim of

disability discrimination and the tangible and intangible

benefits representing monetary and other remedy for damages that

could be awarded due to the disability claim. This act is

clearly an intentional misrepresentation of Material Fact.

24.    When the Defendants made the representations, they

knew then to be false or were based on false pretenses or

misrepresentations, as the defendants made these representations

with the intention to deceive and defraud plaintiff and to

induce plaintiff to act in reliance on these representations in

the manner alleged, or with the expectation that plaintiff would

so act. Defendants expected plaintiff to sign the agreement so

he could receive his WC Settlement of $5,500 and coerced him to

sign the agreement before agreeing to release payment of the

$5,500 to him.

25.    Plaintiff at the time these representations were made

by Defendants, believed that the Defendants representations were

true. Due to believing, plaintiff thought it was acceptable or

all right to sign the document, and that it was not depriving

him of any further rights and that there was a legal forthright

reason for defendants requesting him to sign the voluntary

agreement. Plaintiff reasonably thought when he altered the date

to reflect June 15, 2006, and signed the agreement as such, he

was just confirming he resigned on June 15, 2006 pursuant to the

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

11

1  agreement he signed on March 28, 2006. Plaintiff did not know at

2  that time what Aramark was planning to use the new agreement

3  for, which was to cover-up the March 28, 2006 agreement; because

4  he did not know at that time he had been subject to a wrongful

5  termination and disability discrimination. Aramark, had the

6  defendants use their positions as attorneys to help present the

7  document as if it was legal when actually it was not, as this

8  shows that plaintiff's reliance on defendant representation was

9  justified, as he trusted the Defendants as attorneys, at the

10  least not to help their client defraud him.

11      26.    Plaintiff alleges that he has satisfied all the

12  elements for intentional misrepresentations, which includes: (1)

13  misrepresentations (2) Material Fact (3) Knowledge of Falsity

14  (4) Intent to induce reliance (5) Justifiable reliance and (6)

15  Causation and Damages

16      27.    Defendants attempt to defraud Plaintiff violated

17  California Civil Codes §1709, §1710, and §1572

18      28.    As a proximate result of the fraudulent conduct or the

19  defendants as herein alleged, plaintiff was subjected to Fraud

20  and Intentional Deceit that subject or caused him emotional

21  distress and mental anguish.

22      29.    The aforementioned conduct of defendants was an

23  intentional misrepresentation, deceit, or concealment of a

24  material fact know to the defendants with the intention on the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          12

1   part of the defendants to deprive the plaintiff of property or

2   legal rights, causing injury, and was despicable conduct that

3   subjected plaintiff to a cruel unjust hardship in conscious

4   disregard of the plaintiff's rights, so as to justify an award

5   of exemplary and punitive damages.

6                           **SECOND COUNT**

7                    **Negligent Misrepresentation**

8       30.   When the defendants made the representation they had

9   no reasonable grounds for believing them to be true. Defendants

10  knew that (1) it was not necessary for Plaintiff to sign the

11  Agreement at all (2) it was not necessary for plaintiff to sign

12  the agreement as a condition to him receiving or defendants

13  releasing plaintiff's already agreed upon worker's compensation

14  settlement of $5,500.

15      31.   Plaintiff alleges that the defendants made the

16  representation with intent to induce plaintiff to rely upon it.

17      32.   Plaintiff alleges that he was unaware of the falsity

18  of the representation; in that he did not know that the purpose

19  or the agreement was to shield Aramark from a possible

20  discrimination disability claim from plaintiff, depriving

21  plaintiff of any possible monetary damages from the claim.

22      33.   Plaintiff alleges that he acted in reliance upon the

23  truth of the representation; as in him thinking it was necessary

24  to sign the agreement, as he believed it to be safe or true

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              13

1  because it was presented to him by Aramark's Worker's

2  Compensation attorneys Gray and Prouty. Plaintiff believed it to

3  be true because he knew the Defendants knew exactly when he

4  actually resigned and knew Plaintiff was forced to resign on

5  June 15, 2006 pursuant to the March 28, 2006 agreement.

6  Defendants knew because Plaintiff was forced to resign pursuant

7  to the March 28, 2006 agreement, it proved their client  Aramark

8  subjected Plaintiff to disability discrimination and a wrongful

9  termination.

