UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTOINE FOSTER, | No. C 08-00733 MHP |
| | No. C 08-01366 MHP |
| Plaintiff, | No. C 08-01337 MHP |
| | No. C 08-01421 MHP |
| v. | |
| | **MEMORANDUM & ORDER** |
| ARAMARK SPORTS & ENTERTAINMENT, | |
| MORGAN, LEWIS & BOCKIUS, LLP, | **Re: Motion to Remand; Motion to Dismiss;** |
| SPECIALTY RISK SERVICES, et al., | **Motion to Disqualify** |
| Defendants. | |

On or about March 9, 2007, plaintiff commenced an action in the Superior Court for the County of San Francisco, California. Subsequently, plaintiff amended his complaint and filed three other separate actions in that same court. All were removed to this court and ordered related under this court's Civil Local Rules.

The notices of removal were premised on federal question jurisdiction. Specifically, the faces of the complaints allege, *inter alia*, mail fraud, wire fraud, conspiracy to commit mail fraud and a violation of the Americans with Disabilities Act ("ADA"). The notices of removal did not allege diversity jurisdiction.

On April 2, 2008 plaintiff moved to dismiss his mail fraud, wire fraud and conspiracy to commit mail fraud claims against all defendants in Case Nos. C 08-01421 MHP, C 08-01336 MHP, C 08-01337 MHP. The same day plaintiff also moved to dismiss his ADA claims against Aramark and all other defendants in Case No. C 08-00733 MHP.

The *pro se* plaintiff has stated that he only seeks redress under state laws. Consequently, the court will allow plaintiff to dismiss all of his federal law claims.[1] Although the court has "the power

1  to hear claims that would not be independently removable even after the basis for removal
2  jurisdiction is dropped from the proceedings," Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205
3  (9th Cir. 1991) (internal quotation omitted), it is "generally within a district court's discretion to
4  either retain jurisdiction to adjudicate the pendent state claims or to remand them to state court," id.
5  The Ninth Circuit has stated "that it is generally preferable for a district court to remand remaining
6  pendent claims to state court . . . ." Id.  Exercising its discretion at the beginning stage of this
7  litigation, the court remands all four actions captioned above back to the Superior Court since no
8  showing of gamesmanship or forum-shopping has been made.  Indeed, the *pro se* plaintiff states that
9  had he known that alleging federal law violations in his complaint would make it removable, he
10 would not have alleged the same.

11      Based on the foregoing, plaintiff's motion to remand is GRANTED with respect to all four
12 actions.

13      Due to the court's decision, plaintiff's motion to disqualify counsel is DENIED as moot.
14 Plaintiff may re-file the motion in state court.  Similarly, defendants Morgan, Lewis, & Bockius LLP
15 and Eric Meckley's motion to dismiss plaintiff's complaint under the Federal Rule of Civil
16 Procedure 12(b)(6) is also DENIED as moot.

17      Accordingly, the Clerk of Court shall file this order in all four of the above-numbered cases
18 and transmit forthwith a certified copy of this order to the Clerk of the Superior Court for the County
19 of San Francisco.

21      IT IS SO ORDERED.

23 Dated: April 30, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2

**ENDNOTES**

1.   Plaintiff's invocation of 28 U.S.C. section 1343 is of no consequence since that jurisdictional statute does not provide a basis for removability without any alleged violations of federal law.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FOSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>ARAMARK SPORTS & ENTERTAINMENT et al,<br><br>    Defendant.                              / | Case Number: CV08-00733 MHP<br>CV08-01366 MHP<br>CV08-01337 MHP<br>CV08-01421 MHP<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Meckley
Morgan, Lewis & Bockius LLP
Spear Street Tower, One Market Street
San Francisco, CA 94105

Julia Ann Molander
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Mark Antoine Foster
725 Ellis Street, #408
San Francisco, CA 94109

Dated: April 30, 2008

                                    Richard W. Wieking, Clerk
                                    By: Frank Justiliano, Deputy Clerk