10  34.  Defendants initiating these actions in an attempt to

11  help DEFRAUD plaintiff of his claim of disability discrimination

12  and any possible monetary damages that would be awarded in lieu

13  of the disability discrimination claim violating California

14  Codes §1572, §1709 and §1710, Therefore Plaintiff is entitled to

15  Statutory Damages, Costs and awards of Attorney Fees.

16  **THIRD COUNT**

17  **Suppression of Fact**

18  35.  Plaintiff alleges that defendants suppressed the fact

19  that if was not necessary for plaintiff to agree and sign the

20  voluntary resignation agreement to receive his worker's

21  compensation settlement of $5,500.

22  36.  In addition on or around July 2, 2007, defendant

23  employee Attorney Dana Mitchell filed an opposition to

24  plaintiff's Readiness to Proceed. In the opposition, Defendants

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              14

1  state or implied that the reason plaintiff's settlement of

2  $5,500 had not been paid was due to plaintiff filing an EEOC

3  Claim subsequent to agreeing to the settlement of $5,500 with

4  defendants. Plaintiff believes that defendants lied to the

5  Worker's Compensation Appeals Board to create a "Smoke screen"

6  or cover up as to the actual reason plaintiff's settlement was

7  held up, which was defendants wanting to force plaintiff to sign

8  the agreement to shield them from the disability discrimination

9  claim. Defendants concealed from the Worker's Compensation

10  Appeals Board that there was no EEOC Claim filed by plaintiff

11  subsequent to the agreement of the worker's compensation

12  Settlement.

13      37.  The defendants made the failure to disclose and

14  suppressed and/or concealed the information mentioned herein

15  alleged, with the intent to induce the plaintiff to act in the

16  manner herein alleged in reliance thereupon, with the intent to

17  cause plaintiff to sign the agreement.

18      38.  As a proximate result of the fraudulent conduct or the

19  defendants as herein alleged, plaintiff was subjected to Fraud

20  and Intentional Deceit that subject or caused him emotional

21  distress and mental anguish.

22      39.  The aforementioned conduct of defendants was an

23  intentional misrepresentation, deceit, or concealment of a

24  material fact know to the defendants with the intention on the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                15

1  part of the defendants of to deprive the plaintiff of property

2  or legal rights, causing injury, and was despicable conduct that

3  subjected plaintiff to a cruel unjust hardship in conscious

4  disregard of the plaintiff's rights, so as to justify an award

5  of exemplary and punitive damages.

6      40.  Defendants' attempt to defraud plaintiff violated

7  section 1572 of the California Civil Code. Plaintiff is

8  therefore entitled to Statutory Damages, Costs and award of

9  Attorney fees.

10     Wherefore Plaintiff prays for judgment against Defendants

11  as more fully set forth below, as more fully set forth below.

12                    **SECOND CAUSE OF ACTION**

13                    **BREACH OF FUDICIARY DUTY**

14     41.  Plaintiff   realleges   and   incorporates   therein   by

15  reference every allegation stated herein.

16     42.  Defendants,   as   attorneys,   breached   their   fudiciary

17  duty,   as   attorneys,   they   were   negligent   in   their   duties   and

18  behaved in a way that was despicable due to them being attorneys

19  having   a   duty   of   care   to   uphold   the   law,   knowing   they   were

20  helping break the law. Defendants knew the acts being committed

21  were   being   done   for   fraudulent   reasons   and   still   allowed

22  themselves   to   conspire   with   their   clients   to   help   defraud

23  plaintiff. Defendants   recognized   the   risks   created   by   their

24  actions   and   Aramark   actions   and   understood   what   could   happen

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

16

1 | from those risks taken.

2 |     43.   Plaintiff alleges that defendants knew all details
3 | regarding plaintiff's employment with their client Aramark,
4 | including knowing when plaintiff actually resigned and why.
5 | Defendants knew requesting and coercing plaintiff to sign the
6 | agreement presented on May 2, 2007 was to void out the original
7 | agreement plaintiff signed on March 28, 2006 to help shield
8 | their client Aramark from a possible discrimination claim from
9 | plaintiff.

10 |     44.   Plaintiff alleges that professional attorneys are held
11 | to a higher standard of care than an ordinary reasonable person
12 | would be. Attorneys must behave as a reasonable attorney would
13 | do so rather than a reasonable person. The perspective of an
14 | attorney would be different matters in the court. Defendant Gray
15 | and Prouty and their employee attorneys defendants C.Kempton
16 | Letts and Dana Mitchell, owe plaintiff a reasonable standard of
17 | care.

18 |     45.   Plaintiff alleges that the defendants' acts breached
19 | their fiduciary duty violating section 3300 of the California
20 | Civil Code.

21 |     46.  As a direct and proximate result of said breach,
22 | plaintiff has suffered the actual and special and general
23 | damages as alleged, and which are incorporated herein by this
24 | reference, and seek recovery of the same, and for an award of

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              17

1   costs and reasonable attorney fees.

2   47.  As a proximate result of the fraudulent conduct or the

3   defendants as herein alleged, Plaintiff was subjected to Fraud

4   and Intentional Deceit, causing plaintiff emotional stress.

5   48.  Plaintiff alleges that the defendants' breach was

6   committed to defraud plaintiff and was in conscious disregard of

7   plaintiff's rights and was willful, oppressive and malicious;

8   and designed to cause plaintiff to suffer economic and emotional

9   injury. Plaintiff is therefore entitled to an award of exemplary

10  and punitive damages against defendants, in an amount to be

11  determined at trial.

12  Wherefore Plaintiff prays for judgment against Defendants

13  as more fully set forth below.

14  **THIRD CAUSE OF ACTION**

15  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

16  49.  Plaintiff realleges and incorporates therein by

17  reference every allegation stated herein.

18  50.  The fraudulent actions of defendants were outrageous,

19  intentional and malicious and done with reckless disregard of

20  the fact that they would certainly cause plaintiff to suffer

21  severe emotional and physical distress. Defendants knew that

22  defrauding plaintiff in an attempt to deprive from his "would

23  be" Disability Discrimination Claim would certainly cause him to

24  suffer severe emotional and physical distress. Defendants also

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    18

1   knew Plaintiff had already suffered psychological injury due to

2   the previous acts of the Aramark while Plaintiff was employed at

3   the Carnelian Room, but still proceeded with their Fraudulent

4   acts after Plaintiff resigned or was constructively Discharged.

5       51.   As a proximate result of the acts of defendants,

6   Plaintiff has and will more than likely continue to suffer

7   emotional distress in the form of fear, anxiety, worry, and

8   mental suffering as the injury will have an effect on

9   Plaintiff's future capacity to work and earn income.

10      52.   Plaintiff will seek more psychological counseling as a

11  result of the defendants conduct.

12      53.   As a proximate result of Defendants conduct, Plaintiff

13  has suffered general Damages in an amount to be determined by

14  Proof at Trial.

15      54.   Defendants conduct was done knowingly, willfully and

16  with malicious intent and Plaintiff can prove the fraudulent

17  acts of Defendants by "clear and convincing" evidences and

18  therefore Plaintiff is entitled o Punitive Damages in an amount

19  to be determined by Proof at trial.

20      Wherefore Plaintiff prays for judgment against Defendants

21  as more fully set forth below.

22                    **FOURTH OF ACTION**

23          **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

24      55.   Plaintiff realleges and incorporates therein by

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          19

1    reference every allegation stated herein.

2    56.   Plaintiff is informed, believes and therefore alleges

3    that Defendant Gray and Prouty is negligent in causing plaintiff

4    Emotional Distress, in that Defendant Gray and Prouty has

5    breached their duty of care by allowing themselves as attorneys

6    and their client Aramark to intentionally inflict Plaintiff with

7    Emotional Distress causing Plaintiff injury resulting in

8    damages. Defendants' negligence causing of Emotional Distress is

9    not an independent Tort: it is a Tort of Negligence.

10    57. As a proximate result of the fraudulent conduct of the

11    defendants as herein alleged, plaintiff was injured emotionally

12    and mentally suffering damage

13    Wherefore Plaintiff prays for judgment against Defendants

14    as more fully set forth below.

15                      PRAYER FOR RELEIF

16    WHEREFORE, Plaintiff FOSTER prays for judgment against

17    defendants, and each of them, as more fully set forth below:

18        1. For general damages, including emotional distress,

19            according to proof;

20        2. For statutory penalties and all relief allowed by

21            statute according to proof;

22        3. For punitive damages;

23        4. For an award of attorney's fees;

24        5. For pre-judgment interest at the legal rate according to

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              20

1       proof;

2    6. For costs of suit incurred;

3    7. For such other and further relief as the court may deem

4       proper.

5  Dated:

6                         Mark Antoine Foster, In Pro Per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    **21**